EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2011 TSPR 174 |
| Reglamento del Tribunal Supremo de Puerto Rico | 183 DPR ____ |

Número del Caso: ER-2011-05


Fecha: 22 de noviembre de 2011


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In Re:

Reglamento del Tribunal Supremo          ER-2011-05
de Puerto Rico

**RESOLUCIÓN**

San Juan, Puerto Rico, a 22 de noviembre de 2011.

El Tribunal adopta el siguiente Reglamento:

**TABLA DEL CONTENIDO**
**Reglamento del Tribunal Supremo de Puerto Rico (2011)**

**REGLA 1.** Nombre                                    **1**

**REGLA 2.** Sello                                     **1**

**REGLA 3.** Definiciones                              **1**

**REGLA 4.** Funcionamiento del tribunal              **2**

**REGLA 5.** Decisiones en los méritos                **6**

**REGLA 6.** Reuniones del pleno y de salas           **11**

**REGLA 7.** Quórum                                    **12**

**REGLA 8.** El juez presidente o la jueza presidenta  **12**

**REGLA 9.** El secretario o la secretaria            **13**

**REGLA 10.** Alguacil o alguacila                     **16**

**REGLA 11.** Biblioteca                               **17**

**REGLA 12.** Admisión al ejercicio de la abogacía     **17**

**REGLA 13.** Admisión al notariado                    **23**

**REGLA 14.** Quejas y procedimientos disciplinarios contra abogados, abogadas, notarios y notarias     **24**

**REGLA 15.** Casos de incapacidad mental de abogados y abogadas     **28**

**REGLA 16.** Procedimiento en acciones de jurisdicción original     **32**

**REGLA 17.** Procedimiento en apelación               **35**

**REGLA 18.** Procedimientos específicos para el recurso de apelación     **39**

**REGLA 19.** Alegatos en apelación                    **40**

**REGLA 20.** Procedimiento para presentar el recurso de *certiorari*; requisitos, forma y efecto de la presentación del recurso     **40**

**REGLA 21.** Alegatos en recursos de *certiorari*     **47**

**REGLA 22.** Disposiciones especiales aplicables en casos al amparo del Art. 4.002 del Código Electoral de Puerto Rico para el Siglo XXI     **48**

**REGLA 23.** Procedimiento para las certificaciones intrajurisdiccionales     **52**

**REGLA 24.** Certificación expedida     **54**

**REGLA 25.** Procedimiento en la certificación interjurisdiccional     **54**

**REGLA 26.** Alegatos en certificación     **57**

**REGLA 27.** Recursos gubernativos     **57**

**REGLA 28.** Moción de orden provisional en auxilio de jurisdicción     **59**

**REGLA 29.** Fianza en apelación     **60**

**REGLA 30.** Criterios para la expedición de autos     **60**

**REGLA 31.** Mociones     **61**

**REGLA 32.** Desistimiento y desestimación     **62**

**REGLA 33.** Alegatos     **62**

**REGLA 34.** Apéndices     **64**

**REGLA 35.** Preparación del legajo o expediente     **65**

**REGLA 36.** Referencias a la trascripción de evidencia     **66**

**REGLA 37.** Corrección de autos     **66**

**REGLA 38.** Índices     **67**

**REGLA 39.** Notificaciones     **67**

**REGLA 40.** Forma de los escritos; copias     **68**

**REGLA 41.** Vistas orales     **70**

**REGLA 42.** Sustitución de partes     **71**

**REGLA 43.** Comparecencia como *amicus curiae*     **72**

**REGLA 44.** Opciones del Tribunal     **72**

**REGLA 45.** Mociones de reconsideración; mandatos     **73**

**REGLA 46.** Órdenes para mostrar causa     **74**

**REGLA 47.** Traducciones *in forma pauperis*     **75**

**REGLA 48.** Plazos para presentar escritos; prórrogas     **75**

**REGLA 49.** Sanciones     **76**

**REGLA 50.** Poder adicional de reglamentación del tribunal     **76**

**REGLA 51.** Comisionado especial      **77**

**REGLA 52.** Informes anuales      **78**

**REGLA 53.** Vigencia      **79**

XXI-A.  **Reglamento del Tribunal Supremo de Puerto Rico (2011)**

### Regla 1. Nombre

Este Reglamento se adopta conforme a la autoridad concedida a este Tribunal por la Sección 4 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico para aprobar reglas para su funcionamiento.

Se conocerá como "Reglamento del Tribunal Supremo de Puerto Rico".

### Regla 2. Sello

El sello oficial del Tribunal Supremo consistirá de un campo circular color violeta que contendrá los siguientes símbolos:

En su parte superior, un segmento del sol en color oro del cual emanan seis (6) rayos que representan el Poder Divino, la Majestad de la Ley, la Sabiduría, el Amor, la Misericordia y la Honestidad. Sobrepuesta, una mano que sostiene la balanza de la Igualdad y la Justicia en color azul, representativa de la Verdad. Entre los platillos de la balanza, un cordero blanco, yacente sobre un libro rojo, que sostiene una bandera con una cruz y su veleta.

El sello estará circundado por una franja dorada con la siguiente inscripción: "ESTADO LIBRE ASOCIADO DE PUERTO RICO, TRIBUNAL GENERAL DE JUSTICIA" y bajo el libro, en letras doradas, tendrá las palabras "TRIBUNAL SUPREMO".

### Regla 3. Definiciones

En este Reglamento, el término "Tribunal" incluirá cualquiera de sus salas, cuando ello sea compatible con el propósito de la regla.

El término "decisión" incluirá cualquier sentencia, resolución, orden, providencia o cualquier otra actuación del Tribunal de cualquiera de sus salas y de cualquiera de sus Jueces, en los casos apropiados o de cualquier otro tribunal o agencia. El número singular incluirá el plural y viceversa, excepto cuando esto fuere incompatible con el espíritu y propósito de la disposición.

**Regla 4. Funcionamiento del Tribunal**

(a) Funcionamiento en Pleno

El Tribunal en Pleno atenderá la decisión de todos los asuntos civiles y criminales, e intervendrá en los asuntos relacionados con la disciplina y rehabilitación de Jueces, Juezas, abogados notarios y abogadas notarias.

Las decisiones del Tribunal en Pleno se adoptarán por mayoría de los Jueces y las Juezas que intervengan, pero ninguna ley se declarará inconstitucional a no ser por una mayoría del número total de los Jueces y las Juezas que componen el Tribunal.

Para la expedición de un auto por el Pleno, se requerirán los votos de por lo menos la mitad de los Jueces y las Juezas que intervengan. Cuando la votación sea empate, se expedirá el auto discrecional y se confirmará el dictamen objeto del recurso.

La expedición y denegatoria de todos los asuntos discrecionales y de aquellos otros asuntos que el Tribunal determine, serán considerados directamente por el Tribunal en Pleno.

(b) Funcionamiento en salas

El Tribunal podrá organizarse en una o más salas para el despacho de cualquier asunto, excepto aquellos para los cuales la Constitución dispone un número mínimo de Jueces y Juezas. La sala o las salas de despacho no podrán tener menos de tres (3) Jueces o Juezas. Presidirá cada sala el Juez o la Jueza de mayor antigüedad en el Tribunal que forme parte de ésta. Cuando el Juez Presidente o la Jueza Presidenta forme parte de una sala, él o ella la presidirá. El Tribunal designará, mediante resolución, a los Jueces o las Juezas que integrarán las salas de despacho.

El Tribunal designará a los Jueces o las Juezas que han de integrar las salas de despacho, pero a ningún Juez o ninguna Jueza se le podrá excluir de esa función contra su deseo. En caso de que sea necesario, para evitar dicha exclusión, se rotarán los y las miembros de la sala o de las salas de despacho.

Los Jueces o las Juezas integrantes de una sala deberán intervenir en el despacho y la decisión de los asuntos sometidos ante ésta. Las resoluciones de sala se identificarán como originadas en la sala que las emite, haciéndose constar los Jueces o las Juezas que la componen. Para recomendar([1]) la expedición de un auto se

---

([1]) La palabra "recomendar" connota que las salas de despacho solamente tendrán la facultad de recomendar la expedición de un auto y no de expedirlo. Esa recomendación

requerirán los votos de por lo menos la mitad de los Jueces o las Juezas que intervengan. Cuando una sala determine que un auto debe ser expedido, lo referirá al Pleno del Tribunal. El Pleno del Tribunal determinará finalmente si expide el auto en los recursos que le hayan sido referidos.

El Juez Presidente o la Jueza Presidenta deberá formar parte de cualquier sala de despacho para resolver un empate. Cuando por alguna circunstancia el Juez Presidente o la Jueza Presidenta no pueda intervenir para resolver un empate, designará a otro Juez u otra Jueza que no forme parte de la sala en que surgió el empate, en orden sucesivo de antigüedad, para actuar en su lugar.

Cuando un miembro de la sala no pueda intervenir en la decisión de algún asunto, el Juez Presidente o la Jueza Presidenta designará a otro Juez u otra Jueza para constituir la sala. Esta designación se hará por orden invertido de antigüedad, comenzando con el Juez o la Jueza de menor antigüedad que no forme parte de la sala del Juez sustituido o la Jueza sustituida, hasta el Juez o la Jueza de mayor antigüedad que no forme parte de la sala, y así consecutivamente.([2]) Si la persona sustituida fuese quien preside dicha sala, el Juez o la Jueza de mayor antigüedad entre quienes forman parte de la sala así constituida actuará como presidente o presidenta para la consideración del asunto.

Cuando se presente una moción de reconsideración de una decisión emitida por una sala, ésta será resuelta por una sala distinta a la que haya emitido la decisión, excepto cuando la composición de la sala haya sido alterada. En ese caso, la moción podrá ser considerada por cualquier sala o por el Tribunal en Pleno. Si se presenta una moción de reconsideración subsiguiente, ésta será resuelta por una sala distinta a la que haya emitido la decisión y a la que haya resuelto la primera moción de reconsideración. Las mociones de reconsideración de una decisión emitida por el Pleno del Tribunal serán resueltas por éste.([3])

_____

será remitida al Pleno del Tribunal, quien determinará finalmente si expide el recurso. A través de este mecanismo siempre será el Tribunal en Pleno quien pase juicio sobre la expedición de los autos. De esa forma se evita la exclusión de los y las miembros de otras salas de despacho que no hayan tenido la oportunidad de estudiar el recurso que se recomiende expedir, fomentando que las decisiones sean colegiadas.

([2]) Este texto añadido busca impartir objetividad a la designación de los Jueces sustitutos y Juezas sustitutas cuando uno de los Jueces o una de las Juezas de una sala no intervenga en un asunto. El criterio de antigüedad garantiza que no se nombre a un Juez o una Jueza con mayor frecuencia que a otros u otras.

([3]) La enmienda introducida en este párrafo busca que las tres salas de despacho puedan tener la oportunidad de pasar juicio sobre los méritos de un recurso antes de que se deniegue definitivamente. Esto permite la participación de todo el Tribunal al

La lista de los asuntos atendidos por las salas de despacho y por el Pleno del Tribunal se divulgarán luego de que las partes sean notificadas.(⁴)

(c) Vistas orales

El Tribunal podrá convocar a una vista oral sobre cualquier asunto cuando lo estime necesario.(⁵) Las partes podrán solicitar vistas orales y el Tribunal, a su discreción, podrá concederlas o no. Cuando los abogados o las abogadas de las partes deseen informar oralmente el caso o el incidente de que se trate, deberán así solicitarlo dentro del término de cinco (5) días después de que ambas partes hayan presentado sus posiciones por escrito(⁶) mediante una moción por separado debidamente fundamentada o mediante una estipulación.

Las vistas para argumentación oral concedidas u ordenadas por el Tribunal serán señaladas por el Secretario o la Secretaria del Tribunal para el tercer martes del mes siguiente y los días sucesivos que fuesen necesarios, a menos que el Tribunal modifique el señalamiento.(⁷)

_____

momento de decidir si recomienda la expedición del auto. Con ello se promueve que la decisión sobre la expedición de un recurso sea colegiada.

(⁴) Esta disposición tiene por objetivo hacer público el calendario de los asuntos que fueron atendidos en la reunión del Pleno y de las salas de despacho. De esta forma, el público en general, además de las partes, tendrá acceso a esa información. En fin, se trata de una medida que busca mantener al Pueblo informado sobre los asuntos que el Tribunal considera.

(⁵) Esta oración se enmendó para transferir al Pleno del Tribunal, y no a sus salas, la facultad exclusiva de convocar la celebración de una vista oral.

(⁶) Este texto añadido brinda mayor flexibilidad al Tribunal al momento de conceder peticiones de vistas orales. Según el lenguaje anterior, éstas solamente podían concederse después que las partes presentaran sus alegatos. De acuerdo con el lenguaje propuesto, el Tribunal puede conceder las vistas orales incluso antes de expedir un recurso. Lo determinante es que ambas partes hayan sometido sus respectivos argumentos por escrito. Así por ejemplo, las partes pueden presentar su petición luego de que una parte presente un *certiorari*, el Tribunal emita una orden para mostrar causa y la parte contraria comparezca con su escrito de mostración de causa. En ese caso, el Tribunal tendrá el beneficio de la comparecencia de ambas partes, por lo que estas podrán solicitar la celebración de una vista oral dentro del término de cinco (5) días luego de la presentarse ambos escritos, a no ser que el Tribunal la convoque a iniciativa propia. Otro ejemplo sería cuando una parte presenta un *certiorari* y la otra parte comparece con un escrito de oposición al *certiorari*.

(⁷) Según el Reglamento actual, las vistas orales se celebrarán el tercer lunes de cada mes. Sin embargo, se propone que, preferiblemente, en vez de lunes se celebre martes para que los Jueces y las Juezas puedan utilizar el lunes que la antecede para prepararse. Esto aliviaría su carga durante los fines de semana. Por otro lado, reconoce la autoridad que tiene el Tribunal para ajustar o recalendarizar el señalamiento de la vista oral cuando lo estime conveniente.

(d)  Término de las sesiones

El término de las sesiones del Tribunal se extenderá desde el primer día hábil de octubre de cada año hasta el último día laborable del mes de junio siguiente, a menos que el Tribunal disponga otra cosa.

Durante el receso, por acuerdo del Pleno, el Tribunal podrá funcionar a través de una o más salas. En tal caso, el Tribunal determinará el número de salas y el de los Jueces o las Juezas que las integrarán, que no podrán ser menos de tres (3). El Juez Presidente o la Jueza Presidenta podrá ordenar que se creen salas especiales durante el receso cuando las salas de turno no puedan atender algún recurso o asunto. Las recomendaciones de las salas durante el receso se circularán por escrito al Tribunal en Pleno al comienzo del término de las sesiones.

De no establecerse salas para el receso, el Juez Presidente o la Jueza Presidenta, o en su defecto, el Tribunal, designará a uno o una de sus miembros para actuar como Juez o Jueza de turno. Este o esta ejercerá en  nombre del Tribunal todos aquellos poderes que correspondan a los Jueces o las Juezas de turno, según la ley y este Reglamento.

Durante el periodo de receso, el presidente o la presidenta de la sala, si la hubiese, tendrá las funciones que esta regla asigna al Juez Presidente o a la Jueza Presidenta, a menos que el presidente o la presidenta de la sala o el Juez Presidente Interino o la Jueza Presidenta Interina esté en funciones de su cargo.

(e) Inhibición

(1) Cualquier Juez o Jueza de este Tribunal que fuese objeto de una comunicación oral o escrita hecha fuera de los canales judiciales ordinarios, mediante la cual se trate de transmitir información o de influir en su ánimo respecto a cualquier asunto ante este Tribunal, lo informará al Pleno del Tribunal y decidirá si se inhibe o no. Lo anterior es sin perjuicio de las demás causales de inhibición que establecen la ley, los Cánones de Ética Judicial y las mejores costumbres y tradiciones judiciales, sin perjuicio también de las sanciones que pueda imponer el Tribunal a cualquier abogado o abogada que promueva o permita tales comunicaciones.

(2) En el caso de que se presente una recusación o petición de inhibición a uno de los Jueces o las Juezas del Tribunal, el Secretario o la Secretaria enviará la moción de recusación o

---

petición de inhibición al Juez o a la Jueza objeto de la misma, quien decidirá sobre el particular, sin la intervención del Pleno.

Al entender en una recusación, los Jueces o las Juezas del Tribunal podrán tomar en consideración las causales de inhibición que establecen la ley, los Cánones de Ética Judicial y las tradiciones judiciales.

Cualquier Juez o Jueza podrá inhibirse a iniciativa propia sin tener que expresar los motivos para tal inhibición.

**Regla 5. Decisiones en los méritos**

(a) Los casos para decisión en los méritos se asignarán a los Jueces o las Juezas por el Juez Presidente o la Jueza Presidenta cuando éste o ésta haya votado con la mayoría en la conferencia del Pleno del Tribunal, mediante memorando o de cualquier otro modo. Cuando el Juez Presidente o la Jueza Presidenta no haya votado con la mayoría, el caso lo asignará el Juez Asociado o la Jueza Asociada de mayor antigüedad que haya votado con la mayoría. En ambas circunstancias, la asignación se hará dentro de los cinco (5) días siguientes a la fecha cuando los casos queden sometidos.

Cuando se celebre una vista oral para un caso, luego de que ésta concluya, el Pleno del Tribunal se reunirá en conferencia el mismo día, salvo que el Tribunal disponga otra cosa, para discutir el caso en los méritos. En esa conferencia, la discusión del caso la iniciará el Juez o la Jueza que haya informado el caso en la conferencia del Pleno del Tribunal. Posteriormente cada Juez o Jueza, por orden invertido de antigüedad (desde menor antigüedad hasta mayor antigüedad), discutirá el caso. Concluida esta discusión, cada Juez o Jueza deberá indicar cuál es su proposición para resolver el caso. Al finalizar la conferencia, si el Juez o la Jueza que inició la discusión comparte el criterio de la mayoría, el caso se asignará a éste o ésta. Si el Juez o la Jueza que inició la discusión no comparte el criterio de la mayoría, el Juez Presidente o la Jueza Presidenta asignará el caso a uno de los Jueces o a una de las Juezas de la mayoría, siempre que el Juez Presidente o la Jueza Presidenta comparta el criterio mayoritario. Cuando el Juez Presidente o la Jueza Presidenta no esté de acuerdo con la proposición de la mayoría, el caso lo asignará el Juez Asociado o la

Jueza Asociada de mayor antigüedad que esté de acuerdo con la mayoría.(⁸)

Al asignar los casos, el Juez Presidente o la Jueza Presidenta, o el Juez Asociado o la Jueza Asociada correspondiente, deberán tomar en consideración los criterios siguientes: (1) la distribución justa entre los Jueces y las Juezas del Tribunal; (2) la probabilidad de que el Juez o la Jueza al que se le asigne el caso pueda expresar la visión de la mayoría, y (3) el esfuerzo que haya realizado el Juez o la Jueza al trabajar el caso u otros asuntos relacionados con éste.(⁹)

La preparación y atención de las ponencias para los casos que sean asignados en los méritos es un asunto prioritario para el Tribunal. Por eso, como regla general, el Juez o la Jueza a quien se le haya asignado un caso en los méritos deberá circular su ponencia a todos los Jueces y las Juezas del Tribunal dentro del término de trescientos sesenta y cinco (365) días desde que le fuera asignado. Sin embargo, cuando el caso se haya asignado en los méritos, luego de la celebración de una vista oral, como regla general se deberá circular la ponencia dentro del término de doscientos setenta (270) días desde que se haya asignado. En todos los casos, se preparará un memorando de asignación, en el que se indique el día cuando vence el término para circular la ponencia. Si un Juez o una Jueza tarda más del tiempo señalado, según el término que aplique, en circular la ponencia del caso que se le haya asignado en los méritos, deberá suscribir un memorando, dentro de los diez (10) días siguientes a la fecha límite, en el que exponga las razones del atraso. Este memorando se le dirigirá al Juez Presidente o a la Jueza Presidenta con copia a los Jueces Asociados y las Juezas Asociadas.(¹⁰)

---

(⁸) Esta disposición es una fusión de las normas internas del Tribunal Supremo de Idaho, Pennsylvania y del Tribunal Supremo de Estados Unidos. Véanse: Regla 12 de las Reglas Internas del Tribunal Supremo de Idaho, en http://www.isc.idaho.gov/rules/internal108.pdf (última visita, 10 de mayo de 2011); Acápite III (B) del Procedimiento de Operación Interna del Tribunal Supremo de Pennsylvania, en http://www.courts.state.pa.us/NR/rdonlyres/ACFB1911-CD65-4E51-B6A6-702FA9198CDF/0/SUPREMECOURT_IOP.pdf (última visita, 10 de mayo de 2011). Su objetivo es que los casos en los que se celebre una vista oral sean discutidos en los méritos con premura antes de que sean asignados. Estos casos se asignarán a uno de los Jueces o una de las Juezas que comparta el criterio mayoritario. Así, a través de esta disposición el Tribunal se asegura de que los casos para solución en los méritos se asignen a los Jueces o las Juezas que compartan el criterio mayoritario.

(⁹) Esta disposición proviene de las Prácticas y Procedimientos de Operación Interna del Tribunal Supremo de California. Básicamente, establece unas guías que regirán de forma más objetiva la asignación de los casos. Véase Acápite VIII(B)(4), en http://www.lectlaw.com/files/crs05.htm (última visita, 10 de mayo de 2011).

(¹⁰) Esta disposición fusiona extractos de los Procedimientos de Operación Interna del Tribunal Supremo de Pennsylvania y del Tribunal Supremo de Delaware. Ambos procedimientos exigen que luego de asignado un caso para su solución en los méritos,

Lo establecido en el párrafo anterior aplicará únicamente a los casos que sean asignados a los Jueces o a las Juezas luego de la aprobación de ese párrafo. Por excepción, los términos establecidos en el párrafo anterior no aplicarán a los recursos que sean reasignados a cualquier Juez o Jueza de nuevo nombramiento.([11])

(b) Los Jueces y las Juezas que intervengan en la decisión de un caso deberán indicar su posición dentro de veinte (20) días de circulada una ponencia como sentencia o dentro de treinta (30) días de circulada una ponencia como opinión. Cualquier Juez o Jueza que desee expresar por escrito su criterio deberá notificarlo a los demás Jueces y Juezas dentro del término indicado y deberá circular su ponencia dentro de los veinte (20) días siguientes cuando la ponencia original se haya circulado como sentencia o dentro de los treinta (30) días siguientes cuando la ponencia original se haya circulado como opinión.([12]) El Tribunal podrá ampliar este término por causa justificada. Una vez dicho Juez o dicha Jueza exprese por escrito su criterio, los demás Jueces y Juezas deberán expresar su posición al respecto dentro de los cinco (5) días de circulada la referida expresión escrita cuando la ponencia original se circule como sentencia, o dentro de diez (10) días cuando la ponencia original se haya circulado como opinión.

_____

el Juez o la Jueza ponente circule la ponencia del caso dentro de los noventa (90) días siguientes a su asignación. Véanse: Acápite II(2) del Procedimiento de Operación Interna del Tribunal de Delaware, en http://courts.delaware.gov/forms/download.aspx?id=39378 (última visita, 10 de mayo de 2011); Acápite IV(A)(1) del Procedimiento de Operación Interna del Tribunal Supremo de Pennsylvania, en http://www.courts.state.pa.us/NR/rdonlyres/ACFB1911-CD65-4E51-B6A6-702FA9198CDF/0/ SUPREMECOURT_IOP.pdf (última visita, 10 de mayo de 2011). Con esta disposición se propone acoger esa misma exigencia, pero ajustando el término a la carga de nuestro Tribunal. Lo que se busca es impartir mayor celeridad al proceso de adjudicación al imponer a los Jueces y a las Juezas la obligación de circular sus ponencias dentro del periodo de un (1) año a partir del día cuando se le asignen los casos en los méritos sin haberse celebrado una vista oral y dentro del periodo de nueve (9) meses en los casos en los cuales se haya celebrado una vista oral.

([11]) Este párrafo reconoce una excepción importante a la obligación de que los Jueces y las Juezas circulen las ponencias que les hayan sido asignadas dentro del periodo descrito en el párrafo anterior. Aquí se reconoce que sería demasiado oneroso para los Jueces y las Juezas de nuevo nombramiento cumplir con estos términos en los casos que hereden de otros Jueces u otras Juezas cuando comiencen a ejercer sus cargos en el Tribunal. Por eso, para estos, el término aplicará a los casos que se le asignen luego de celebrada la primera conferencia del Pleno del Tribunal; es decir, luego de que estos pasen juicio sobre la expedición de los casos.

([12]) Esta disposición se añadió con dos propósitos: (1) agilizar el proceso de circulación de las ponencias que se circulen en reacción a una sentencia, y (2) establecer el mismo término (20 días) que se utiliza para que los Jueces y las Juezas indiquen su posición con relación a una ponencia circulada como sentencia, para que, cuando se acojan al término, circulen por escrito su ponencia como reacción a la sentencia. Se busca proporcionar uniformidad y mayor agilidad al proceso decisorio.

Cuando un Juez o una Jueza no se manifieste o no formule su ponencia dentro de los términos a que se refiere el párrafo anterior, se podrá certificar la decisión, haciéndose constar su no intervención o su expresión, si la hizo. No se podrá certificar ponencia alguna que no haya sido previamente circulada a todos los Jueces y todas las Juezas por lo menos diez (10) días antes de ser certificada, a no ser que una mayoría así lo disponga o que por la naturaleza urgente del asunto se prescinda de dichos términos, aunque no de la circulación.

El párrafo anterior no aplicará a las ponencias circuladas durante los últimos diez (10) días del término de sesiones. En ese caso, los términos antes prescritos comenzarán a contar desde el primer día hábil del próximo periodo de sesiones. En el caso de ponencias circuladas durante el primer mes de sesiones, el término para devolver o indicar criterio alguno será de cuarenta (40) días. Por acuerdo de la mayoría del Tribunal, podrán continuar certificándose las ponencias durante el periodo de receso del Tribunal siguiendo los términos expresados previamente.

En el caso de que una ponencia se circule como sentencia y, antes de que venza el término de veinte (20) días dispuesto para que los Jueces y las Juezas indiquen su posición, el Juez o la Jueza ponente la modifica a una opinión, al término de veinte (20) días se le añadirán diez (10) días adicionales. En el caso de que ocurra lo contrario, es decir, que una ponencia se circule como opinión y, antes de que venza el término de treinta (30) días el Juez o la Jueza ponente la modifica a una sentencia, el término de treinta (30) días se reducirá en diez (10) días, si todavía no han transcurrido más de veinte (20) días de circulada la ponencia. Cuando hayan transcurrido más de veinte (20) días, el cambio de la ponencia de opinión a sentencia no alterará el término original de treinta (30) días. En todo caso, el Juez o la Jueza ponente deberá emitir un memorando en el que notifique la modificación de la ponencia, el nuevo término con el que contarán los demás Jueces y Juezas para indicar su posición y la nueva fecha de vencimiento de ese término.([13])

---

([13]) Esta enmienda reconoce la facultad de los Jueces y las Juezas para convertir la ponencia circulada de opinión a sentencia y viceversa. Además, establece que cuando ello se haga antes de que venza el término reglamentario, la modificación adoptará los términos de la ponencia correspondiente. Es decir, si se circula la ponencia como opinión y el Juez o la Jueza ponente desea convertirla en una sentencia, podrá hacerlo antes de que haya vencido el término original, siempre que lo notifique mediante un memorando en el que se haga constar el nuevo término y la nueva fecha de vencimiento del término. Si en este caso la opinión lleva más de veinte (20) días de circulada, no será necesario acortar diez (10) días porque ya se habrá excedido del término dispuesto para los casos de sentencia, permaneciendo inalterado el término de

Cuando se circule una ponencia y esta reciba la conformidad de todos los Jueces y todas las Juezas, el Juez o la Jueza ponente la certificará como la decisión del Tribunal. Cuando la ponencia circulada obtenga la conformidad de una mayoría de los demás Jueces y Juezas, por lo menos veinticuatro (24) horas antes de certificarla como decisión del Tribunal, el Juez o la Jueza ponente deberá notificar su intención de hacerlo así, informando a su vez la fecha de circulación de la ponencia, los nombres de aquellos Jueces o aquellas Juezas que se hayan inhibido, que no hayan intervenido, que hayan concurrido o que hayan disentido. Todas las ponencias sobre un caso o asunto se certificarán simultáneamente, excepto en las circunstancias indicadas en el párrafo siguiente. Al certificarse una ponencia, el Juez o la Jueza ponente lo informará por escrito a los demás Jueces y Juezas. Luego de que una ponencia sea certificada, no podrá ser enmendada o modificada en forma alguna, a no ser que una mayoría del Tribunal así lo permita. De permitirse, el Juez autor o la Jueza autora de la ponencia modificada deberá notificar a los demás Jueces y Juezas los cambios incorporados a ésta. Si ocurre algún cambio en la votación original, así se hará constar en la certificación.([14])

Los Jueces y las Juezas sólo podrán reservarse el derecho a emitir una ponencia luego de que se haya certificado una decisión del Tribunal cuando, por la naturaleza del asunto implicado, la mayoría del Tribunal haya decidido acortar los términos aquí establecidos. En estas circunstancias, el Juez o la Jueza que se haya reservado este derecho deberá circular su ponencia dentro del término de diez (10) días contados a partir de la fecha cuando se haya notificado dicha reserva. Los otros Jueces y las otras Juezas tendrán un término adicional de cinco (5) días para expresar su posición sobre la ponencia descrita anteriormente. Simultáneamente concluidos estos términos, se certificarán todas las ponencias o expresiones y, desde ese momento, no se certificará ninguna otra ponencia o expresión sobre el caso.

---

la ponencia. Por el contrario, si la ponencia se circula como sentencia y se convierte en una opinión, se le añadirán diez (10) días al término original de veinte (20) días para que los Jueces y las Juezas indiquen su criterio.

([14]) Esta disposición establece el principio de finalidad de una ponencia. Lo que se busca es evitar que un Juez o una Jueza altere unilateralmente una ponencia luego de que se haya certificado. Solamente podrá hacerlo si una mayoría de los Jueces y las Juezas prestan su anuencia. Además, de permitirse, todo cambio deberá ser notificado a los demás Jueces y Juezas para que estos y estas tengan la oportunidad de analizarlo y variar su voto si lo entienden necesario. Con esto se procura la participación de todos los y todas las miembros del Tribunal durante todas las etapas del proceso decisorio.

En todas las situaciones dispuestas en este inciso no se certificará ponencia alguna que no se haya circulado antes entre todos los integrantes y todas las integrantes del Tribunal.

El término "ponencia" incluye sentencias, opiniones, votos particulares o explicativos, así como cualquier otra expresión escrita de un Juez o de una Jueza.

**Regla 6. Reuniones del Pleno y de salas**

(a) El Tribunal en Pleno, como regla general, celebrará reuniones ordinarias todos los viernes, comenzando a las 9:30 a.m.

Empero, cuando el Tribunal se divida en salas de despacho, el Tribunal en Pleno, como regla general, celebrará reuniones ordinarias el último viernes de cada mes, comenzando a las 9:30 a.m.

Como regla general, los Jueces y las Juezas deberán notificar los asuntos que deseen que se consideren en cada reunión con no menos de tres (3) días de anticipación a la fecha de ésta, excepto aquellos asuntos que afecten el funcionamiento del Tribunal o que impliquen cambios a cualquier Reglamento aprobado por el Tribunal. En ese caso, se notificará con diez (10) días de anticipación a la fecha de la reunión.

Por acuerdo de la mayoría de los Jueces y las Juezas, se podrá considerar cualquier asunto en la reunión ordinaria del Pleno.

El Tribunal continuará reuniéndose en días sucesivos hasta considerar todos los asuntos sometidos por los Jueces y las Juezas.

(b) El Juez Presidente o la Jueza Presidenta, o una mayoría de los Jueces y las Juezas podrán convocar el Pleno a reunión extraordinaria, para la cual se circulará una agenda que especifique los asuntos que se considerarán en dicha reunión. Previo a la reunión, se proveerá a los Jueces y a las Juezas toda la información disponible sobre los asuntos por considerar.

Si durante el receso del Tribunal surge un asunto o caso que amerite que se convoque a una sesión extraordinaria del Pleno del Tribunal, el Juez Presidente o la Jueza Presidenta, una mayoría de los Jueces y las Juezas que componen el Tribunal o una mayoría de los Jueces y las Juezas que componen la sala de verano activa al momento de considerar el asunto, podrá convocarla.

El Tribunal continuará reuniéndose en días sucesivos hasta considerar todos los asuntos incluidos en la agenda de la reunión extraordinaria.

(c) El Juez o la Jueza de más reciente nombramiento llevará una minuta de los acuerdos del Pleno o de la sala correspondiente, la cual circulará dentro de los tres (3) días siguientes a la celebración de la reunión. La minuta debe reflejar todo acuerdo adoptado en la reunión. Cualquier cambio posterior que se le haga a la minuta deberá constar por escrito y se anejará a ésta.

(d) Las salas de despacho se reunirán semanalmente el día y la hora que acuerden los o las miembros de cada sala. Ese acuerdo se hará constar por escrito y se circulará a todas y todos los miembros del Tribunal, con copia al Secretario o a la Secretaria, por lo menos dos semanas antes de que comience a reunirse la sala correspondiente. En esa comunicación se especificará la composición, el día y la hora de reunión semanal de la sala.([15])


**Regla 7. Quórum**

Cinco (5)([16]) Jueces y Juezas constituirán quórum para el Tribunal en Pleno. El quórum para una sala será tres (3) Jueces o Juezas.


**Regla 8. El Juez Presidente o la Jueza Presidenta**

El Juez Presidente o la Jueza Presidenta presidirá el Tribunal, con los poderes y las obligaciones que le asignan la Constitución, la ley y este Reglamento.

Si por razón de ausencia, enfermedad o por cualquier otro motivo el Juez Presidente o la Jueza Presidenta no puede cumplir con los deberes de su cargo, o si dicho cargo está vacante, el Juez Asociado o la Jueza Asociada de mayor antigüedad hábil para actuar lo o la sustituirá y ejercerá todos sus deberes y funciones como Juez Presidente Interino o Jueza Presidenta Interina hasta que el Juez

---

([15]) Esta enmienda tiene un propósito dual: darle flexibilidad a los y a las miembros de cada sala de despacho para que decidan qué día de la semana se van a reunir, y poner en aviso a la Secretaría de los días que cada sala se va a reunir. De esa manera, la Secretaría estará en condiciones de preparar a tiempo y de forma adecuada la agenda de cada sala.

([16]) Se fija el quórum para las salas en tres (3) Jueces y Juezas, aunque la sala se componga de más de tres (3). En el caso del Tribunal en Pleno, el quórum sigue siendo la mayoría de sus miembros, que ahora son cinco (5) de nueve (9) Jueces y Juezas.

Presidente o la Jueza Presidenta reanude sus labores, o hasta que se cubra la vacante.

**Regla 9. El Secretario o la Secretaria**

(a) El Secretario o la Secretaria del Tribunal será responsable del buen manejo de su oficina, con la ayuda del personal bajo su supervisión. Su oficina estará abierta al público desde las 8:30 a.m. hasta las 5:00 p.m., pero el Tribunal se considerará siempre abierto para los fines de expedir cualquier mandamiento. El Secretario o la Secretaria está autorizado o autorizada para aumentar las horas de oficina a todos o a algunos de sus empleados o a todas o algunas de sus empleadas cuando así lo requiere el trabajo del Tribunal.

(b) El Secretario o la Secretaria no podrá tomar posesión de su cargo hasta que haya prestado la fianza exigida por ley.

(c) Será deber del Secretario o de la Secretaria recibir y archivar todos los autos, las copias y otros escritos y documentos que se le presenten con tal objeto, foliar todos los expedientes, guardarlos con la debida seguridad y desempeñar las demás funciones correspondientes a su cargo.

(d) El Secretario o la Secretaria velará por que todos los escritos que se presenten al Tribunal cumplan con las disposiciones de este Reglamento. Cuando cualquier escrito no cumpla con dichas disposiciones, el Secretario o la Secretaria anotará el hecho de su presentación, pero lo devolverá reteniendo sólo una copia con un señalamiento de las deficiencias encontradas, las cuales deberán corregirse dentro del término jurisdiccional o de estricto cumplimiento, según sea el caso. Esta disposición no releva al abogado o a la abogada de su responsabilidad de perfeccionar el recurso dentro del término jurisdiccional o de estricto cumplimiento, según sea el caso.

(e) El Secretario o la Secretaria expedirá copias certificadas de los expedientes y documentos públicos bajo su custodia, a solicitud y pago previo de los derechos que fija la ley. De la misma manera, expedirá copia certificada de las traducciones que se hayan hecho de dichos documentos en la forma que dispone la Sección 2 de la Ley Núm. 87 de 31 de mayo de 1972 (4 L.P.R.A. sec. 502), la cual enumera los deberes del Negociado de Traducciones.

(f) El Secretario o la Secretaria archivará y conservará todos los acuerdos del Tribunal y cualquier otro documento que se le confíe. Notificará a las partes  toda decisión del Tribunal, manteniendo

constancia de la fecha de su registro y de su notificación a las partes.

(g) El Secretario o la Secretaria custodiará el sello del Tribunal y se considerarán auténticos todos los documentos firmados por él o ella en original o facsímil y que tengan estampado dicho sello.

(h) En todo caso en que cualquier resolución o sentencia del Tribunal requiera la expedición de un mandamiento a cualquier persona, el Secretario o la Secretaria preparará el correspondiente mandamiento y lo expedirá bajo su firma y el sello del Tribunal, ordenándole a dicha persona que cumpla con lo dispuesto por el Tribunal. Igualmente expedirá, en los casos apropiados, un mandamiento al Alguacil o Alguacila para que éste o ésta notifique a determinada persona o determinadas personas cualquier decisión del Tribunal.

(i) El Secretario o la Secretaria llevará un registro de todos los casos y asuntos que se presenten ante este Tribunal, en el cual deberá incluir un breve resumen del estado actual de cada uno de ellos. Llevará, además, un registro independiente sobre:

(1) los asuntos de jurisdicción original;

(2) las apelaciones civiles del Tribunal de Apelaciones;

(3) los *certiorari*;

(4) los recursos gubernativos;

(5) las certificaciones;

(6) las presentaciones de quejas o querellas presentadas contra abogados y abogadas, notarios y notarias, o Jueces y Juezas;

(7) los escritos misceláneos de la naturaleza que sean, en asuntos no relacionados con casos ante el Tribunal, y

(8) cualquier otro recurso para el cual no se haya dispuesto un registro. El Secretario o la Secretaria podrá llevar libros de registro, de manera auxiliar, conforme a lo antes dispuesto.

(j) El Secretario o la Secretaria llevará un registro en orden cronológico de todas las personas autorizadas por este Tribunal a ejercer la abogacía y la notaría. Todo abogado y toda abogada deberá registrar su firma en dicho registro. Los notarios y las notarias deberán registrar, además, su signo, sello y rúbrica.

El Secretario o la Secretaria tendrá a su cargo el Registro Único de Abogados y Abogadas de Puerto Rico con el nombre y apellidos de

todos los abogados autorizados y todas las abogadas autorizadas a postular ante los tribunales y a ejercer la notaría, las fechas en que fueron admitidos y admitidas al ejercicio de su profesión, su número ante el Tribunal Supremo, los números de teléfono de su oficina y los personales, el número de fax, su dirección postal personal y de oficina, dirección física de oficina y residencia, localización de la oficina notarial (si la tiene), la dirección seleccionada por el abogado o la abogada para recibir las notificaciones y su dirección electrónica. Todo abogado, toda abogada, notarios y notarias tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único.

(k) El Secretario o la Secretaria llevará un registro de abogados y abogadas que han sido suspendidos y suspendidas o separados y separadas del ejercicio de la profesión, y otro registro similar para quienes han sido separados y separadas del notariado. Ambos registros indicarán la fecha de suspensión o separación y el término de la misma.

(l) El Secretario o la Secretaria no permitirá que se saque del Tribunal expediente o documento alguno que esté bajo su custodia, excepto cuando medie una orden del Tribunal o del Juez Presidente o de la Jueza Presidenta; durante el receso del Tribunal, cuando medie una orden del presidente o de la presidenta de sala, del Juez o de la Jueza de turno, según sea el caso, o de una mayoría de los miembros o de las miembros de la sala.

(m) El Secretario o la Secretaria remitirá a la Oficina de Administración de los Tribunales, al Panel Central de Investigaciones, al Secretario o Secretaria de Justicia, a la Biblioteca del Tribunal Supremo, a la Oficina de la Compiladora, al Colegio de Abogados de Puerto Rico, a las bibliotecas de las facultades de derecho y a cualquier entidad *bona fide* que lo solicite para su correspondiente publicación, copia digital en español de todas las opiniones y sentencias que emita el Tribunal.

(n) En todos los documentos que se presenten en la Secretaría, el Secretario o la Secretaria estampará la fecha y hora de su presentación, para lo que podrá usar un reloj-fechador.

(ñ) Cuando los abogados y las abogadas o las partes incumplan cualquier disposición de este Reglamento, el Secretario o la Secretaria informará de ello al Tribunal para la determinación que proceda.

(o) El Secretario o la Secretaria notificará a las partes la fecha cuando los casos queden finalmente sometidos para su adjudicación en los méritos por el Tribunal Supremo.

(p) El Secretario o la Secretaria llevará un registro de abogados y abogadas que ofrezcan servicios profesionales a través de una sociedad de responsabilidad limitada creada al amparo de la Ley Núm. 154 de 20 de agosto de 1996, conocida como la Ley de Sociedades de Responsabilidad Limitada, 10 L.P.R.A. sec. 1861 *et seq.* En dicho registro, el Secretario o la Secretaria inscribirá el nombre de la sociedad, la dirección y el número de teléfono de la oficina principal de la sociedad y los nombres, las direcciones y los números de teléfonos de los socios propietarios o de las socias propietarias. También el Secretario o la Secretaria certificará que la sociedad ha presentado ante el Departamento de Estado los documentos requeridos por la Ley de Sociedades de Responsabilidad Limitada.

## Regla 10. Alguacil o Alguacila

(a) El Alguacil o la Alguacila, por sí mismo o por sí misma, o por mediación de uno o una de sus auxiliares, estará a cargo de la seguridad de los Jueces y de las Juezas, de sus familiares inmediatos y de los empleados y las empleadas del Tribunal.

(b) El Alguacil o la Alguacila, o uno o una de sus auxiliares, asistirá a cada sesión del Tribunal o se asegurará de que uno o una de sus auxiliares lo haga. Además, tendrá a su cargo el cuidado y la inspección general del edificio donde se halla instalado el Tribunal y de todos los muebles y demás propiedades de éste.

(c) El Alguacil o la Alguacila hará entrega de los autos, los mandamientos, las comunicaciones y los avisos librados por el Tribunal, o bajo la autoridad de éste, e informará en la forma debida el diligenciamiento de estos documentos, o se asegurará de que uno o más de los alguaciles o las alguacilas auxiliares lo hagan bajo su dirección y responsabilidad.

(d) El Alguacil o la Alguacila, sin necesidad de una orden especial al efecto, deberá mantener la seguridad y el orden en las dependencias del Tribunal.

(e) Al ocupar los Jueces y las Juezas del Tribunal sus asientos en el Salón de Sesiones, el Alguacil o la Alguacila anunciará que el Tribunal Supremo de Puerto Rico se halla celebrando audiencia pública. El Tribunal permanecerá abierto desde ese instante hasta que los Jueces y las Juezas se retiren del salón, dando por

terminada la sesión del día, a menos que se ordene lo contrario. En ese caso el Alguacil o la Alguacila hará un anuncio en tal sentido.

(f) El Alguacil o la Alguacila se encargará de que la Oficina de la Administración de los Tribunales provea a cada Juez y Jueza los medios adecuados para mantenerse en constante comunicación con el Tribunal y con los demás Jueces y Juezas.

## Regla 11. Biblioteca

(a) El Jefe o la Jefa de la Biblioteca del Tribunal Supremo tendrá a su cargo la administración de ésta y la custodia de los recursos bibliográficos del Tribunal.

(b) La biblioteca de este Tribunal podrá ser utilizada por los abogados y las abogadas, por los funcionarios y las funcionarias de justicia del Gobierno y por aquellas personas que obtengan permiso del Jefe o la Jefa de la Biblioteca.

(c) La biblioteca estará abierta durante las horas laborables del Tribunal y se regirá por aquellos reglamentos que el Jefe o la Jefa de dicha dependencia adopte, con la aprobación del Tribunal. Los recursos bibliográficos no se sacarán fuera de las dependencias del Tribunal, excepto por los Jueces y las Juezas del mismo o cuando medie un préstamo interno, dentro de la Rama Judicial, debidamente autorizado.

(d) El horario de la biblioteca dispuesto en el inciso anterior se podrá ampliar por orden del Juez Presidente o de la Jueza Presidenta.

## Regla 12. Admisión al ejercicio de la abogacía

(a)  Requisito de examen

Todo y toda aspirante al ejercicio de la abogacía en el Estado Libre Asociado de Puerto Rico deberá aprobar un examen de reválida que será preparado y administrado por una Junta Examinadora de Aspirantes al Ejercicio de la Abogacía nombrada por este Tribunal.

(b)  Junta Examinadora; reglamento

La composición de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía; el nombramiento, los requisitos y los atributos de sus miembros, su organización y funcionamiento; los requisitos y condiciones que deberán reunir y cumplir los y las aspirantes a

tomar el examen de reválida, y la naturaleza de los exámenes, las materias que estos deben cubrir, su preparación, administración y corrección, se disponen en el Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía vigente.

(c)   Comisión de Reputación y juramento

Todo y toda aspirante al ejercicio de la abogacía que haya aprobado los exámenes de reválida deberá comparecer ante la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía.

Esta Comisión examinará, además, cualquier asunto que el Tribunal le remita relativo a la readmisión de un abogado o de una abogada a la profesión.

(d)   Juramento

Luego de cumplir con los requisitos exigidos por dicha Comisión y aprobados por este Tribunal, y que la Comisión expida un certificado acreditativo de su buena reputación, el o la solicitante prestará juramento ante el Tribunal Supremo en Pleno o ante cualquiera de sus salas o de sus Jueces y Juezas.

Una vez el o la solicitante haya prestado juramento, deberá dejar constancia en la Secretaría del Tribunal de su dirección física y postal. Asimismo, conforme a la Regla 9(j), deberá notificar al Secretario o a la Secretaria cualquier cambio posterior de dirección.

(e) Expedientes personales de los abogados y las abogadas

(1) Los expedientes personales de los abogados y las abogadas, salvo lo dispuesto más adelante, tienen carácter de documento público y estarán accesible previa solicitud por escrito a personas con interés legítimo. Los siguientes documentos que forman parte de los expedientes personales de los abogados y las abogadas se mantendrán aparte, en sobre sellado, y no estarán accesibles a examen, salvo una autorización expresa del Tribunal:

(a) La Declaración Informativa del Aspirante (Formulario 51(J)).

(b) Cualquier enmienda a la Declaración Informativa del Aspirante (Formulario 52(J)).

(c) La transcripción de créditos.

(d) La Hoja de Codificación de Información Personal del Aspirante (Formulario 193(J)).

(e) El Informe de Puntuación y cualesquiera otros documentos específicos que sean requeridos al o a la aspirante para propósitos de evaluar su reputación y evaluar su capacidad física o mental.

(2) En cuanto a los expedientes personales de los abogados y las abogadas que obren en la Secretaría del Tribunal, en los que no se hayan sellado aún en sobre aparte los documentos confidenciales mencionados en la cláusula anterior, los funcionarios y las funcionarias de la Secretaría encargados de su custodia aplicarán las siguientes normas a una solicitud para examinar el expediente personal. Antes de entregar el expediente a la persona interesada, apartarán los documentos aludidos en la cláusula anterior y los guardarán en un sobre. Acto seguido, redactarán y firmarán una nota breve haciendo constar la gestión realizada.

(3) En todo expediente personal, se anotará el nombre y la dirección de la persona que solicite examinarlo. El expediente personal que vaya a ser examinado se entregará siempre sin el sobre sellado, el cual será retenido temporalmente por la persona custodia. Una vez examinado y devuelto el expediente por el interesado, volverá a unirse a este el sobre sellado y todo el expediente se reintegrará al archivo correspondiente.

Por ninguna circunstancia, salvo una orden expresa del Tribunal, los documentos contenidos en el sobre sellado deberán mostrarse.

(f) Admisión por cortesía

Cualquier persona admitida al ejercicio de la abogacía en un estado o territorio de Estados Unidos de América o en el Distrito de Columbia podrá ser autorizada por cortesía por este Tribunal para postular como abogado o abogada en Puerto Rico en casos especiales.

La solicitud deberá ser endosada por un abogado admitido o una abogada admitida al ejercicio de su profesión por este Tribunal, quien dará fe de la capacidad de la persona solicitante para postular como abogado o abogada en el caso correspondiente. Deberá unirse a la solicitud un certificado expedido por el más alto tribunal del estado en el cual la persona solicitante esté admitida al ejercicio de la profesión, haciendo constar el hecho de su admisión y que a la fecha del certificado se mantiene debidamente acreditada. La solicitud debe estar acompañada de sellos de rentas internas por un valor de cuatrocientos dólares ($400), salvo que el Tribunal autorice una dispensa por justa causa. Tanto la persona

solicitante como el abogado o la abogada que endose su solicitud, deberán hacer constar que la primera domina el español. De lo contrario, la autorización que expida este Tribunal exigirá que la persona solicitante postule acompañada por un abogado o una abogada del foro puertorriqueño que domine tanto el español como el inglés.

(g) Ejercicio de la abogacía por estudiantes de Derecho

A toda persona que curse estudios conducentes al grado de *Juris Doctor* en una de las escuelas de Derecho acreditadas por el Consejo de Educación Superior y por este Tribunal, podrá permitírsele postular ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones y los organismos administrativos del Estado Libre Asociado de Puerto Rico si reúne los requisitos y cumple con las condiciones siguientes:

(1) Haber completado y aprobado por lo menos dos terceras partes de los requisitos establecidos por la escuela de Derecho a que perteneciere para obtener el grado de *Juris Doctor.*

(2) Estar participando en un programa de práctica por estudiantes de Derecho, auspiciado y administrado por la escuela de Derecho en que curse estudios.

(3) Poseer una autorización suscrita por el decano o la decana de la escuela de Derecho en que curse estudios, acreditativa de que reúne los requisitos mínimos establecidos por esta regla y de que es una persona bien reputada moralmente. Dicha autorización expirará una vez cese como estudiante de la escuela de Derecho que haya expedido la autorización o porque haya sido revocada por el decano o la decana de dicha escuela.

(4) Prestar juramento, el cual se consignará en la autorización, de que reúne los requisitos establecidos por esta regla y que se compromete a regirse por las condiciones en ella establecidas y por los cánones de ética que rigen la conducta de los abogados y las abogadas de Puerto Rico.

(5) Desempeñar sus funciones de práctica bajo la supervisión directa e inmediata de un abogado autorizado o una abogada autorizada a ejercer la abogacía por este Tribunal, designado o designada conforme al programa de practica aprobado por la escuela de Derecho a que pertenezca el o la estudiante. Dicho abogado o dicha abogada firmará la autorización expresando su conformidad como supervisor o supervisora y responsabilizándose de la conducta y el buen proceder del o de la estudiante.

(6) Presentar en todo caso en que haya de intervenir ante un tribunal de justicia u organismo administrativo del Estado Libre Asociado de Puerto Rico, para que forme parte de los autos, una moción escrita, notificada a todas las partes de dicho caso, en la que conste el consentimiento expreso de la parte a cuyo favor ha de intervenir. La intervención del o de la estudiante de Derecho deberá constar con la aprobación del tribunal o del organismo administrativo, bajo aquellas condiciones que estos impongan.

(7) Prestar sus servicios gratuitamente y como parte de su adiestramiento.

(h) Ejercicio de la abogacía y la notaría en sociedades de responsabilidad limitada

Los abogados, las abogadas, los notarios y las notarias que ofrezcan servicios profesionales a través de una sociedad creada al amparo de la Ley de Sociedades de Responsabilidad Limitada, 10 L.P.R.A. sec. 1861 *et seq.*, deberán presentar ante el Secretario o la Secretaria del Tribunal Supremo, para ser incluidos e incluidas en el registro que establece la Regla 9, copia de la escritura constitutiva de la sociedad de responsabilidad limitada que exprese el nombre de la sociedad; la dirección y el número de teléfono de la oficina principal; el nombre, la dirección y el número de teléfono del socio gestor; los nombres, las direcciones y los números de teléfonos de los socios propietarios y las socias propietarias de la sociedad, más la certificación correspondiente que acredite que la sociedad se ha inscrito en el Departamento de Estado.

Además, presentarán copia de las subsiguientes actas de renovación de la sociedad que la Ley de Sociedades de Responsabilidad Limitada, 10 L.P.R.A. sec. 1861 *et seq.*, requieren presentar anualmente en el Departamento de Estado y, en el caso de la disolución de la sociedad, la renuncia o el retiro de los socios y las socias, copia de la notificación a tales efectos.

También deberán presentar evidencia que acredite que la sociedad ha garantizado el pago de cualquier compensación por impericia profesional que los socios y las socias estén obligados u obligadas a realizar.

A los notarios y las notarias se les deducirá la fianza notarial prestada de la responsabilidad financiera en concepto de impericia profesional exigida al amparo de la Ley de Sociedades de Responsabilidad Limitada, 10 L.P.R.A. sec. 1861 *et seq.*

Cualquiera de las siguientes alternativas podrán ser utilizadas por la sociedad como un mecanismo para cumplir con la garantía

exigida por la Ley de Sociedades de Responsabilidad Limitada, 10 L.P.R.A. sec. 1861 *et seq.*:

(1) Una fianza expedida a favor de la sociedad por una compañía aseguradora autorizada para hacer negocios en Puerto Rico, que deberá ser certificada en cuanto a su suficiencia por el Comisionado de Seguros del Estado Libre Asociado de Puerto Rico, para responder por el pago de cualquier compensación en concepto de impericia profesional. Dicha fianza será por la cantidad mínima de cincuenta mil dólares ($50,000), multiplicada por el número de abogados y abogadas que ofrecen servicios profesionales a través de la sociedad al momento cuando se expida o renueve la fianza, pero el total de la fianza nunca será menor de cien mil dólares ($100,000) ni excederá un millón de dólares ($1,000,000).

(2) Un documento acreditativo de un seguro de responsabilidad profesional con una cubierta mínima de cien mil dólares ($100,000), excluyendo cualquier deducible que aplique, salvo que esté cubierto por una fianza, carta de crédito u otro instrumento que demuestre la existencia de fondos para cubrir el monto del deducible. El seguro será por cincuenta mil dólares ($50,000) multiplicado por el número de abogados y abogadas que ofrecen servicios profesionales a través de la sociedad al momento cuando se expida o renueve la fianza, pero el total de la cubierta del seguro nunca será menor de cien mil dólares ($100,000) ni excederá un millón de dólares ($1,000,000).

(3) Una carta de crédito irrevocable expedida a nombre de la sociedad o un documento que demuestre que se han separado o segregado fondos por no menos de cien mil dólares ($100,000) a un máximo de un millón de dólares ($1,000,000). La cantidad segregada o separada será cincuenta mil dólares ($50,000) multiplicada por el número de abogados y abogadas que ofrecen servicios profesionales a través de la sociedad al momento cuando se expida o renueve la carta de crédito o el documento que acredite la separación o segregación de los fondos, pero el total de los fondos segregados nunca será menor de cien mil dólares ($100,000) ni excederá un millón de dólares ($1,000,000).

Dichos fondos separados o segregados se mantendrán como depósito en plica en una entidad bancaria establecida bajo las leyes del Estado Libre Asociado de Puerto Rico o de cualquier estado o territorio de Estados Unidos, y autorizada para hacer negocios en Puerto Rico, o en un fideicomiso constituido bajo las leyes del Estado Libre Asociado de Puerto Rico o de cualquier estado o territorio de Estados Unidos y autorizado para hacer negocio en Puerto Rico.

**Regla 13. Admisión al notariado**

(a) Cualquier persona que haya sido admitida por este Tribunal al ejercicio de la profesión de la abogacía y que, además, haya aprobado un examen de reválida sobre derecho notarial preparado y ofrecido por la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía y la Notaría, podrá ser admitida al ejercicio del notariado. El requisito del examen sobre derecho notarial no se aplicará a persona alguna que haya sido admitida al ejercicio de la abogacía en o antes del 1 de julio de 1983. Una vez aprobado el examen, el candidato o la candidata deberá presentar al Secretario o a la Secretaria del Tribunal la correspondiente solicitud acompañada de una fianza en duplicado a favor del Estado Libre Asociado de Puerto Rico por la suma que exige la ley. Aprobada la fianza por el Tribunal y una vez se admite el peticionario o la peticionaria al ejercicio del notariado, deberá prestar el juramento de rigor ante el Secretario o la Secretaria del Tribunal. Hecho esto, el notario o la notaria registrará su firma, signo, sello y rúbrica en la Secretaría de este Tribunal y en el Departamento de Estado, y notificará a la sala correspondiente del Tribunal de Primera Instancia, así como al Director o Directora de la Oficina de Inspección de Notarías, el lugar de residencia y la localización de su oficina notarial. Todos los meses, no más tarde del décimo día calendario del mes siguiente al informado, remitirá un índice informativo de todas las escrituras y los testimonios autorizados por él o ella, conforme el Artículo 12 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. sec. 2023). Los notarios y las notarias notificarán cualquier cambio de residencia o de oficina notarial al Secretario o a la Secretaria del Tribunal Supremo y al Director o Directora de la Oficina de Inspección de Notarías.

(b) Cuando una compañía aseguradora preste la fianza, el Comisionado o Comisionada de Seguros del Estado Libre Asociado de Puerto Rico deberá certificarla en cuanto a su suficiencia. Cuando un notario o una notaria someta una fianza hipotecaria, deberá acompañarla con una certificación del Secretario o Secretaria de Hacienda de Puerto Rico acreditativa del valor en tasación de los bienes hipotecados, y con otra certificación del Registrador o de la Registradora de la Propiedad correspondiente relativa al estado de cargas de los bienes.

(c) Los notarios y las notarias darán estricto cumplimiento a las disposiciones estatutarias relativas a las certificaciones y notificaciones sobre testamentos y poderes otorgados ante ellos y ellas, las que podrán cumplimentar mediante entrega personal o por correo certificado. Cuando se trate de la protocolización de un poder o testamento otorgado fuera de Puerto Rico, el notario o la

notaria deberá hacer constar, además, la fecha y el lugar del otorgamiento del poder o testamento protocolizado, el nombre del mandatario o de la mandataria y del o de la mandante, o del testador o de la testadora, según sea el caso; el nombre del notario o de la notaria ante quien se otorgó el instrumento protocolizado, y el nombre del funcionario o de la funcionaria que legalizó la firma de dicho notario o dicha notaria. En cualquier caso en que un notario o una notaria deje de hacer la correspondiente certificación o notificación dentro del plazo dispuesto por ley, deberá hacerlo con la mayor brevedad y acompañar con la correspondiente certificación o notificación, bajo su firma y fe notarial, una exposición detallada de los hechos y las circunstancias que dieron lugar a la remisión tardía y una expresión sobre si la tardanza ha causado daño a persona alguna o ha sido causa de pleitos o controversias. Si la tardanza se hubiese debido a actos de terceras personas, deberá acompañar con su exposición de los hechos, declaraciones juradas y otros documentos que acrediten tales actos, así como cualquier otra prueba que el notario o la notaria interese someter en justificación de la tardanza. El Director o Directora de la Oficina de Inspección de Notarías se asegurará en todo caso de que el notario o la notaria remita toda la información antes requerida y cualquier otra información adicional que estime conveniente. Asimismo, podrá aceptar la explicación ofrecida, determinar si es suficientemente justificativa y apercibir al notario o a la notaria respecto al estricto cumplimiento futuro de sus obligaciones como tal. En los casos en que lo estime apropiado, podrá traer el asunto a la atención del Tribunal para la acción disciplinaria que corresponda, siguiendo el mismo procedimiento que dispone la Regla 13(n). Iguales atribuciones tendrá el Director o Directora de la Oficina de Inspección de Notarías respecto a los índices notariales.

(d) Todo notario y toda notaria enviará, en los blancos que al efecto supla el Secretario o la Secretaria, un informe estadístico anual de todos los documentos notariales que haya autorizado durante el año, no más tarde del mes de enero siguiente.

**Regla 14. Quejas y procedimientos disciplinarios contra abogados, abogadas, notarios y notarias**

(a) Esta regla establece el procedimiento disciplinario aplicable a los abogados, las abogadas, los notarios y las notarias.

(b) Cualquier queja escrita y bajo juramento que el Tribunal o cualquiera de sus Jueces o Juezas reciba respecto al comportamiento de un abogado, una abogada, un notario o una notaria, será debidamente anotada por el Secretario o la Secretaria

en el registro especial correspondiente que llevará a esos efectos. No se anotará ni practicará asiento alguno sobre una queja sin jurar o carente de suficiente especificación de los hechos en que se funde.

(c) El Secretario o la Secretaria enviará copia de la queja al abogado, la abogada, el notario o la notaria, según sea el caso, para que dentro del término de diez (10) días se exprese sobre ésta. El Secretario o la Secretaria podrá prorrogar el término aquí dispuesto por circunstancias meritorias. El abogado, la abogada, el notario o la notaria notificará a la parte promovente de la queja por correo certificado con acuse de recibo, una copia de la contestación que presente al Tribunal, haciendo constar en esta el hecho de la notificación.

(d) Cuando el abogado, la abogada, el notario o la notaria haya presentado su contestación o haya transcurrido el término concedido para contestar, el Secretario o la Secretaria remitirá la queja y la contestación, o la queja y una expresión sobre la falta de contestación, según sea el caso, al Procurador o Procuradora General o al Director o Directora de la Oficina de Inspección de Notarías, respectivamente, para que, dentro del término de treinta (30) días, se expresen sobre estas y hagan la recomendación que estimen pertinente.

(e) Una vez el Tribunal reciba la recomendación del Procurador o Procuradora General o del Director o Directora de la Oficina de Inspección de Notarías, podrá ordenar el archivo y sobreseimiento de la queja, ordenar que se amplíe la investigación de la queja o someter el asunto a uno de sus Jueces o Juezas para la determinación de causa, quien informará su criterio y recomendaciones al Pleno. El Tribunal podrá imponer las sanciones que correspondan sin necesidad de trámites ulteriores cuando surjan de la propia contestación hechos que lo justifiquen. Luego de completado el trámite anterior, el Tribunal podrá ordenar al Procurador o Procuradora General que presente la querella correspondiente.

(f) Una vez presentada la querella, el Secretario o la Secretaria la anotará en el libro de presentaciones correspondiente, e inmediatamente expedirá un mandamiento al abogado o al notario involucrado, o a la abogada o la notaria involucrada requiriéndole que la conteste dentro de los quince (15) días de su notificación. El Alguacil o la Alguacila hará la notificación de la querella y del mandamiento. Si no pudiese notificar personalmente a la parte querellada, lo informará así al Tribunal, el cual podrá ordenar que se le notifique dejando los documentos en su oficina, durante horas regulares de trabajo, en un sobre con la dirección debida. De no

poderse notificar de acuerdo con lo antes dispuesto, el Secretario o la Secretaria notificará por correo certificado con acuse de recibo a la dirección que obre en el Registro Único de Abogados y Abogadas de Puerto Rico. Tal notificación será suficiente para todos los efectos de este Reglamento, aunque la carta sea devuelta.

(g) El Procurador o Procuradora General podrá a iniciativa propia presentar querellas contra cualquier abogado, abogada, notario o notaria, como también podrá hacerlo el Colegio de Abogados de Puerto Rico. Una vez presentada, se le dará el mismo trato que si hubiese sido formulada por orden del Tribunal.

(h) Se celebrará una vista para recibir la prueba sobre la querella. El Tribunal podrá ordenar que se celebre ante sí o, en el uso de su discreción, nombrar un Comisionado o Comisionada Especial para que reciba la prueba y rinda un informe con sus determinaciones de hecho.

El Comisionado o Comisionada Especial que no sea empleado regular del Estado Libre Asociado de Puerto Rico, sus agencias o corporaciones públicas, recibirá dietas a razón de cien dólares ($100) por cada día de vista o por cada día en que desempeñe las actividades oficiales relacionadas con su designación.

(i) El Comisionado o Comisionada Especial señalará la vista o las vistas que sean necesarias para recibir la prueba, y el Secretario o la Secretaria expedirá las citaciones y otros mandamientos que se requieran a esos fines de la misma manera que si fueran ordenadas por el Tribunal. El Comisionado o la Comisionada Especial podrá disponer la celebración de conferencia con antelación a la vista.

(j) La parte querellada tendrá derecho a confrontar a los testigos en su contra durante la vista, podrá contrainterrogarlos, podrá examinar la prueba documental o material que se presente en su contra y también podrá presentar testigos y prueba documental y material a su favor. La parte querellada tendrá derecho a que se le suministre copia de cualquier declaración jurada que hubiese hecho durante cualquier etapa investigativa de la querella, aun cuando ésta no sea ofrecida en evidencia. No se aplicarán las reglas de descubrimiento de prueba a menos que el Tribunal lo disponga de otro modo por estimarlo indispensable dentro de las circunstancias del caso.

(k) El Comisionado o Comisionada Especial resolverá los planteamientos sobre admisibilidad de la prueba conforme a derecho. Terminada la presentación de la prueba, el Comisionado o Comisionada rendirá un informe con sus determinaciones de hechos, las cuales se fundaran exclusivamente en la prueba

presentada y admitida. Cualquier conflicto en cuanto a la prueba se dirimirá sobre la base de la credibilidad que esta merezca. El informe deberá presentarse al Tribunal, con copia a las partes, dentro de los treinta (30) días de terminada la presentación de la prueba. Junto con el informe, se remitirá toda la prueba documental y material que haya sido presentada. Aquella prueba que haya sido presentada pero no admitida se identificará claramente como tal y se indicará, además, la razón por la cual no fue admitida.

(l) Cada parte tendrá un término simultáneo de veinte (20) días, contados desde la notificación del informe, para ofrecer sus comentarios u objeciones, y sus recomendaciones en cuanto a la acción que deba tomar el Tribunal.

(m) Transcurrido dicho término, el Tribunal resolverá lo que en derecho proceda.

(n) Se grabará el sonido de toda vista que se celebre, ya sea ante el propio Tribunal o ante un Comisionado o Comisionada Especial. El operador o la operadora de la grabadora certificará la corrección de cualquier transcripción hecha. La grabación se transcribirá exclusivamente en los casos siguientes: (1) Cuando el Tribunal o el Comisionado o Comisionada Especial así lo ordene, por considerar la transcripción indispensable para formular sus determinaciones de hechos, o (2) cuando cualquiera de las partes objete las determinaciones de hechos del Comisionado o Comisionada Especial y el Tribunal considere indispensable la transcripción para resolver las objeciones. De no ser posible la grabación, se tomarán notas taquigráficas de la vista, las cuales solo se transcribirán en conformidad con las normas anteriores. Si por cualquier razón la transcripción de la prueba oral tarda indebidamente, el Tribunal podrá requerir al Comisionado o Comisionada Especial que proceda a formular sin ella sus determinaciones de hechos.

(ñ) Los informes adversos contra un notario o una notaria que presente el Director o Directora de la Oficina de Inspección de Notarías se regirán, en lo pertinente, por lo dispuesto en la Regla 81 del Reglamento Notarial de Puerto Rico, aprobado el 14 de julio de 1995 (4 L.P.R.A. Ap. XXIV).

(o) El Secretario o la Secretaria notificará con copia de todas las providencias que adopte el Tribunal al abogado o al notario involucrado o a la abogada o a la notaria involucrada, y a la parte promovente de la queja. Cualquier decisión del Tribunal que imponga sanciones se notificará, además, a la Oficina de Administración de los Tribunales, al Secretario o Secretaria de

Justicia y al Colegio de Abogados de Puerto Rico. Si la sanción afecta en cualquier forma la capacidad del notario o de la notaria para actuar como tal, se notificará también al Secretario o Secretaria de Estado y al Director o Directora de la Oficina de Inspección de Notarías.

(p) Si el Tribunal ordena una suspensión indefinida o temporera o una separación permanente del abogado o de la abogada del ejercicio del notariado (directa o indirectamente al ordenar su separación del ejercicio de la profesión jurídica), el Secretario o la Secretaria expedirá inmediatamente un mandamiento al Alguacil o la Alguacila para que se incaute cuanto antes de los Protocolos y Registros de Testimonios del notario(a) o la notaria, y los entregue al Director o Directora de la Oficina de Inspección de Notarías o a cualquier inspector de protocolos para que cumplan con lo dispuesto en los Artículos 64 y 66 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987 (4 L.P.R.A. secs. 2104 y 2106). Esta incautación será sin perjuicio de que una vez terminada la separación temporera, el notario o la notaria solicite, mediante una moción al Tribunal, que le sean devueltos dichos Protocolos y Registros de Testimonios.

(q) En el caso de una queja contra un abogado, una abogada, un notario o una notaria, los informes de investigación y los documentos de la Oficina del Procurador General, del Colegio de Abogados de Puerto Rico o de cualquier otro organismo o persona que se presenten en la Secretaría del Tribunal con tal fin, o ante la consideración del Juez Presidente o Jueza Presidenta o del Tribunal, no estarán sujetos a inspección por el público hasta que el asunto haya sido resuelto finalmente.

(r) Una vez presentada en la Secretaría del Tribunal la contestación a una querella formal, ambos documentos estarán sujetos a inspección pública, al igual que aquellos otros que se incorporen subsiguientemente al expediente durante la tramitación del caso.

(s) Si el abogado, la abogada, el notario o la notaria desea ser reinstalado o reinstalada luego de su suspensión del ejercicio de la abogacía, deberá presentar una moción de reinstalación al Tribunal, ya que la reinstalación no será automática a menos que el Tribunal así lo disponga expresamente.


**Regla 15. Casos de incapacidad mental de abogados y abogadas**

(a) La incapacidad mental, definida como una condición mental o emocional tal que impida al abogado o a la abogada asumir

competente y adecuadamente la representación legal de sus clientes o que le impida mantener el patrón de conducta profesional que debe observar, será causa de suspensión indefinida del abogado incapacitado o de la abogada incapacitada.

(b) Si un abogado o una abogada es declarado o declarada incapaz judicialmente o es recluido o recluida por incapacidad en una institución para enfermos mentales, probado el hecho, el Tribunal le suspenderá del ejercicio de la profesión mientras subsista su enfermedad.

(c) Cuando en el curso de cualquier procedimiento disciplinario de acuerdo con la Regla 14 surjan dudas sobre la capacidad mental del abogado querellado o de la abogada querellada, el Tribunal, a iniciativa propia o a instancias del Procurador o Procuradora General, o de la parte querellante, nombrará a un Comisionado o Comisionada Especial, si aún no hay, para que reciba prueba sobre la incapacidad mental del abogado o de la abogada de acuerdo con la definición del término en el inciso (a) de esta regla. En estos casos se nombrará un panel de tres (3) médicos o médicas siquiatras para que examinen al abogado o la abogada y ofrezcan su testimonio pericial ante el Comisionado o Comisionada Especial. El panel de siquiatras será designado así: uno o una será nombrado o nombrada por el Comisionado o Comisionada Especial; otro u otra por el Procurador o Procuradora General de Puerto Rico, y el tercero o la tercera por el abogado querellado o la abogada querellada. Las designaciones deben hacerse dentro del término de diez (10) días desde la fecha de la notificación de la resolución del Tribunal que ordene este procedimiento. Si dentro de ese término el Procurador o Procuradora General o la parte querellada no hace la designación correspondiente, el Comisionado o Comisionada Especial la hará por ellos o ellas. Una vez designado el panel de siquiatras, el Comisionado o Comisionada Especial señalará la fecha para la celebración de una vista para no más tarde de treinta (30) días a partir de la designación. Durante ese término, los o las siquiatras examinarán a la parte querellada y rendirán un informe al Comisionado o Comisionada Especial, quien notificará con copia de dicho informe al Procurador o Procuradora General y a la parte querellada. Durante la vista ante el Comisionado o Comisionada Especial, el Procurador o la Procuradora General y la parte querellada, representada por su abogado, podrán presentar sus objeciones a los informes de los o las siquiatras y habrá oportunidad de interrogar y contrainterrogarles. Durante la vista ante el Comisionado o Comisionada Especial, el Procurador o la Procuradora y la parte querellada podrán presentar otros testigos, sujetos también a

contrainterrogatorio, y podrán presentar y examinar la prueba documental. No se aplicarán las reglas de descubrimiento de prueba. El Comisionado o Comisionada Especial resolverá los planteamientos sobre la admisibilidad de prueba conforme a derecho, mas no se reconocerá como privilegiada la comunicación entre la parte querellada y los siquiatras del panel. El Comisionado o la Comisionada deberá presentar su informe al Tribunal, con copia a las partes, dentro de los treinta (30) días de celebrada la vista y la presentación final de la prueba; junto con el informe remitirá toda la prueba documental y material que hubiese sido presentada, incluyendo los informes de los o las siquiatras. La prueba presentada y no admitida deberá identificarse claramente como tal y el Comisionado o la Comisionada indicará la razón por la cual no fue admitida.

Si las partes así lo determinan, podrán renunciar a la vista y someter el asunto al Comisionado o Comisionada Especial a base de los informes de los o las siquiatras. En tal caso, se podrán presentar objeciones a dichos informes dentro de los diez (10) días siguientes a su presentación, ante el Comisionado o Comisionada Especial. Este o esta deberá rendir su informe al Tribunal dentro de los treinta (30) días siguientes a la presentación de los informes de los o las siquiatras o de las objeciones a tales informes, según sea el caso.

(d) Aunque no haya procedimiento alguno ante la consideración del Tribunal, este, a iniciativa propia, podrá ordenar el procedimiento ante el Comisionado o Comisionada Especial que dispone el inciso (c), cuando de la conducta del abogado o la abogada ante el Tribunal General de Justicia surjan dudas sobre su capacidad mental.

(e) Si durante el procedimiento indicado en el inciso (c) de esta regla el abogado querellado o la abogada querellada se niega a someterse al examen médico ante los siquiatras designados o las siquiatras designadas, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido o suspendida preventivamente del ejercicio de la profesión.

(f) Si durante los procedimientos disciplinarios contra un abogado o una abogada al amparo de la Regla 14, la parte querellada planteara la defensa de insanidad mental, el Tribunal nombrará un Comisionado o Comisionada Especial para recibir la prueba conforme al procedimiento indicado en el inciso (c). En este caso, el Procurador o Procuradora General intentará demostrar la sanidad mental de la parte querellada con miras a continuar los procedimientos de acuerdo con los cargos que dieron base a la

querella original. Si, una vez rendido el informe del Comisionado o Comisionada Especial, el Tribunal determina que la parte querellada no está mentalmente incapacitada conforme al inciso (a) de esta regla, se ordenará la continuación de los procedimientos por la querella original y la parte querellada pagará las costas del procedimiento de evaluación siquiátrica.

(g) Visto el informe del Comisionado o Comisionada Especial en los casos según los incisos (c), (d) y (f) de esta regla, el Tribunal resolverá lo que en derecho proceda. Si el Tribunal determina que la parte querellada está mentalmente incapacitada según el inciso (a) de esta regla, suspenderá indefinidamente al abogado o a la abogada del ejercicio de la profesión jurídica. Tal medida no se considerará un desaforo, sino una medida especial de protección social. Al suspender a un abogado o a una abogada por incapacidad mental, el Tribunal podrá nombrar a uno o más abogados o abogadas para que inspeccionen los archivos del abogado suspendido o de la abogada suspendida y tomen las medidas inmediatas que sean necesarias en los casos pendientes que este o esta tuviese, para proteger así los derechos de los clientes. Los abogados así nombrados o las abogadas así nombradas rendirán informes al Tribunal sobre su gestión con las recomendaciones pertinentes. El Tribunal General de Justicia concederá tiempo suficiente a los clientes afectados o las clientas afectadas para que gestionen una nueva representación legal. Si el Tribunal determina que no existe la incapacidad mental a que se refiere el inciso (a) de esta regla y se trata de un procedimiento iniciado al amparo del inciso (c), se archivará el asunto; si el procedimiento se hubiese llevado a cabo en virtud de los incisos (c) o (f) de esta regla, se ordenará la continuación de los procedimientos bajo la querella inicial.

(h) Tras haber sido suspendido o suspendida en conformidad con esta regla, un abogado o una abogada podrá presentar una moción de reinstalación ante el Tribunal. Esta deberá ser formulada luego de transcurridos treinta (30) días de haber cesado la incapacidad. Presentada dicha moción, el Tribunal nombrará un Comisionado o Comisionada Especial y se designará el panel de tres (3) siquiatras conforme a lo dispuesto en el inciso (c) de esta regla. La parte querellada se someterá a exámenes médicos ante los o las siquiatras, quienes someterán un informe al Comisionado o Comisionada Especial, quedando a discreción de este o de esta la celebración de una vista con la intervención del Procurador o Procuradora General, salvo que el Tribunal, a moción del querellado o a iniciativa propia, ordene la celebración de una vista. El Comisionado o Comisionada Especial rendirá un informe final al

Tribunal y éste resolverá. Si solicitada la reinstalación por la parte querellada se celebra una vista ante el Comisionado o Comisionada Especial, la relación entre la parte querellada y los o las siquiatras que la hubiesen examinado durante la vigencia de la suspensión no gozará del beneficio de comunicación privilegiada a los fines de los interrogatorios que puedan surgir durante la vista.

En los casos bajo el inciso (b) de esta regla, una determinación judicial de que el abogado o la abogada no está mentalmente incapacitado o incapacitada será suficiente para que el Tribunal levante la suspensión.

(i) El Tribunal fijará los honorarios por los servicios profesionales que se presten al amparo de esta regla y los satisfará con cargo a la partida "Servicios Profesionales y Consultivos" de su presupuesto.

### Regla 16. Procedimiento en acciones de jurisdicción original

(a) Esta regla aplica a los casos de hábeas corpus, *mandamus*, *quo warranto*, auto inhibitorio y aquellos otros en los que se confiere jurisdicción original a este Tribunal. No aplica a los recursos en auxilio de jurisdicción, los cuales se regirán por la Regla 28.

(b) Las acciones de jurisdicción original se regirán por las disposiciones pertinentes del Código de Enjuiciamiento Civil, del Código de Enjuiciamiento Criminal y de este Reglamento. Las Reglas de Procedimiento Civil y las Reglas de Evidencia aplicarán únicamente en cuanto no conflijan con este Reglamento, se adapten a la eficiente tramitación de la causa y cumplan con los fines de la justicia.

(c) Cualquier petición para que el Tribunal expida uno de los autos señalados contendrá las siguientes partes numeradas, en el mismo orden que aquí se dispone: (1) las citas de las disposiciones legales que justifican invocar la jurisdicción original del Tribunal; (2) un breve resumen de los hechos relevantes a la petición; (3) un señalamiento breve y conciso de las cuestiones de derecho planteadas en la petición, y (4) la argumentación de las cuestiones planteadas. La cubierta de la petición tendrá solamente el epígrafe (el cual identificará a la parte peticionaria como tal y a las partes contrarias como demandadas), y el nombre, la dirección y el número de teléfono del abogado o de la abogada de la parte peticionaria. Inmediatamente después habrá un índice de la petición, que se ajustará a lo dispuesto en la Regla 38. Cualquier documento que se deba traer a la atención del Tribunal en esta etapa del procedimiento se unirá al final de la petición en un

apéndice. La petición no excederá de veinticinco (25)([17]) páginas, el apéndice exclusive.

(d) No se permitirá la presentación de un memorando de autoridades por separado, por lo que se debe incluir la argumentación y los fundamentos de derecho en el mismo cuerpo de la petición.

(e) Las peticiones se presentarán en la Secretaría del Tribunal y el Secretario o la Secretaria las turnará a las salas de despacho, al Pleno o a uno de sus Jueces o a una de sus Juezas, según las normas que de tiempo en tiempo le transmita el Tribunal. Se considerará impropio presentar una petición directamente a un Juez o a una Jueza del Tribunal, excepto en casos de extrema urgencia cuando ni el Tribunal ni el Secretario o la Secretaria estuviesen disponibles. En tales casos, el Juez o la Jueza podrá ejercitar individualmente los poderes que le confieren la Constitución y la ley, pero cuando corresponda, deberá referir el caso al Tribunal por conducto del Secretario o de la Secretaria en la primera oportunidad. En caso de que uno de los Jueces o una de las Juezas del Tribunal Supremo emita una resolución sobre un recurso de hábeas corpus o de *mandamus*, dicha resolución estará sujeta a la revisión del Tribunal Supremo. La parte interesada en que se revise la resolución deberá solicitarlo así dentro de los diez (10) días del archivo en autos de copia de la notificación de la sentencia o resolución.

(f) En los casos en que el Tribunal de Primera Instancia o el Tribunal de Apelaciones tenga jurisdicción concurrente sobre la materia y pueda atender la petición adecuadamente, el Tribunal Supremo podrá ordenar su traslado a la Sala del Tribunal de Primera Instancia o al Panel Regional del Tribunal de Apelaciones que corresponda. Tal orden no se considerará en forma alguna una adjudicación en los méritos, sino la determinación del Tribunal de que el caso no justifica el ejercicio de su jurisdicción original. En casos apropiados, el Tribunal en Pleno, una de sus salas, uno de sus Jueces o una de sus Juezas, según sea el caso, podrá denegarla siempre que de la faz de la petición aparezca su

---

([17]) Como sabemos, en gran cantidad de recursos, las partes se exceden del límite de páginas establecida en el Reglamento del Tribunal Supremo. Aunque en muchos casos la demasía en los escritos es injustificada, muchas veces llegan casos complejos que ameritan una discusión extensa sobre las controversias planteadas. A su vez, ello ha tenido el efecto de que constantemente las partes tengan que someter mociones, conforme a la Regla 40(f) del Reglamento, para excusarse por tales excesos. Precisamente, con estas enmiendas se busca dar más espacio a las partes para argüir sus casos y, a la vez, menguar las mociones de excusa por exceso de páginas.

improcedencia. Tal acción constituirá una adjudicación en los méritos.

(g) En estos recursos extraordinarios, la parte peticionaria emplazará a todas las partes afectadas en conformidad con las disposiciones pertinentes de las Reglas de Procedimiento Civil. A iniciativa propia o a solicitud de parte, el Tribunal podrá disponer alguna otra forma de emplazamiento. Se dispone, sin embargo, que cuando se trate de un recurso de *mandamus* dirigido contra un Juez o una Jueza para que cumpla con un deber ministerial con relación a un caso que esté pendiente ante su consideración, el peticionario no tendrá que emplazar al Juez o a la Jueza de acuerdo con las disposiciones pertinentes de las Reglas de Procedimiento Civil. En estos casos bastará con que el peticionario notifique al Juez o a la Jueza con copia del escrito de *mandamus* en conformidad con lo dispuesto en la Regla 39. También deberá notificar a las otras partes en el pleito que originó la petición de *mandamus* y al Tribunal donde éste se encuentre pendiente.

(h) A menos que en el propio auto se disponga otra cosa, la parte peticionaria tendrá un plazo de diez (10) días, contados desde el aviso de la expedición de auto, para presentar su alegato y las demás partes tendrán diez (10) días para el suyo, contados desde la notificación del alegato de la parte peticionaria. Los alegatos se ajustarán a las disposiciones de la Regla 33. El Tribunal en Pleno, una de sus salas, uno de sus Jueces o una de sus Juezas, según sea el caso, podrá ordenar que las partes contrarias contesten las alegaciones de la petición dentro de determinado plazo. En tal caso, el plazo para presentar el alegato de la parte peticionaria comenzará a contar desde el recibo de la contestación.

(i) Al expedir el auto preliminar, o en cualquier momento posterior, el Tribunal en Pleno, una de sus salas, uno de sus Jueces o una de sus Juezas, según sea el caso, podrá ordenar, a iniciativa propia o a solicitud de parte, la celebración de una vista para recibir prueba ante sí o ante un Comisionado Especial nombrado o una Comisionada Especial nombrada a tales efectos. Si se nombra un Comisionado o Comisionada Especial, los procedimientos ante éste se llevaran en la misma forma que dispone la Regla 14, en sus incisos (i) al (n), pero el Tribunal podrá ordenar al Comisionado o Comisionada Especial que rinda su informe en un plazo más corto que el allí dispuesto. En ningún caso se excluirá el descubrimiento de prueba. Las normas pertinentes de las Reglas de Procedimiento Civil y de Evidencia se aplicarán a estos casos, como si se tratase de un procedimiento ante el Tribunal de Primera Instancia, en tanto no conflijan con este Reglamento, propendan a la eficiente tramitación de la causa y cumplan con los fines de la justicia.

**Regla 17. Procedimiento en apelación**

(A)  Presentación de la apelación

La apelación de una sentencia en un caso proveniente del Tribunal de Apelaciones se formalizará presentando un escrito de apelación en la Secretaría del Tribunal Supremo dentro del término jurisdiccional de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia de la cual se apela.

En aquellos casos civiles en que sean parte el Estado Libre Asociado de Puerto Rico, sus municipios, sus funcionarios, sus funcionarias o una de sus instrumentalidades, excluyendo a las corporaciones públicas, la apelación se presentará dentro del término jurisdiccional de sesenta (60) días a partir del archivo en autos de copia de la notificación de la sentencia de la cual se apela.

Cuando se presente una moción de reconsideración ante el Tribunal de Apelaciones, los términos antes indicados comenzarán a contar a partir del archivo en autos de copia de la notificación de la resolución que resuelve definitivamente la moción de reconsideración.

Si la fecha de archivo en autos es distinta a la del depósito de la notificación en el correo, el término se calculará a partir de la fecha del depósito en el correo.

(B)  Notificación

La parte apelante será responsable de notificar el escrito de apelación a todas las demás partes en la forma prescrita en la Regla 39 de este Reglamento.

Asimismo, deberá notificar al Tribunal de Apelaciones con copia del recurso presentado, sin el apéndice, debidamente sellada y con la fecha y hora de presentación, dentro del término de setenta y dos (72) horas.  El término dispuesto aquí será de estricto cumplimiento.

(C)  Efectos de la presentación del escrito de apelación

La presentación del escrito de apelación ante el Tribunal suspenderá los procedimientos en los tribunales inferiores, salvo una orden en contrario expedida por este Tribunal a iniciativa propia o a solicitud de parte.  Los tribunales inferiores podrán continuar la consideración de cualquier otro asunto no comprendido en la apelación.

No se suspenderán los efectos de una sentencia apelada, salvo una orden en contrario expedida por el Tribunal, a iniciativa propia o a solicitud de parte, que incluya cualquiera de los remedios siguientes:

(1) una orden de *injunction*, de *mandamus*, o de hacer o desistir;

(2) una orden de pago de alimentos;

(3) una orden sobre custodia o relaciones filiales, o

(4) cuando la sentencia disponga la venta de bienes susceptibles de pérdida o deterioro.

(D) Contenido del escrito de apelación

El escrito de apelación contendrá:

(1) Cubierta

La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento el nombre del Tribunal (*En el Tribunal Supremo de Puerto Rico*) y la información siguiente:

(a) Epígrafe

El epígrafe del escrito de apelación contendrá el nombre de todas las partes en el orden que aparecían en el Tribunal de Apelaciones y se les identificará como parte *apelante* y parte *apelada*.

(b) Información sobre abogados o abogadas y partes

Se incluirá el nombre, la dirección, el número de teléfono, el número de *fax* y la dirección del correo electrónico, si la tuviera, y el número del abogado o de la abogada de la parte apelante y del abogado o de la abogada de la parte apelada; o el nombre, la dirección y el número de teléfono de las partes si estas no están representadas por abogado o abogada, con la indicación de que comparecen por derecho propio.

(c) Información del caso

En la parte superior derecha de la cubierta se dejará espacio para el número que la Secretaría del Tribunal Supremo asignará al recurso. Debajo de éste se incluirá la información sobre el número del caso ante el Tribunal de Apelaciones y el Panel que lo resolvió.

(2) Índice

Inmediatamente después de la información del caso habrá un índice detallado del escrito y de las autoridades citadas conforme a lo dispuesto en la Regla 38 de este Reglamento.

(3) Cuerpo

Todo escrito de apelación contendrá numeradas las siguientes partes en el orden aquí dispuesto:

(a) En la comparecencia, el nombre de la parte apelante;

(b) las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal;

(c) una breve discusión fundamentada sobre las bases jurisdiccionales,

(d) una referencia a la sentencia cuya revisión se solicita, incluyendo el nombre y número del caso, el Tribunal y Panel de Jueces o Juezas que la dictó, la fecha cuando se emitió, la fecha cuando se archivó en autos copia de su notificación y la fecha cuando se notificó, una referencia a cualquier moción, resolución u orden mediante las cuales se interrumpió y reanudó el término para apelar, y una especificación en cuanto a cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de la presentación;

(e) una referencia a la sentencia del Tribunal de Primera Instancia que fue revisada por el Tribunal de Apelaciones, incluyendo el nombre y número del caso y el Tribunal que la dictó, la fecha cuando se emitió y la fecha cuando se archivó en autos copia de su notificación;

(f) una relación fiel y concisa de los hechos procesales y materiales;

(g) un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Apelaciones;

(h) una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable;

(i) la súplica, y

(j) una certificación sobre la forma como se ha notificado el recurso a las demás partes y al tribunal apelado.

(4) Número de páginas y copias

El escrito no podrá tener más de veinticinco (25) páginas, excluyendo el índice y el apéndice. Se presentará un (1) original y

diez (10) copias. La forma del escrito y su apéndice se regirá por lo dispuesto en esta regla y en la Regla 40 de este Reglamento. ([18])

(5) Apéndice

Se acompañará al escrito de apelación un apéndice que cumplirá con lo dispuesto en la Regla 34 de este Reglamento y contendrá una copia exacta y completa de los documentos siguientes:

(a) El recurso presentado ante el Tribunal de Apelaciones, la oposición y los alegatos de todas las partes, con sus respectivos apéndices.

(b) La sentencia de la cual se apela con el volante o formulario de la notificación de su archivo en autos. En caso de que la fecha del depósito en el correo de la notificación sea distinta a la de su archivo en autos, se acompañará además copia del sobre.

(c) En caso de haberse presentado una moción de reconsideración, copia de la resolución que la resuelve y del volante o formulario de la notificación de su archivo en autos.

(d) Cualquier documento que sea necesario para establecer la jurisdicción del Tribunal, con la fecha y hora de su presentación en forma clara y legible.

(e) Si los errores señalados en el recurso se relacionan con la apreciación de la prueba, copia de la Exposición Narrativa de la Prueba presentada ante el Tribunal de Apelaciones o de la Transcripción de Evidencia, si la hubiese.

(f) Cualquier sentencia, resolución, decisión, orden o providencia interlocutoria que haya sido emitida por algún tribunal federal o estatal de Estados Unidos de América y que esté relacionada directamente con las partes y los hechos en la apelación. ([19])

---

([18]) Actualmente, la Regla 17 del Reglamento del Tribunal Supremo, que regula las apelaciones, y otras reglas de este Reglamento disponen que se presentarán un escrito original y nueve (9) copias. Por su parte, la Regla 40 del Reglamento, la cual regula la forma de los escritos, establece que la presentación de todo documento ante el Tribunal se hará en original y ocho (8) copias. Existe, pues, una discrepancia entre ambas reglas. Por eso se propone uniformar ambas disposiciones para que dispongan de la misma manera. A tales efectos, y debido al aumento en el número de Jueces y Juezas del Tribunal Supremo, se sugiere modificar ambas reglas para exigir la presentación de un original y diez (10) copias: una copia para cada Juez y Jueza, una para el Panel Central de Investigaciones y el original para la Secretaría.

([19]) Este requerimiento faculta al Tribunal a desestimar una apelación cuando no se incluya copia de una sentencia, resolución, decisión, orden o providencia interlocutoria emitida por un foro federal o estatal de Estados Unidos que esté relacionada directamente con el recurso de apelación. Así, por ejemplo, si se plantea una controversia de cosa juzgada por un dictamen emitido en la jurisdicción federal o estatal de la Unión, se tiene que proveer copia de dicho dictamen para poder expedir el

(g) Cualquier documento que forme parte del expediente del Tribunal de Apelaciones y que tenga pertinencia directa a la controversia planteada ante el Tribunal Supremo.

(h) De acoger el recurso, el Tribunal podrá solicitar a la parte apelante que presente cualquier otro documento que sea necesario para atender los méritos del caso.

(E) Cuando se solicite la revisión de una sentencia del Tribunal de Apelaciones emitida en casos previamente consolidados por ese foro, se podrá autorizar la presentación de un apéndice conjunto que contendrá una copia de los documentos incluidos en las cláusulas anteriores. Esta excepción no releva de la presentación de diez (10) copias, según lo dispone la Regla 40.

(F) No se permitirá la presentación de un memorando de autoridades por separado. Deberá incluirse la argumentación y los fundamentos de derecho en el mismo cuerpo del escrito de apelación.

## Regla 18. Procedimientos específicos para el recurso de apelación

(a) Determinación de inconstitucionalidad

(1) Además de lo requerido en la Regla 17, cuando el apelante alegue que en un caso la sentencia final apelada del Tribunal de Apelaciones incluye la determinación de inconstitucionalidad, en todo o en parte, de una ley, una resolución conjunta, una resolución concurrente, una regla o un reglamento de una agencia o instrumentalidad pública, u ordenanza municipal conforme al Art. 3.002 de la Ley de la Judicatura de 2003 (4 L.P.R.A. sec. 24(s)), deberá incluir la referencia correspondiente de dicha ley, resolución conjunta, resolución concurrente, regla, reglamento u ordenanza municipal, y demostrar que la sentencia apelada efectivamente declara inconstitucional, en todo o en parte, la disposición de que se trate.

(2) Si el Tribunal Supremo encuentra que la sentencia apelada no incluye una determinación de inconstitucionalidad de ninguna ley, resolución conjunta, resolución concurrente, regla o reglamento de una agencia o instrumentalidad pública, u ordenanza municipal conforme al Art. 3.002 de la Ley de la Judicatura de 2003, 4

---

recurso. En general, amplía la prerrogativa del Tribunal para desestimar un recurso de apelación que no contenga los documentos esenciales para ser considerado.

L.P.R.A. sec. 24(s), y la parte apelante interesa que el recurso de apelación se acoja como un *certiorari*, este deberá cumplir con los requisitos establecidos para una petición de *certiorari*, de forma tal que permita al Tribunal ejercer su discreción en cuanto a la expedición o denegación del recurso.

(b) Conflicto entre decisiones previas del Tribunal de Apelaciones

(1) Además de lo requerido en la Regla 17, cuando el apelante plantee en su escrito de apelación la existencia de un conflicto sustancial entre decisiones previas en casos apelados al Tribunal de Apelaciones, deberá incorporar a su escrito un resumen de los hechos y de los fundamentos de las decisiones que alega están en conflicto. Además, deberá establecer en forma clara y concisa la semejanza entre el caso apelado y el caso, o los casos, que alega están en conflicto, y especificar en qué consiste el conflicto. También deberá incluir en el apéndice de su escrito copia de las decisiones previas del Tribunal de Apelaciones que alega están en conflicto.

(2) Si el Tribunal Supremo encuentra que no existe conflicto sustancial con otras sentencias del Tribunal de Apelaciones emitidas en casos apelados ante ese tribunal o que estas sentencias no se asemejan al caso presentado, el Tribunal Supremo podrá acoger el recurso de apelación como un *certiorari*. En ese caso, el recurso deberá cumplir con los requisitos establecidos para una petición de *certiorari*, de manera que le permita a este Tribunal ejercer su discreción en cuanto a la expedición o denegación del recurso.

**Regla 19. Alegatos en apelación**

(a) Dentro de los treinta (30) días del recibo de la notificación a que hace referencia la Regla 35(c), la parte apelante presentará al Tribunal su alegato, el cual deberá cumplir con las disposiciones de la Regla 33.

(b) Dentro de los treinta (30) días del recibo de la copia del alegato de la parte apelante, la parte apelada presentará al Tribunal su alegato, el cual también cumplirá con las disposiciones de la Regla 33.

**Regla 20. Procedimiento para presentar el recurso de *certiorari*; requisitos, forma y efecto de la presentación del recurso**

El recurso de *certiorari* se formalizará mediante la presentación de una solicitud de *certiorari* dentro de los términos y en la forma provista por la ley y este Reglamento. Cuando el Tribunal Supremo encuentre que el recurso de *certiorari* no es el apropiado sino el de apelación, podrá considerar el escrito de *certiorari* como una apelación siempre y cuando éste cumpla con los requisitos de una apelación de forma tal que el Tribunal pueda evaluar su procedencia.

(A) *Certiorari* con términos jurisdiccionales

(1) Para revisar una sentencia emitida por el Tribunal de Apelaciones en un recurso de apelación, el recurso se formalizará mediante la presentación de la solicitud dentro de un término de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia de la cual se recurre. En aquellos casos civiles en los que el Estado Libre Asociado de Puerto Rico y sus municipios, sus funcionarios y funcionarias, o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte, el recurso se presentará dentro del término jurisdiccional de 60 días a partir del archivo en autos de copia de la notificación de la sentencia de la cual se recurre.

(2) Para revisar sentencias o resoluciones dictadas por el Tribunal de Apelaciones, emitidas en los recursos de *certiorari*, de casos de condenas por alegación de culpabilidad, el recurso se formalizará presentando una solicitud dentro de un término de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia o resolución de la cual se recurre.

(3) Para revisar sentencias o resoluciones finales en procedimientos de jurisdicción voluntaria emitidas por el Tribunal de Apelaciones, el recurso se formalizará presentando una solicitud dentro de un término de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia o resolución de la cual se recurre.

(4) Para revisar las sentencias dictadas por el Tribunal de Apelaciones en virtud del procedimiento especial dispuesto en el Artículo 18.006 de la Ley Núm. 81 de 30 de agosto de 1991, según enmendada, conocida como Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991 (21 L.P.R.A. sec. 4856), el recurso se formalizará mediante la presentación de la solicitud dentro de un término de diez (10) días a partir del archivo en autos de copia de la notificación de la sentencia de la cual se recurre.

(5) Para revisar las sentencias del Tribunal de Apelaciones emitidas en recursos de revisión provenientes de las agencias

administrativas, conforme con lo dispuesto en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, el recurso se formalizará mediante la presentación de la solicitud dentro de un término de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia de la cual se recurre.

(B)   *Certiorari* con términos de cumplimiento estricto u otro establecido por ley

Los términos que se establecen a continuación serán de cumplimiento estricto. Las partes deberán cumplir con estos términos excepto cuando medien circunstancias especiales debidamente sustentadas en la petición de *certiorari*:

(1) Para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones dictadas en recursos discrecionales, excepto en el *certiorari* de casos originados en la Comisión Estatal de Elecciones, el recurso se formalizará mediante la presentación de la solicitud dentro de un término de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia o resolución de la cual se recurre.

(2) Para revisar sentencias o resoluciones del Tribunal de Apelaciones para las cuales no se haya establecido un procedimiento específico para que el Tribunal Supremo las revise, el recurso se formalizará mediante la presentación de una solicitud dentro del término y bajo las condiciones dispuestas por ley para la presentación del recurso equivalente que procedía del antiguo Tribunal de Primera Instancia.

(C)   Modo de computar los términos

El término para presentar la solicitud de *certiorari* ante el Tribunal Supremo bajo esta regla comenzará a contar desde el archivo en autos de copia de la notificación de la sentencia o resolución, según sea el caso. Cuando se presente una moción de reconsideración ante el Tribunal de Apelaciones, dicho término comenzará a contar desde el archivo en autos de copia de la notificación de la resolución que resolvió la moción de reconsideración.

Si la fecha de archivo en autos de la sentencia o resolución final, o de la resolución en la que se resolvió la moción de reconsideración, según sea el caso, es distinta a la del depósito en el correo, el término para la presentación de la solicitud de *certiorari* se computará a partir del depósito en el correo de la notificación.

(D) Manera de presentarlo; notificación al tribunal recurrido

El recurso de *certiorari* se formalizará presentando la solicitud en la Secretaría del Tribunal Supremo.

La parte peticionaria deberá notificar con copia del recurso, sin el apéndice, debidamente sellado con la fecha y hora de su presentación a la Secretaría del Tribunal de Apelaciones, dentro de las setenta y dos (72) horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto.

(E) Notificación del recurso a las partes

La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y hora de presentación, a los abogados y las abogadas de récord o, en su defecto, a las partes dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto.

La notificación se efectuará en la forma prescrita en la Regla 39 de este Reglamento.

(F) Número de páginas y copias

El escrito no podrá tener más de veinticinco (25) páginas, excluyendo el índice y el apéndice. Se presentarán un (1) original y diez (10) copias. La forma del escrito y su Apéndice se regirá por lo dispuesto en esta regla y la Regla 40 de este Reglamento.

(G) Contenido de la solicitud de c*ertiorari*

El escrito de *certiorari* contendrá:

(1) Cubierta

La primera hoja del recurso constituirá la cubierta, la que indicará en su encabezamiento el nombre del Tribunal (*En el Tribunal Supremo de Puerto Rico*) y la información siguiente:

(a) Epígrafe

El epígrafe del escrito de *certiorari* contendrá el nombre de todas las partes en el orden que aparecían en el Tribunal de Apelaciones y se les identificará como parte peticionaria y parte recurrida.

(b) Información sobre abogados o abogadas y partes

Se incluirá el nombre, la dirección, el número de teléfono, el número de *fax* y la dirección del correo electrónico, si la tuviera, y el número del abogado o la abogada de la parte peticionaria y del abogado o la abogada de la parte recurrida, o el nombre, la dirección y el número de teléfono de las partes si estas no

estuviesen representadas por abogado o abogada, con la indicación de que comparecen por derecho propio.

(c)  Información del caso

En la parte superior derecha de la cubierta se dejará un espacio para el número que la Secretaría del Tribunal Supremo asignará al recurso.  Debajo de este se incluirá la información sobre el número del caso ante el Tribunal de Apelaciones y el Panel que lo resolvió.

(2) Índice

Inmediatamente después de la información del caso habrá un índice detallado de la solicitud y de las autoridades citadas conforme a lo dispuesto en la Regla 38 de este Reglamento.

(3) Cuerpo

Toda solicitud de *certiorari* contendrá numeradas, en el orden aquí dispuesto,  las partes siguientes:

(a) En la comparecencia, el nombre de la parte peticionaria.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y competencia del Tribunal.

(c)  Una  breve  discusión  fundamentada  sobre  las  bases jurisdiccionales.

(d) Una referencia a la sentencia, resolución, orden o providencia interlocutoria cuya revisión se solicita, incluyendo el nombre y número del caso, el Tribunal y Panel de Jueces o Juezas que la dictó, la fecha cuando se emitió, la fecha cuando se archivó en autos la copia de su notificación y la fecha cuando fue notificada, así como una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*. Además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de la presentación.

(e) Una referencia a la sentencia, resolución, orden o providencia interlocutoria del Tribunal de Primera Instancia revisada por el Tribunal de Apelaciones, o la resolución dictada por la agencia administrativa, la Junta o el municipio, incluyendo el nombre y número del caso y el foro que la dictó, la fecha cuando se emitió y la fecha cuando se archivó en autos copia de su notificación.

(f) Una relación fiel y concisa de los hechos procesales y materiales.

(g) Un señalamiento breve y conciso de los errores que, a juicio de la parte peticionaria, cometió el Tribunal de Apelaciones.

(h) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(i) La súplica.

(j) Una certificación sobre la forma como se ha notificado el recurso a las demás partes y al tribunal apelado.

(4). Apéndice

Se acompañará a la solicitud de *certiorari* un apéndice que cumplirá con lo dispuesto en la Regla 34 de este Reglamento y que contendrá una copia exacta y completa de los documentos siguientes:

(a) El recurso presentado ante el Tribunal de Apelaciones, la oposición y los alegatos de todas las partes, con sus respectivos apéndices.

(b) La Sentencia o resolución de la cual se recurre, con el volante o formulario de la notificación de su archivo en autos. En caso de que la fecha del depósito en el correo de la notificación sea distinta a la de su archivo en autos, se acompañará, además, copia del sobre.

(c) En el caso de una moción de reconsideración, copia de la resolución que resuelve la moción y del volante o formulario de la notificación de su archivo en autos.

(d) Cualquier documento que sea necesario para establecer la jurisdicción del Tribunal, con la fecha y hora de su presentación en forma clara y legible.

(e) Si los errores señalados en el recurso se relacionan con la apreciación de la prueba, se incluirá una copia de la Exposición Narrativa de la Prueba presentada ante el Tribunal de Apelaciones o de la Transcripción de Evidencia, si la hay.

(f) Cualquier sentencia, resolución, decisión, orden o providencia interlocutoria que haya sido emitida por algún tribunal federal o estatal de Estados Unidos de América y que esté relacionada directamente con las partes y con los hechos en la solicitud de *certiorari*. [20]

---

[20] Este requerimiento faculta al Tribunal a denegar una petición de *certiorari* cuando no se incluya copia de una sentencia, resolución, decisión, orden o providencia interlocutoria emitida por un foro federal o estatal de Estados Unidos que esté

(g) Cualquier documento que forme parte del expediente del Tribunal de Apelaciones y que tenga pertinencia directa con la controversia planteada al Tribunal Supremo.

(h) De acoger el recurso, el Tribunal podrá solicitar a la parte peticionaria que presente cualquier otro documento que sea necesario para atender los méritos del caso.

 (H) Cuando se solicite la revisión de una sentencia o resolución del Tribunal de Apelaciones emitida en casos previamente consolidados por ese foro, se podrá autorizar la presentación de un apéndice conjunto que contendrá una copia de los documentos incluidos en las cláusulas anteriores. Esta excepción no releva de la presentación de diez (10) copias según lo dispone la Regla 40.

(I) No se permitirá la presentación de un memorando de autoridades por separado. Deberá incluirse la argumentación y los fundamentos de derecho en el mismo cuerpo de la solicitud de *certiorari.*

(J) Efecto de la presentación de la solicitud de *certiorari:* ([21])

(1)  En casos civiles

La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Apelaciones o el Tribunal de Primera Instancia, salvo una orden en contrario expedida por el Tribunal Supremo, a iniciativa propia o a solicitud de parte.

Si la sentencia recurrida dispone la venta de bienes susceptibles de pérdida o deterioro, el Tribunal Supremo, a iniciativa propia o a solicitud de parte, podrá ordenar la suspensión de los efectos de la sentencia o resolución.

(2)  En casos criminales

La presentación de una solicitud de *certiorari* de una sentencia condenatoria suspenderá la ejecución de la sentencia una vez prestada fianza, excepto cuando la sentencia recurrida disponga que la parte convicta quede en libertad a prueba, no se admita la prestación de la fianza o una ley especial disponga que no se suspenda la misma. Mientras se perfecciona el recurso de *certiorari,*

---

relacionada directamente con el recurso de *certiorari*. Así, por ejemplo, si se plantea una controversia de cosa juzgada por razón de un dictamen emitido en la jurisdicción federal o estatal de la Unión, se tiene que proveer copia de dicho dictamen para poder expedir el recurso. En general, amplía la prerrogativa del Tribunal para denegar la expedición de autos que no contengan los documentos esenciales para ser considerados.

([21]) El texto propuesto es similar al de la Regla 35 del Reglamento del Tribunal de Apelaciones.

el tribunal sentenciador conservará su facultad para modificar las condiciones de la libertad a prueba o para revocarla.

(K) Expedición del auto de *certiorari*

El auto de *certiorari* se expedirá solamente por orden del Tribunal, a su discreción. La expedición del auto, tanto en casos civiles como criminales, suspenderá los procedimientos en el Tribunal de Apelaciones y el Tribunal de Primera Instancia, salvo que el Tribunal disponga lo contrario. No se suspenderán, sin embargo, los efectos de la sentencia o resolución recurrida que incluya cualquiera de los remedios siguientes:

(1) Una orden de *injunction*, de *mandamus* o de hacer o desistir;

(2) una orden de pago de alimentos;

(3) una orden sobre custodia o relaciones filiales, o

(4) la venta de bienes susceptibles de pérdida o deterioro.

No obstante lo antes dispuesto, el Tribunal, a iniciativa propia o a solicitud de parte, podrá emitir una orden en contrario, suspendiendo los efectos de la sentencia o resolución.

(L) Oposición a la expedición del auto de *certiorari*

Dentro de los diez (10) días siguientes a la notificación de la solicitud de *certiorari*, las demás partes podrán presentar sus memorandos en oposición a la expedición del auto. Tales memorandos no excederán las veinticinco (25) páginas, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el Tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 40(f) de este Reglamento.

Si se incluye un apéndice, este contendrá solo copias de los documentos que sean pertinentes a la controversia y que forman parte del expediente del Tribunal de Apelaciones. El apéndice se preparará según lo dispuesto en la Regla 34 de este Reglamento.


**Regla 21. Alegatos en recursos de *certiorari***

(a) La parte peticionaria presentará al Tribunal su alegato dentro de los treinta (30) días posteriores al recibo de la notificación a que hace referencia la Regla 35(c).

(b) La parte recurrida presentará al Tribunal su alegato dentro de los treinta (30) días posteriores al recibo de la copia del alegato de la parte peticionaria.

(c) Los alegatos se regirán por las disposiciones de la Regla 33 en cuanto a su forma y contenido. (²²)

**Regla 22. Disposiciones especiales aplicables en casos al amparo del Art. 4.002 del Código Electoral de Puerto Rico para el Siglo XXI**

(A)  Término para presentar el recurso

(1) El recurso de *certiorari* de sentencias del Tribunal de Apelaciones en recursos al amparo del Art. 4.002 de la Ley Núm. 78 de 1 de junio de 2011, conocida como el Código Electoral de Puerto Rico para el Siglo XXI, se formalizará mediante la presentación de una solicitud dentro del término jurisdiccional de diez (10) días. El término para presentar la petición de *certiorari* en el Tribunal Supremo comenzará a transcurrir desde el archivo en autos de copia de la notificación de la sentencia. Sin embargo, cuando se presente una moción de reconsideración en el Tribunal de Apelaciones, el término para recurrir al Tribunal Supremo comenzará a transcurrir desde el archivo en autos de copia de la notificación de la resolución en la que se resolvió la moción de reconsideración. Si la fecha de archivo en autos de la sentencia o de la resolución en la que se resolvió la moción de reconsideración, según sea el caso, es distinta a la del depósito en el correo, el término para la presentación de la solicitud de *certiorari* se computará a partir del depósito de la notificación en el correo.

(2) La solicitud de *certiorari* constituirá el alegato de la parte peticionaria, a no ser que el Tribunal Supremo provea otra cosa.

(B) Presentación y notificación

(1) Manera de presentarlo

 (a) Las solicitudes de *certiorari* y sus diez (10) copias que se sometan a la consideración del Tribunal Supremo, se presentarán en la Secretaría. Solo en circunstancias de extrema urgencia y cuando medie una autorización previa por el Tribunal Supremo o cuando ni el Tribunal ni el  Secretario o la Secretaria estén disponibles, por uno o una de sus Jueces o Juezas, la solicitud se podrá presentar por *fax*. En estos casos, se presentará una petición fundamentada por *fax* en la Secretaría del Tribunal al Secretario o a la Secretaria del Tribunal o a uno o una de sus Jueces o Juezas, en la cual la parte expondrá sucinta y claramente las razones que

---

(²²) Se invirtió el orden de las Reglas 21 y 22 para dar más fluidez al Reglamento.

sostengan la situación de urgencia. Una vez autorizada esta presentación especial, las diez (10) copias de la solicitud deberán presentarse en la Secretaría del Tribunal Supremo al día siguiente, excepto cuando el Tribunal disponga otra cosa.

(2) Notificación del recurso a las partes

(a) La parte peticionaria notificará la solicitud de *certiorari*, debidamente numerada y sellada con la fecha y hora de presentación, a los abogados o las abogadas de récord o, en su defecto, a las partes, dentro del término jurisdiccional establecido por ley para presentar el recurso. En las situaciones extraordinarias en las que se autorice la presentación por *fax*, el peticionario notificará la solicitud a las demás partes sin el sello con la fecha y hora de presentación, pero siempre de forma simultánea a su presentación y con el número del recurso, si lo tuviese. La notificación se efectuará de acuerdo con lo dispuesto en el inciso (E) de esta regla.

(C) Oposición a la expedición del auto

(1) Términos para presentarla

(a) Las demás partes deberán presentar sus memorandos en oposición a la expedición del auto dentro de los diez (10) días siguientes a la notificación de la solicitud de *certiorari*. Estos se considerarán para todos los efectos como los alegatos de los recurridos, a no ser que otra cosa provea el Tribunal Supremo.

(b) Cuando la solicitud de *certiorari* se presente dentro de los treinta (30) días anteriores a un evento electoral, las partes recurridas deberán presentar sus memorandos en oposición a la expedición del auto dentro de los cinco (5) días siguientes a la notificación de la solicitud. Estos se considerarán, para todos los efectos, como los alegatos de los recurridos, a no ser que otra cosa provea el Tribunal Supremo.

(c) Cuando la solicitud de *certiorari* se presente dentro de los cinco (5) días anteriores a un evento electoral, las partes recurridas deberán presentar sus memorandos en oposición a la expedición del auto al día siguiente de la notificación de la solicitud, los cuales se considerarán, para todos los efectos, como los alegatos de los recurridos.

(d) En todo caso, los memorandos en oposición a la expedición del recurso se presentarán en la Secretaría del Tribunal Supremo en original y diez (10) copias. Solo en circunstancias de extrema urgencia y cuando medie una autorización previa por parte del Tribunal Supremo o, cuando ni el Tribunal ni el Secretario o la

Secretaria estén disponibles, por uno o una de sus Jueces o Juezas, la oposición se podrá presentar por *fax*. En estos casos, se presentará una petición fundamentada por *fax* en la Secretaría del Tribunal al Secretario o a la Secretaria, o a uno o una de sus Jueces o Juezas, en la cual la parte expondrá sucinta y claramente las razones que sostengan la situación de urgencia. Una vez autorizada esta presentación especial, las diez (10) copias de la oposición deberán presentarse en la Secretaria del Tribunal Supremo al día siguiente, excepto cuando el Tribunal disponga otra cosa.

(2) Notificación

(a) La parte recurrida notificará el escrito de oposición a las demás partes de acuerdo con lo dispuesto en el inciso (E) de esta regla.

(D) Mociones y escritos posteriores

(1) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de *certiorari* se presentarán solamente con la autorización previa del Tribunal. En su orden para autorizar la presentación de dichos escritos, el Tribunal dispondrá la forma como estos deberán presentarse y notificarse a las partes. En todo caso, la notificación a las partes será simultánea con la presentación del escrito, y en la moción o escrito se certificará la forma como se hizo la notificación. Cuando la orden del Tribunal nada disponga sobre la notificación, esta se efectuará de acuerdo con lo dispuesto en el inciso (E) de esta regla.

(E) Notificación de los escritos

(1) Todo escrito presentado al Tribunal será notificado a las demás partes por correo certificado con acuse de recibo, mediante un servicio similar de entrega personal por una compañía privada con acuse de recibo o por *fax*.

(2) Si se utiliza el correo, la entrega se verificará al día siguiente. La parte presentante certificará el hecho de la notificación en el propio escrito. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes, pero la parte presentante deberá asegurarse que la entrega se verifique al día siguiente. Cuando se efectúe por correo, se remitirá la notificación a los abogados o las abogadas de las partes las partes no estén representadas por un abogado o una abogada, se remitirá la notificación a la dirección postal que surja del último escrito que conste en el expediente del caso.

(3) La notificación mediante la entrega personal deberá hacerse en la oficina de los abogados y las abogadas que representen a las

partes, entregándola a estos o estas o a cualquier persona a cargo de la oficina. Si la parte no está representada por un abogado o una abogada, se entregará en el domicilio o a la dirección de la parte partes, según esta surja de los autos, a cualquier persona de edad responsable que se encuentre en esta dirección. En caso de entrega personal, se certificará la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas veinticuatro (24) horas.

(4) La notificación por *fax* deberá hacerse al número correspondiente de los abogados o las abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, según esta información surja de los autos. En caso de una notificación por *fax,* se certificarán la forma y las circunstancias de esta dentro de las próximas veinticuatro (24) horas.

(5) Cuando la notificación del escrito se efectúe dentro de los treinta (30) días anteriores a un evento electoral, se efectuará sólo personalmente o mediante *fax* y siempre con una notificación por teléfono.

(F) Reconsideración; mandatos

(1) En todo caso, la parte adversamente afectada por la decisión del Tribunal Supremo podrá presentar una moción de reconsideración dentro del término improrrogable de tres (3) días, a contarse desde la fecha del archivo en autos de copia de la notificación.

(2) Cada parte podrá presentar solo una moción de reconsideración.

(3) Transcurridos diez (10) días desde el archivo en autos de copia de la notificación de la última providencia emitida por el Tribunal, sin que se haya presentado una moción de reconsideración ni notificado una solicitud de *certiorari* ante el Tribunal Supremo de Estados Unidos de América, el Secretario o la Secretaria del Tribunal Supremo enviará al tribunal recurrido el mandato.

(G) Disposiciones generales

(1) En todo caso, el Tribunal Supremo podrá, en atención a las circunstancias del caso ante su consideración, variar los términos y procedimientos dispuestos en esta regla para asegurar la tramitación y disposición más eficiente de este, sin menoscabar los derechos sustantivos de las partes.

(2) Los asuntos no tratados en esta regla dispuestos en otras partes de este Reglamento aplicarán a la tramitación de los recursos de *certiorari* para sentencias emitidas por el Tribunal de Apelaciones

de casos originados en la Comisión Estatal de Elecciones, en tanto no conflijan con la celeridad que ameritan la atención y disposición de los casos en los que están involucrados los derechos electorales.

## Regla 23. Procedimiento para las certificaciones intrajurisdiccionales

(a) El recurso de certificación intrajurisdiccional se expedirá discrecionalmente.

(b) Contenido general de la solicitud

(1) El recurso de certificación se formalizará presentando una solicitud de certificación en la Secretaría del Tribunal Supremo. Se presentará un original y diez (10) copias, según lo dispone la Regla 40. La parte peticionaria deberá notificar una copia a la Secretaría del tribunal donde se encuentre el caso cuya certificación se solicita, dentro del término de setenta y dos (72) horas de presentado el escrito de certificación. El término aquí dispuesto será de cumplimiento estricto.

(2) La presentación de una solicitud de certificación intrajurisdiccional no interrumpirá los procedimientos ante el tribunal en que se encuentre el caso a ser certificado, pero este no podrá dictar sentencia en el caso a menos que el Tribunal Supremo deniegue la expedición del auto de certificación. De expedirse el auto de certificación, el caso pasará en su totalidad a la atención del Tribunal Supremo.

(3) El epígrafe de la solicitud contendrá los nombres de las mismas partes que aparecían compareciendo en el tribunal, añadiéndose en el lugar correspondiente las designaciones de parte peticionaria en certificación y parte recurrida.

(4) La cubierta de la solicitud incluirá el epígrafe; el nombre, la dirección, el número de teléfono, el número de *fax*, la dirección del correo electrónico, si la tuviese, y el número del Tribunal Supremo del abogado o la abogada de la parte peticionaria, del abogado o la abogada de la parte recurrida o el nombre, la dirección y el número de teléfono de las partes si estas no estuviesen representadas por un abogado o una abogada, con indicación de que comparecen por derecho propio, y el tribunal ante el cual el asunto está pendiente o presentado. Inmediatamente después de la cubierta se incluirá un índice legal detallado de la solicitud, conforme a la Regla 38.

(5) La solicitud incluirá, en el mismo orden aquí señalado:

(a) Las citas de las disposiciones legales que establecen la jurisdicción de este Tribunal;

(b) una referencia al caso al cual se refiere la solicitud de certificación;

(c) una referencia a la resolución, orden o sentencia si la hubiese, respecto a la cual se presenta la solicitud de certificación;

(d) una breve relación de los hechos procesales y sustantivos del caso relevantes a la solicitud de certificación, y

(e) una breve discusión de los asuntos que la parte peticionaria alega justifican que sea el Tribunal Supremo el que los revise y resuelva directamente.

(6) La solicitud no podrá exceder de veinticinco (25) páginas, el índice y el apéndice exclusive.

(7) En el apéndice de la solicitud de certificación debe constar copia de lo siguiente:

(a) El escrito inicialmente presentado ante el tribunal donde se encuentre pendiente el asunto;

(b) la oposición de la otra parte, si la hubiese, y su apéndice;

(c) los alegatos presentados por las partes, si los hubiese;

(d) la resolución, orden o sentencia, incluyendo las determinaciones de hechos y de derecho, que presenten los asuntos respecto a los cuales se solicita la certificación, y

(e) cualquier otra resolución, orden o escrito de las partes que forme parte del legajo en el tribunal y que pueda ser útil al Tribunal Supremo para tomar su decisión sobre la expedición o denegación del auto.

(c) Disposiciones adicionales

(1) No se permitirá la presentación de un memorando de autoridades por separado, por lo que se debe incluir la argumentación y los fundamentos de derecho en el mismo cuerpo de la solicitud.

(2) La parte peticionaria notificará copia de la solicitud de certificación a todas las partes en la forma prescrita en la Regla 39.

(3) Las otras partes en el caso podrán presentar en este Tribunal un memorando a favor o en contra de que se expida el auto dentro de los veinte (20) días siguientes a la notificación hecha por la parte

que haya presentado la solicitud. Los memorandos no excederán de veinticinco (25) páginas, con exclusión del índice y del apéndice, y este último será opcional.

(4) Cualquier parte que desee presentar una argumentación oral deberá indicarlo mediante una moción fundamentada, presentada simultáneamente con su alegato principal. La solicitud se resolverá conforme al Reglamento de este Tribunal. Sin embargo, el Tribunal podrá, en cualquier momento, convocar por iniciativa propia a una vista oral cuando lo estime necesario. ([23])

(5) Cuando este Tribunal considere que, tanto para evaluar si expide o no el auto de certificación como para atender y resolver el recurso, sea necesario el expediente original, una exposición narrativa de la prueba o una transcripción de prueba, ordenará a iniciativa propia o a solicitud de parte su preparación y elevación en los términos y dentro del plazo que disponga en su orden.

## Regla 24. Certificación expedida

Una vez expedido el auto de certificación, se notificará a la Secretaría del tribunal donde se encuentre pendiente el asunto, la cual deberá trasladar el legajo del caso a la Secretaría del Tribunal Supremo dentro del término de cinco (5) días del archivo en autos de copia de dicha notificación. El Tribunal Supremo podrá conceder, por causa justificada, un término mayor o menor. La Secretaría del Tribunal Supremo notificará a las partes y a la Secretaría del tribunal de donde procede el asunto sobre el recibo del legajo dentro del término de cinco (5) días de haberlo recibido.

## Regla 25. Procedimiento en la certificación interjurisdiccional

(a) Este Tribunal podrá atender cualquier asunto que le sea certificado por el Tribunal Supremo de Estados Unidos de América, por un Tribunal de Apelaciones de Circuito de Estados Unidos de América, por un Tribunal de Distrito de Estados Unidos de América o por el más alto tribunal apelativo de cualquiera de los estados de la Unión americana, cuando así lo solicite cualquiera de dichos tribunales, de existir ante el tribunal solicitante cualquier asunto judicial en el cual estén implicados cuestiones de derecho puertorriqueño que puedan determinar el resultado del asunto y

---

([23]) Esta añadidura es cónsona con la Regla 4(c) de este Reglamento.

respecto al cual, según la opinión del tribunal solicitante, no existan precedentes claros en la jurisprudencia de este Tribunal.

(b) Este Tribunal no expedirá la certificación solicitada cuando la cuestión planteada sea mixta, por incluir aspectos de derecho federa o de derecho estatal del tribunal solicitante y aspectos del derecho local de Puerto Rico, y deba ser resuelta por el tribunal solicitante.

(c) Cuando la cuestión planteada en el procedimiento de certificación sea la validez de un estatuto de Puerto Rico, impugnado bajo una disposición de la Constitución del Estado Libre Asociado de Puerto Rico, la certificación de la pregunta sólo procede si la disposición constitucional local no tiene equivalente en la Constitución federal.

(d) Dicha certificación se formalizará al presentarse la solicitud, la cual consistirá de una resolución a tales efectos emitida por el tribunal solicitante, *sua sponte* o a moción de cualquiera de las partes en el caso ante dicho tribunal.

(e) La orden de certificación incluirá: (1) las preguntas de derecho cuya contestación se solicita; (2) una relación de todos los hechos relevantes a las preguntas que demuestre claramente la naturaleza de la controversia de la cual surgen, las cuales tienen que surgir de una determinación del tribunal consultor, bien por haber sido estipuladas por las partes o porque hayan sido ventiladas y adjudicadas en el proceso, y (3) un apéndice en el que se incluirán el original y la copia certificada de aquella parte del expediente que, según el tribunal solicitante, sea necesario o conveniente remitir a este tribunal para contestar las preguntas.

(f) El Juez o la Jueza del tribunal solicitante que haya entendido en el asunto firmará la solicitud de certificación. El Secretario o la Secretaria del tribunal solicitante enviará, bajo su firma y el sello del tribunal, la solicitud a la Secretaría de este Tribunal.

(g) Cuando lo estime necesario, este Tribunal podrá requerir del tribunal solicitante que le envíe el original o la copia certificada de la totalidad o de parte del expediente, además de la documentación enviada como apéndice de la orden de certificación.

(h) Las partes en el caso original que deseen someter alegatos tendrán términos simultáneos de treinta (30) días para así hacerlo, contados desde la fecha de envío de la orden de certificación a este Tribunal por el Secretario o la Secretaria del tribunal solicitante. En dichos alegatos se hará constar su notificación al tribunal solicitante y a todas las partes en el caso. Cualquier parte podrá

replicar a cualquier alegato así notificado dentro de los quince (15) días de su notificación. Los alegatos principales se regirán por las disposiciones de la Regla 33 en cuanto a su forma y contenido. Cualquier parte que desee presentar una argumentación oral deberá indicarlo mediante una moción fundamentada, presentada simultáneamente con su alegato principal, y su solicitud se resolverá conforme al Reglamento de este Tribunal. Sin embargo, el Tribunal podrá, en cualquier momento, convocar a iniciativa propia a una vista oral cuando lo estime necesario. Los alegatos podrán ser en inglés o en español sin necesidad de traducción, pero todos los alegatos deben estar firmados por un abogado admitido o una abogada admitida al ejercicio de su profesión por este Tribunal.

(i) El Secretario o la Secretaria enviará la opinión de este Tribunal en contestación a las preguntas de derecho que se le certifiquen al tribunal solicitante y a las partes, bajo su firma y el sello de este Tribunal. Dicha opinión, con las contestaciones del Tribunal a las preguntas certificadas, obligará a las partes.

(j) Cuando esté pendiente ante este Tribunal cualquier asunto judicial en el que esté implicada alguna cuestión referente al Derecho de cualquier estado de la Unión americana, y esta pueda determinar el resultado final del asunto, y si en la opinión de este Tribunal la jurisprudencia de dicho estado no contiene precedentes claros en cuanto a dicha cuestión de derecho, este Tribunal podrá, *sua sponte* o a moción de cualquier parte, certificar la cuestión de derecho al más alto tribunal de dicho estado.

(k) Cuando este Tribunal certifique una cuestión de derecho según se dispone en el inciso anterior, seguirá el procedimiento que dispongan al efecto las leyes del estado al que se haya de recurrir.

(l) La opinión que emita este Tribunal, según lo dispuesto en el inciso (i) de esta regla, será traducida al inglés por el Negociado de Traducciones del Tribunal Supremo, conforme lo disponen las Secciones 1 a la 6 de la Ley Núm. 87 de 31 de mayo de 1972, según enmendada, 4 L.P.R.A. secs. 501 a 506. Los costos de dicha traducción se dividirán por igual entre las partes en el caso original, a menos que el tribunal solicitante disponga otra cosa. Los costos de cualquier certificación que haga este Tribunal al tribunal de otro estado, según se dispone en el inciso (j) de esta regla, se dividirán por igual entre las partes ante este Tribunal, a menos que éste, por el bien de la justicia, disponga de otro modo.

**Regla 26. Alegatos en certificación**

(a) Los alegatos en los recursos de certificación, tanto intrajurisdiccionales como interjurisdiccionales, se regirán por las disposiciones de la Regla 33 en cuanto a su forma y contenido.

(b) La parte recurrente presentará su alegato al Tribunal dentro de los treinta (30) días luego del recibo de la notificación de que la certificación ha sido expedida.

(c) Dentro de los treinta (30) días luego del recibo de la copia del alegato de la parte recurrente, la parte recurrida presentará el suyo al Tribunal.

**Regla 27. Recursos gubernativos**

(a) El recurso contra las calificaciones finales de los Registradores y Registradoras de la Propiedad que denieguen la solicitud de un asiento se formalizará presentando un escrito titulado "Recurso Gubernativo" en la Secretaría del Tribunal Supremo.

(b) El epígrafe del recurso gubernativo contendrá el nombre de la parte interesada y el nombre del Registrador o de la Registradora a cargo de la Sección del Registro de la Propiedad correspondiente, identificando a las partes como recurrente y recurrida.

(c) El escrito del recurso gubernativo tendrá las siguientes partes numeradas, en el mismo orden que aquí se dispone:

(1) Las citas de las disposiciones legales que establecen la jurisdicción de este Tribunal;

(2) una referencia a la calificación final cuya revisión se solicita, incluyendo el nombre de las partes interesadas en la calificación, el nombre del Registrador o de la Registradora que hizo la calificación final, la fecha cuando se notificó la calificación original, la fecha cuando se presentó al Registrador o Registradora la solicitud de recalificación del documento y la fecha cuando se notificó la denegatoria de recalificación;

(3) una breve relación de los hechos que sean pertinentes al recurso con copia del documento denegado y de la notificación de la calificación;

(4) un señalamiento de las objeciones a la calificación, y

(5) la argumentación de los fundamentos en los que se apoya su recurso.

(d) La cubierta de la solicitud incluirá solamente el epígrafe; el nombre, la dirección, el número de teléfono, el número de *fax*, la dirección del correo electrónico, si la tuviera, y número del Tribunal Supremo del abogado interesado o de la abogada interesada recurrente, y el nombre, la dirección y el número de teléfono del Registrador recurrido o Registradora recurrida. Inmediatamente después habrá un índice del escrito que se ajustará a lo dispuesto en la Regla 38.

(e) La solicitud no excederá de veinticinco (25) páginas, con exclusión del índice y del apéndice.

(f) El escrito constituirá, a su vez, el alegato de la parte interesada recurrente. No se permitirá la presentación de un memorando de autoridades por separado, por lo que se incluirá la argumentación y los fundamentos de derecho en el propio cuerpo de la solicitud.

(g) La parte recurrente notificara el escrito al Registrador recurrido o a la Registradora recurrida en la forma que dispone el Artículo 77 de la Ley Núm. 198 de 8 de agosto de 1979, conocida como la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2280, su Reglamento, 30 R. & R.P.R. Sec. 2003-89.1, o ambos.

(h) Dentro de los veinte (20) días de haber recibido dicha notificación, el Registrador recurrido o la Registradora recurrida presentará un alegato en apoyo de su actuación. Dicho alegato no excederá de veinticinco (25) páginas, con exclusión del índice y del apéndice. El alegato tendrá un índice que se ajustará a la Regla 38 y se notificará según dispone la Regla 39.

(i) El Registrador recurrido o la Registradora recurrida, dentro de los cinco (5) días de notificado o notificada de la interposición del recurso, deberá enviar al Tribunal Supremo, personalmente o por correo certificado con acuse de recibo, el documento calificado y la solicitud de recalificación de la parte interesada, con los fundamentos legales de la denegatoria.

(j) Al recibirse un recurso gubernativo, el Secretario o la Secretaria lo anotará en el registro correspondiente.

(k) Cuando en conformidad con lo dispuesto en el Artículo 77 de la Ley Núm. 198 de 8 de agosto de 1979, conocida como la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2280, el Registrador o la Registradora someta al Tribunal Supremo el documento cuya inscripción haya denegado y un alegato en apoyo de su acción, con una notificación a la parte interesada, el Secretario o la Secretaria lo anotará en el registro correspondiente como un recurso gubernativo. La parte interesada tendrá diez (10)

días para presentar su alegato y el recurso quedará sometido con la presentación de éste. Los alegatos de las partes se regirán por lo dispuesto en esta regla, pero en el título figurarán el Registrador o la Registradora como promovente y el titular como parte interesada recurrente.

## Regla 28. Moción de orden provisional en auxilio de jurisdicción

(a) El Tribunal podrá expedir una orden provisional en auxilio de jurisdicción cuando sea necesario hacer efectiva su jurisdicción en un asunto pendiente ante su consideración.

A los fines de esta regla, se entenderá que el Tribunal atenderá, sin sujeción al trámite ordinario, cualquier asunto relacionado con el recurso presentado o pendiente para evitar alguna consecuencia adversa que afecte su jurisdicción o que pueda causar un daño sustancial a una parte mientras resuelve el recurso.

(b) Las disposiciones de la Regla 16(e) aplicarán a la expedición de estas órdenes.

(c) Las órdenes a que se refiere esta regla podrán expedirse a solicitud de parte o por iniciativa del propio Tribunal.

Cuando una parte solicite una orden en auxilio de jurisdicción con la intención de paralizar la celebración de una vista, la orden deberá presentarse no más tarde de cinco (5) días antes de la fecha pautada para la vista cuya celebración se pretende paralizar, excepto que se demuestre una causa justificada.

(d) Si luego de considerar la solicitud de orden, el Tribunal entiende que el asunto no cumple con el requisito de urgencia establecido en el inciso (a) de esta regla, denegará la solicitud y el recurso presentado a su consideración proseguirá el tramite ordinario.

Si el Tribunal determina que no existía la urgencia o que la solicitud de orden es frívola, podrá imponer sanciones a la parte, a su representante legal o a ambos.

(e) No se expedirá una orden de la naturaleza de un *injunction* permanente, excepto como parte de la sentencia final que dicte el Tribunal en el pleito principal.

(f) Toda solicitud de orden según esta regla se ajustará en cuanto a su forma y contenido a las disposiciones de la Regla 31. Llevará el mismo epígrafe del caso principal y deberá ser notificada a las demás partes y a cualquier persona contra quien se solicite un

remedio haciéndose constar el hecho de la notificación en la solicitud que se presente al Tribunal.

(g) Esta Regla 28 no afecta en forma alguna el poder inherente de este Tribunal para ordenar a cualquier tribunal o agencia administrativa que tome determinadas medidas respecto a cualquier asunto que esté pendiente en el Tribunal Supremo en alzada de dicho tribunal o agencia, cuando a su juicio dichas medidas fuesen necesarias en auxilio y protección de la jurisdicción de este Tribunal. El Tribunal podrá expedir dichas órdenes a iniciativa propia o a solicitud de parte.

**Regla 29. Fianza en apelación**

La fianza en apelación se regirá por las disposiciones de la Regla 198 de Procedimiento Criminal, según enmendada, 34 L.P.R.A. Ap. II. Le aplicará también lo dispuesto en la Regla 16(e) de este Reglamento.

**Regla 30. Criterios para la expedición de autos**

El Tribunal o las salas en función tomarán en consideración los siguientes criterios al determinar si se expide o no un auto de cualquier género de acuerdo con este Reglamento, un recurso discrecional o una orden de mostrar causa para su evaluación ulterior:

(1) Si el remedio y la disposición de la sentencia o resolución recurrida, a diferencia de sus fundamentos, son contrarios a derecho, tomando este último en su más amplia acepción.

(2) Si la cuestión planteada es novel.

(3) Aun cuando no sea novel, si la expresión de la norma es importante para el interés público.

(4) Si los hechos expuestos presentan la situación más indicada para el análisis del problema planteado.

(5) Si la norma existente debe ser redefinida o variada.

(6) Si existe un conflicto entre decisiones de las salas del Tribunal de Primera Instancia o entre paneles del Tribunal de Apelaciones sobre el asunto en cuestión.

(7) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el tribunal de instancia.

(8) Si la cuestión exige una consideración más detenida a la luz de los autos, los cuales deban ser elevados y de alegatos más elaborados.

(9) Si la etapa en que se presenta el caso es la más propicia para su consideración.

(10) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable respecto a la solución final del litigio.

(11) Si la concesión del auto o la emisión de una orden de mostrar causa contribuyen de otro modo a las funciones de este Tribunal de vindicar la ley y pautar el derecho en el país.

(12) Si se ha cumplido con los otros requisitos que establece el Reglamento de este Tribunal.

(13) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**Regla 31. Mociones**

(a) Cuando en un caso presentado ante este Tribunal una parte interese alguna providencia interlocutoria que no tiene la urgencia que exige la Regla 28, podrá solicitarla mediante una moción. Esta se registrará junto con el caso principal.

(b) En cualquier caso en que se presente al Tribunal una moción que solicite una providencia interlocutoria de cualquier clase, sin que el caso principal haya sido presentado, el Secretario o la Secretaria la registrará en el libro de mociones correspondientes.

(c) Todas las mociones serán notificadas a las demás partes, y dicha notificación se hará constar al presentarla al Tribunal. En toda moción se hará constar en la comparecencia el nombre de la parte que la presenta.

(d) Cualquier parte que desee expresarse a favor o en contra de una moción para algún remedio, deberá hacerlo dentro de los diez (10) días de la notificación antes dicha.

(e) En los casos apropiados, la moción aducirá los fundamentos legales en que descansa e incluirá la argumentación y la cita de autoridades que la parte promovente estime necesarias. No se permitirá la presentación de un memorando de autoridades por separado. Ninguna moción deberá exceder las diez (10) páginas.

**Regla 32. Desistimiento y desestimación**

(a) La parte promovente de un recurso podrá presentar en cualquier momento una moción de desistimiento.

En casos criminales, la moción de desistimiento deberá estar acompañada de una declaración jurada de la persona acusada que indique su intención de desistir.

(b) Cualquier parte puede solicitar mediante una moción la desestimación de cualquier recurso por los motivos siguientes:

(1) Que este Tribunal carece de jurisdicción para considerarlo;

(2) que no ha sido perfeccionado de acuerdo con la ley;

(3) que no se ha proseguido con la diligencia debida o de buena fe;

(4) que el recurso es frívolo, o

(5) que el recurso se ha convertido en académico.

(c) En casos de jurisdicción original, las mociones de desistimiento y desestimación se regirán por la Regla 39 de Procedimiento Civil, 32 L.P.R.A. Ap. V.

(d) El Tribunal tendrá facultad para desestimar a iniciativa propia cualquier recurso por los motivos consignados en el inciso (b) precedente.


**Regla 33. Alegatos**

(a) Esta regla aplica a todos los alegatos que se presenten ante este Tribunal, con excepción de los alegatos en recursos gubernativos.

(b) La cubierta del alegato incluirá solamente el epígrafe del caso, la identificación de la parte que lo presenta (alegato de la parte apelante o de la parte peticionaria, según sea el caso), el nombre, la dirección, el número de teléfono, el número de *fax*, la dirección del correo electrónico, si la tuviera, y el número del Tribunal Supremo del abogado o la abogada de la parte recurrida, y el nombre, la dirección y el número de teléfono de las partes si no están representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(c) Inmediatamente después de la cubierta habrá un índice detallado del alegato, el cual se ajustará a las disposiciones de la Regla 38.

(d) En casos de jurisdicción original, el alegato de la parte peticionaria tendrá las siguientes partes numeradas, en el orden que aquí se dispone:

(1) Las citas de las disposiciones legales que establecen la jurisdicción de este Tribunal;

(2) una breve relación de los hechos del caso, y

(3) una discusión a fondo de los méritos de la petición. Los alegatos de las partes contrarias sólo contendrán una discusión de los méritos de la petición, que podrá incluir el aspecto de la autoridad de este Tribunal para expedir el auto. Podrá incluirse una relación de los hechos si se está inconforme con la que haya hecho la parte peticionaria.

(e) En casos de apelación (Regla 17), *certiorari* (Regla 20) y certificación (Regla 23), el alegato de la parte apelante o peticionaria, según sea el caso, tendrá las siguientes partes numeradas, en el orden que aquí se dispone:

(1) Las citas de las disposiciones legales que establecen la jurisdicción de este Tribunal;

(2) una referencia a la sentencia, resolución u orden de la cual se apela o recurre, incluyendo el nombre y el número del caso, el tribunal que la dictó, la fecha cuando fue dictada (incluyendo, en los casos apropiados, la fecha cuando se archivó en autos la copia de la notificación de la sentencia, y en los casos en que no se hayan originado en el tribunal recurrido, una referencia completa a la sentencia, resolución u orden original) y la fecha cuando se presentó el escrito de apelación, *certiorari* o certificación;

(3) una breve relación de los hechos sustantivos y procesales que sean relevantes al recurso;

(4) un señalamiento breve y conciso de las cuestiones planteadas, incluyendo, en las apelaciones, la base jurisdiccional en la cual se apoyan las cuestiones constitucionales implicadas, y

(5) una discusión por separado de los asuntos antes mencionados.

(f) El alegato que se menciona en los incisos (d) y (e) y el que se menciona en el inciso (i) no excederá de cincuenta (50) páginas, con exclusión del índice y del apéndice.

(g) El alegato en casos de jurisdicción original no tendrá que tener un apéndice; se podrá hacer referencia al apéndice de la petición.

(h) Con excepción de lo dispuesto en el inciso anterior, se hará formar parte del alegato que se menciona en el inciso (e) un apéndice que contendrá copia literal de:

(1) Las alegaciones de las partes y la sentencia o resolución que se revisa, incluyendo las determinaciones de hechos y de derecho en que se funda, y

(2) cualquier otro documento que forme parte del expediente o legajo a que se refiere la Regla 35, y que la parte apelante o peticionaria quiera traer especialmente a la atención del Tribunal. Las disposiciones de este inciso están sujetas a la excepción provista en la Regla 34(f).

(i) Los alegatos de réplica se presentarán al Tribunal dentro del plazo de treinta (30) días desde que se presentó el alegato de la otra parte. Si la parte contraria no estuviese de acuerdo con la relación de hechos presentada por la parte apelante, así lo hará constar e incluirá la propia. Si cuestiona, por el fundamento que sea, la autoridad de este Tribunal para conceder el remedio solicitado, discutirá tal asunto por separado. Excepto en los casos de competencia original, también se discutirá por separado cada una de las cuestiones planteadas por la parte apelante o recurrente.

(j) Si la parte desea hacerlo, podrá añadir un apéndice al alegato de réplica.

(k) Cualquier parte que haya sometido una petición o moción fundamentada con relación a la expedición de un auto, podrá someter el asunto sin necesidad de presentar un alegato. Deberá hacerlo constar así en una moción informativa, y la fecha de presentación y notificación de dicha moción será equivalente para todos los fines pertinentes a la fecha de presentación y notificación del alegato. No obstante lo anterior, el Tribunal podrá ordenar que se prepare y someta un alegato en cualquier caso que lo considere necesario.

(l) Una moción de desestimación que se presente en cualquier caso no suspenderá los términos para la presentación de alegatos.

**Regla 34. Apéndices**

Cuando un escrito que se presente al Tribunal esté acompañado de un apéndice, se deberá cumplir con lo siguiente:

(a) Todas las páginas del apéndice se numerarán consecutivamente y los documentos se ordenarán cronológicamente, según van mencionándose en el cuerpo del escrito.

(b) Si el apéndice tuviese más de un documento, irá precedido de un índice que indique la página en que aparece cada documento.

(c) El apéndice contendrá copia de todos aquellos documentos necesarios para establecer de manera fehaciente la jurisdicción del Tribunal, en los cuales deberán constar en forma legible la fecha y la hora de presentación según fueron selladas por la Secretaría del Tribunal correspondiente, y contendrá, además, constancia de la fecha de notificación del archivo en autos de copia de la notificación de la sentencia, de la resolución o de la orden.

(d) Los apéndices solo contendrán copias de documentos que formen parte de los autos del Tribunal de Primera Instancia, del Tribunal de Apelaciones, de la agencia administrativa, de la Junta de Subastas o del municipio, según sea el caso, excepto las selecciones de estatutos, reglamentos, jurisprudencia del Tribunal Supremo o de otros tribunales, o selecciones de otras autoridades que se citen en la petición, la moción o el alegato, y que por su extensión no sea conveniente reproducir dentro del cuerpo del escrito.

(e) El inciso (d) no aplicará a los casos de jurisdicción original y solicitudes en auxilio de jurisdicción. Estos podrán tener también en su apéndice las declaraciones juradas pertinentes a la petición.

(f) No será necesario incluir en apéndice alguno un documento que ya haya sido incluido en el apéndice de un escrito anterior dentro del mismo recurso u otro consolidado con él. En tal situación, al referirse a dicho documento en el escrito posterior, se hará referencia al apéndice del escrito anterior.


**Regla 35. Preparación del legajo o expediente**

(a) El legajo o expediente a que hacen referencia las Reglas 17 (apelación), 20 (*certiorari*) y 23 (certificación) consistirá de la totalidad del legajo o expediente que tuvo ante sí el Tribunal de Apelaciones, así como de todo documento que se haya presentado en el Tribunal de Apelaciones y que haya sido producido por éste. Con relación al recurso de *certiorari*, se preparará el legajo luego de expedido el auto, a menos que otra cosa disponga el Tribunal.

(b) El expediente de apelación deberá presentarse con su correspondiente índice y con una cubierta que incluya el título. El expediente no se coserá con alambre. El índice de la transcripción

de prueba contendrá los nombres de los testigos, las páginas donde aparezcan las declaraciones de cada uno de ellos y la página donde aparezca cada documento de prueba (*exhibit*).

(c) Al recibirse el expediente de apelación, será deber del Secretario o de la Secretaria de este Tribunal anotar el caso en el libro-registro correspondiente y notificar de su presentación a los abogados y las abogadas de las partes, así como al Secretario o la Secretaria del Tribunal de Apelaciones.

(d) En aquellos casos originales criminales, civiles o administrativos en los que el Tribunal de Apelaciones no haya ordenado la elevación del expediente original y este Tribunal considere que dicho expediente es necesario para la mejor disposición del recurso ante su consideración, ordenará al Tribunal de Primera Instancia la elevación del expediente. El Secretario o la Secretaria de la Sala del Tribunal de Primera Instancia que haya emitido la sentencia o resolución, o la agencia administrativa pertinente, elevarán el expediente junto con un índice y una certificación que lo identifique adecuadamente. Para ello tendrán un término de treinta (30) días a partir de la fecha de notificación de la orden emitida por este Tribunal. El Secretario o Secretaria del Tribunal Supremo notificará a las partes del recibo del expediente original.

## Regla 36. Referencias a la transcripción de evidencia

Cuando en cualquier escrito se haga referencia a los hechos del caso y exista una transcripción de la evidencia, deberá indicarse para cada referencia entre paréntesis la página o las páginas de la transcripción donde aparece el testimonio que establece los hechos en cuestión.

## Regla 37. Corrección de autos

Para corregir algún error o defecto en los autos, cualquiera de las partes puede solicitar mediante una moción que se verifique la corrección. Si hubiese causa suficiente, el Tribunal dictará una resolución para ordenar que el Secretario o la Secretaria haga la corrección de que se trate o que el funcionario que deba hacerla remita a este Tribunal una copia certificada de todos o de parte de los autos, según se le exija. Dicha certificación podrá ser presentada por cualquier parte sin que sea necesario ordenarla.

**Regla 38. Índices**

Con excepción de los índices a un apéndice, que se regirán por la Regla 34, y los índices a un legajo, los cuales se regirán por la Regla 35, los demás índices que se presenten a este Tribunal se ajustarán a las normas siguientes:

(a) Primero habrá un Índice de Materias en el cual se señalarán las páginas del escrito donde comienza cada parte. Cuando en el índice se haga referencia a las cuestiones planteadas por el recurso, se expondrá en el propio índice el texto íntegro de los respectivos planteamientos.

(b) Luego habrá un Índice Legal detallado, en el cual se indicarán, en orden alfabético, todos los casos citados en el escrito y las páginas en que estos se citan. Se ordenarán por separado los casos de Puerto Rico, los casos federales y los casos de otras jurisdicciones. Se hará otro tanto con toda la legislación citada y luego con los comentaristas, los artículos de revista y otras fuentes.


**Regla 39. Notificaciones**

(a) Excepto las peticiones en los recursos de jurisdicción original, los cuales se ajustarán a las normas dispuestas para dichos recursos, todo recurso que se presente a este Tribunal se notificará a los abogados o las abogadas de las demás partes, o a las partes mismas si no tuviesen abogado o abogada, y se hará constar el hecho de la notificación en el propio escrito que se presente al Tribunal. Cuando haya varias partes, se notificará al abogado o abogada de cada una de ellas. Se dispone, sin embargo, que cuando se trate de un recurso de *mandamus* dirigido contra un juez o una jueza en relación con un caso que está pendiente ante su consideración, el peticionario deberá notificar al juez o jueza, a las demás partes en el pleito que originó la petición de *mandamus* y al tribunal donde se encuentre pendiente el caso en conformidad con esta regla.

La notificación se efectuará por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal con acuse de recibo. La notificación a las partes se hará dentro del término jurisdiccional o de cumplimiento estricto, según sea el caso, para presentar el recurso. Cuando se efectúe por correo, se remitirá la notificación a los abogados o las abogadas de las partes a la dirección que surja del Registro Único de Abogados y Abogadas de Puerto Rico. Cuando las partes no estén representadas por un abogado o una abogada, se notificará a la dirección postal que surja

del último escrito que conste en el expediente del caso. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes y las notificaciones deberán entregarse a estos o estas, o a cualquier persona a cargo de la oficina. Si la parte o las partes no están representadas por abogado o abogada, la entrega se hará en el domicilio o la dirección de la parte o las partes, según ésta surja de los autos, a cualquier persona de edad responsable que allí se encuentre. En los casos de entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas setenta y dos (72) horas desde que se efectuó la entrega. El término aquí dispuesto será de cumplimiento estricto.

En circunstancias no previstas por esta regla, el Tribunal, a iniciativa propia o a solicitud de parte, dispondrá el método de notificación que mejor se ajuste a las circunstancias particulares del caso.

(b) Cualquier escrito posterior que se presente se notificará simultáneamente a las partes. En el escrito se certificará la forma como se haya efectuado la notificación. Esta podrá hacerse personalmente o por correo.


**Regla 40. Forma de los escritos; copias**

(a) Todos los escritos que se presenten al Tribunal y las copias de estos que se notifiquen a las partes deberán ir encabezados con el epígrafe del caso, con expresión del título y del número. Dichos escritos y todas sus copias deberán estar firmados por el abogado o la abogada, o por la propia parte si no tiene representación legal.

(b) Todo escrito que se presente a este Tribunal se hará en letra impresa del estilo *Times New Roman, Courier New* o *Arial* en tamaño 12, o su equivalente en cualquier programa de procesamiento de palabras, a doble espacio, en papel tamaño legal (81/2" x 14"), por un solo lado del papel, con un margen izquierdo no menor de 1/2" y un margen derecho no menor de 1/2". Las páginas del escrito deberán perforarse y sujetarse al centro del margen izquierdo de la página, a no menos de seis (6) pulgadas por debajo del margen superior del papel. No se utilizará alambre o metal para sujetarlas.

(c) Todo documento que forme parte de un apéndice deberá cumplir con los requisitos establecidos en el inciso (b), excepto que se

permitirá incluir fotocopias de documentos originales a espacio sencillo, siempre que dichas copias sean claramente legibles.

(d) La presentación de todo documento ante el Tribunal se hará en original y diez (10) copias, claramente legibles, que podrán ser fotocopias o de máquinas reproductoras. Sin embargo, las partes podrán presentar las copias del apéndice en forma digital. De elegir esta opción, se presentará un disco compacto (CD) por cada copia, a no ser que se requiera más de un disco compacto por cada copia. Su contenido deberá estar en formato ".pdf" (*Portable Document Format*) únicamente, por lo que no se aceptarán discos compactos cuyo contenido esté en otro formato. Además, la parte que decida presentar las copias del apéndice de forma digital, también deberá incluir una copia de su escrito –-con exclusión del apéndice-- tanto en formato ".pdf" como en formato ".doc" o .docx".(24)

Será deber del Secretario o la Secretaria velar por el estricto cumplimiento de esta disposición y, en su caso, tomar las medidas correctivas que dispone la Regla 9(d). Se hará la excepción de las diez (10) copias en los siguientes escritos, los cuales se presentarán en original y una copia:

(1) Mociones de prórroga.

(2) Mociones informativas.

(3) Mociones que certifiquen la notificación del recurso bajo la Regla 39(a).

(4) Mociones relacionadas con los cambios en la representación legal o cambios de dirección.

(5) Mociones según la Regla 33(k).

(6) Alegatos de las partes luego de expedido un recurso discrecional o de acogida la apelación.

(7) Escritos en cumplimiento de orden para mostrar causa u otra orden emitida por el Tribunal.

(8) Mociones o escritos posteriores luego de haberse notificado que el caso ha quedado sometido en sus méritos.

(9) Quejas contra abogados y abogadas.

---

(24) Esta disposición tiene el objetivo de ajustar el proceso de presentación de documentos a los avances tecnológicos. Además, promueve que las partes utilicen menos cantidad de papel, lo que redunda en un beneficio al medio ambiente.

(10) Mociones y escritos relacionados con quejas y procedimientos disciplinarios contra abogados, abogadas, notarios y notarias según la Regla 14.

(11) Transcripción de evidencia.

No obstante lo antes dispuesto, el Tribunal o la Secretaría podrán requerir que se presenten copias adicionales de cualquier escrito cuando así lo considere necesario y solicitar copias impresas de aquellos documentos presentados de forma digital.

(e) La Secretaría del tribunal apelado podrá elevar en original o en copia certificada el legajo o expediente a que se refiere la Regla 35.

(f) Cuando estas reglas dispongan el número máximo de páginas para un escrito, éste no deberá presentarse con páginas en exceso de dicho máximo. El Tribunal no concederá excepciones, salvo mediante una moción justificativa con razones específicas y no con meras generalizaciones.

(g) El Secretario o la Secretaria no aceptará ni permitirá que se presente un memorando de autoridades por separado en apoyo de un escrito. Las autoridades pertinentes deben incorporarse y discutirse siempre dentro del cuerpo de los respectivos escritos.

(h) Todos los escritos y las mociones que se presenten para el *certiorari* de acuerdo con la Regla 22 se presentarán en original y diez (10) copias.

**Regla 41. Vistas orales**

(a) Para los informes orales de los abogados y las abogadas se concederá el tiempo que a continuación se expresa:

(1) En todos los casos, excepto en las mociones, el término máximo será de una (1) hora con veinticinco (25) minutos a cada parte para el argumento principal y cinco (5) minutos a cada una para replicar.

(2) En la vista de las mociones, treinta (30) minutos: diez (10) minutos a cada parte y cinco (5) minutos a cada una para replicar.

(3) El Tribunal podrá, mediante una orden al efecto, aumentar o disminuir dichos periodos en cualquier caso.

(b) El Secretario o la Secretaria anunciarán los asuntos una vez el Tribunal entre en sesión y se despacharán según el orden establecido.

(c) Las causas podrán oírse conjuntamente a moción de cualquiera de las partes o por iniciativa del Tribunal, cuando las mismas partes comparezcan en cada causa o cuando se trate de las mismas cuestiones fundamentales, pero la concesión o denegación de una moción para la acumulación de causas quedará siempre reservada a la discreción del Tribunal.

(d) Al dirigirse al Tribunal, y mientras hagan sus informes, los abogados y las abogadas deberán permanecer de pie, a menos que por causa de enfermedad o impedimento físico, el Tribunal les conceda permiso para permanecer sentados.

(e) Las partes deben suponer que todos los Jueces y las Juezas han leído los escritos previo a la vista oral. Al dirigirse al Tribunal, el abogado o la abogada deberá argumentar cada punto en sus méritos tratando de abstenerse de leer lo que argumenta o haciendo uso de ese recurso lo menos posible. ([25]) Al hacer su informe oral, los abogados y las abogadas deberán: (1) señalar las cuestiones en controversia y (2) exponer su posición al respecto. Los abogados y las abogadas deberán limitarse a los asuntos en controversia. No deberán hacer referencia a hechos que no consten en los autos, a menos que hayan solicitado la venia del Tribunal para ello con la anticipación debida, mediante una moción escrita fundamentada y notificada a las demás partes.

 (f) No se permitirá la argumentación oral de cualquier parte que no haya presentado su posición por escrito. ([26])

**Regla 42. Sustitución de partes**

(a) Si estando pendiente un recurso ante este Tribunal alguna de las partes fallece, los herederos, las herederas o el (la) representante legal de la persona fallecida notificará al Tribunal de dicho fallecimiento dentro de un término de treinta (30) días, contados desde la fecha en que se conozca tal hecho. El Tribunal, a solicitud hecha dentro de los seis (6) meses de dicha notificación, ordenará la sustitución de la parte fallecida por la parte apropiada. Si no se hiciese la solicitud de sustitución voluntariamente, la otra parte podrá entonces solicitar que se haga constar en los autos el

---

([25]) Esta disposición se extrae, sustancialmente, de la Regla 28 del Reglamento del Tribunal Supremo federal. Véanse: Regla 28 de las Reglas del Tribunal Supremo de Estados Unidos en, http://www.supremecourt.gov/ctrules/2010RulesoftheCourt.pdf (última visita, 10 de mayo de 2011). Véase, además, Regla 34 de las Reglas Federales del Procedimiento Apelativo de la Corte de  Apelaciones para el Primer Circuito de Estados Unidos, en http://www.ca1.uscourts.gov/files/rules/rulebook.pdf (última visita, 10 de mayo de 2011).

([26]) Id.

hecho de la muerte y el pleito seguirá tramitándose en la forma que el Tribunal ordene.

(b) Cuando un funcionario público, en su capacidad oficial, sea parte de un procedimiento ante este Tribunal y fallece, renuncie o de otro modo deje de ocupar el cargo mientras el procedimiento está pendiente, el pleito no terminará y su sucesor o sucesora le sustituirá automáticamente. Los procedimientos subsiguientes a la sustitución se tramitarán a nombre de la parte sustituta, pero se obviará cualquier error en el nombre que no afecte los derechos sustanciales de las partes. La orden de sustitución podrá registrarse en cualquier momento, pero la omisión de registrarla no afectará la sustitución.

(c) Cuando un funcionario público, en su capacidad oficial, sea parte de una apelación u otro procedimiento, podrá ser designado por su título oficial en vez de por su nombre.

## Regla 43. Comparecencia como *amicus curiae*

El Tribunal, a iniciativa propia o a solicitud de cualquier parte interesada, podrá invitar o autorizar su comparecencia en cualquier caso que se ventile ante sí. A menos que el Tribunal ordene otra cosa, la petición deberá presentarse por lo menos diez (10) días antes de ser sometido el asunto para su decisión.

## Regla 44. Opiniones del Tribunal

(a) Todas las decisiones del Tribunal serán certificadas por el Secretario o la Secretaria, haciéndose constar que se tomaron por acuerdo del Tribunal. Las decisiones emitidas por una sala indicarán los Jueces o las Juezas que la compongan. La no intervención, la concurrencia con el resultado o la disidencia de alguno de los Jueces o alguna de las Juezas se hará constar siempre. La certificación del Secretario o de la Secretaria se fundará en la que haga a su vez el Juez o la Jueza ponente, en la que deberán hacer constar todos los extremos anteriores.

(b) Todas las decisiones del Tribunal que tengan opiniones (ya sean firmadas o *per curiam*) serán remitidas por el Secretario o la Secretaria al Compilador o Compiladora y Publicista de Jurisprudencia, al Colegio de Abogados y a cualquier entidad *bona fide* que lo solicite para su correspondiente publicación. El Secretario o la Secretaria numerará de manera uniforme y consecutiva las decisiones antes de enviarlas a la Oficina del Compilador o Compiladora, al Colegio de Abogados y a cualquier

entidad *bona fide* que las solicite. Excepto cuando medie una orden expresa del Tribunal, no se remitirán para publicación las sentencias que se emitan sin una opinión.

(c) La versión oficial de las opiniones emitidas por el Tribunal serán las publicadas por el Compilador o la Compiladora y Publicista de Jurisprudencia del Tribunal.

(d) En vista de que las sentencias no publicadas no estarán accesibles al público en general, se considerará impropio citar como autoridad o precedente ante cualquier foro una decisión de este Tribunal que no se haya emitido mediante opinión o que no haya sido publicada por el Colegio de Abogados o por el propio Tribunal.

**Regla 45. Mociones de reconsideración; mandatos**

(a) Diez días laborables después de la fecha en que se envió a las partes copia de la decisión del Tribunal en un caso, el Secretario o la Secretaria enviará el mandato al tribunal revisado, a no ser que se haya presentado una moción de reconsideración dentro de dicho periodo o que el Tribunal haya ordenado la retención del mandato.

(b) Toda moción de reconsideración deberá presentarse dentro del plazo jurisdiccional de diez días laborables mencionado en el inciso (a) de esta regla y no deberá exceder de diez páginas. No se aceptará un memorando de autoridades por separado ni una petición de prórroga para fundamentar una reconsideración presentada. Las citas de autoridades deberán discutirse en el cuerpo de la moción. El Secretario o la Secretaria denegará de plano cualquier solicitud de prórroga para presentar una moción de reconsideración o un escrito en apoyo de ésta. Si el Tribunal deniega la moción de reconsideración, el mandato se enviará cuatro días laborables después de la fecha cuando se envió a las partes la copia de la resolución, a menos que se haya presentado una segunda moción de reconsideración conforme a lo dispuesto en el inciso (c) de esta regla.

(c) La misma parte podrá presentar una segunda moción de reconsideración dentro del plazo jurisdiccional de tres días laborables después de la fecha en que se envió la copia de la resolución que se denegó la primera moción de reconsideración. No se permitirá una reconsideración subsiguiente. Si la segunda moción de reconsideración se deniega, el mandato se enviará al tribunal revisado el día siguiente.

(d) Si como resultado de una reconsideración el Tribunal enmienda o de alguna forma modifica su sentencia u opinión, la parte

afectada podrá presentar una moción de reconsideración dentro del plazo de diez (10) días laborables contados desde la notificación del archivo en autos de copia de la notificación de la sentencia u opinión enmendada o de la resolución que enmiende la opinión o sentencia, según sea el caso. En esa situación aplicará lo dispuesto en los demás incisos de esta regla.

(e) En cualquier caso en que una sentencia o resolución de este Tribunal pueda ser revisada por el Tribunal Supremo de Estados Unidos de América mediante un recurso de *certiorari*, podrá retenerse, a solicitud de parte, la remisión del mandato al tribunal revisado por un término razonable. Si dentro de dicho término se archiva en la Secretaría una certificación del Secretario o Secretaria del Tribunal Supremo de Estados Unidos de América, que acredite que la petición de *certiorari*, el expediente y el alegato han sido presentados ante dicho Tribunal, se retendrá el mandato hasta que recaiga una disposición final del recurso de *certiorari*. A la presentación de una copia de la orden del Tribunal Supremo de Estados Unidos de América en la que se deniega la expedición del auto, se remitirá inmediatamente el mandato al tribunal revisado. En la moción sobre retención del mandato, la parte promovente deberá señalar las cuestiones que se plantearán en el recurso de *certiorari*, con referencia a los hechos y las circunstancias pertinentes del caso.

## Regla 46. Órdenes para mostrar causa

(a) En cualquier momento luego de presentada una petición para que se expida un auto, el Tribunal podrá emitir una orden a las partes para que muestren causa por la cual no deba expedirse el auto y revocarse la sentencia o modificarse en la forma indicada en la orden.

(b) Una vez expedida dicha orden para mostrar causa, la parte que deba mostrar causa expondrá su posición dentro del término que se disponga en la orden. Los escritos presentados no excederán de veinticinco (25) páginas, con exclusión del índice y del apéndice.

(c) Expirado el plazo para contestar, el Tribunal resolverá lo que en derecho proceda:

(1) Denegará el recurso;

(2) expedirá el auto definitivo y revocará, modificará o confirmará la sentencia o resolución;

(3) ordenará que se continúe con el trámite ordinario del recurso, o

(4) dictará cualquier otra providencia u orden.

## Regla 47. Traducciones *in forma pauperis*

(a) A solicitud de cualquier litigante que sea indigente o de su abogado o abogada, y para la revisión por el Tribunal Supremo de Estados Unidos de América de una sentencia dictada por el Tribunal Supremo de Puerto Rico en un caso civil o criminal, este Tribunal, por conducto de su Secretario o Secretaria, expedirá, libres de costo alguno, unas copias certificadas traducidas al inglés de las partes del expediente que hayan sido designadas por la parte apelante conforme al Reglamento del Tribunal Supremo de Estados Unidos de América, así como cualquier contradesignación que haga la parte apelada conforme a dicho Reglamento. También expedirá, en todo caso, copia certificada de la opinión y sentencia de este Tribunal y del escrito de apelación presentado. Cuando se trate de un recurso de *certiorari* presentado al Tribunal Supremo de Estados Unidos de América, se expedirá copia certificada del expediente del caso traducido al inglés.

(b) La solicitud a ese efecto se presentará en la Secretaría del Tribunal y contendrá una exposición de hechos jurada por la parte solicitante que demuestre su estado de indigencia o su imposibilidad de sufragar el costo de las copias certificadas que necesite. Junto con la solicitud se presentarán por lo menos dos (2) declaraciones juradas de personas que conozcan la parte solicitante, haciendo constar el estado de indigencia de ésta o su imposibilidad de pagar el costo de las certificaciones solicitadas.

(c) La parte solicitante deberá notificar su solicitud y las declaraciones juradas al Procurador General si se trata de un caso criminal, o a la parte contraria si se trata de un caso civil.

Dentro de los diez (10) días siguientes, las partes así notificadas podrán presentar una oposición a la solicitud, apoyada en declaraciones juradas.

(d) El Tribunal concederá o denegará la solicitud a base de los documentos presentados o podrá, a su discreción, señalar el incidente para vista.

## Regla 48. Plazos para presentar escritos; prórrogas

(a) Cuando por mandato de este Reglamento o por orden del Tribunal un escrito deba ser presentado al Tribunal dentro de determinado periodo de tiempo o en un día determinado, el plazo vencerá a las 5:00 p.m. del día correspondiente, a menos que el

Tribunal implante mecanismos para ampliar el horario de apertura o acceso del Tribunal, en cuyo caso el término se extenderá hasta las 12:00 a.m. del día correspondiente al vencimiento del término. ([27]) La hora se determinará de acuerdo con el reloj-fechador del Tribunal.

Ningún funcionario o empleado del Tribunal, salvo órdenes expresas de éste último, está autorizado a aceptar recursos o escritos que se presenten fuera de las horas dispuestas en la Regla 9(a) o en otro lugar que no sea la Secretaría del Tribunal.

(b) Cualquier solicitud de prórroga deberá recibirse en el Tribunal no menos de tres (3) días laborables antes de expirar el plazo cuya prórroga se solicite. No se concederá ninguna moción de prórroga que no cumpla con este requisito o que solicite ampliar un término que el Tribunal haya calificado como último, improrrogable o sea jurisdiccional.

(c) El término para toda prórroga concedida comenzará a contar desde la fecha cuando venza el término cuya prórroga se solicita.

(d) Las mociones de prórroga deben fundamentarse con hechos concretos y no con meras generalizaciones. Como regla general, el exceso de trabajo del abogado o la abogada no se considerará una razón adecuada para justificar una prórroga.

**Regla 49. Sanciones**

Si el Tribunal determina que un recurso o alguna moción ante su consideración es frívola o que fue presentada para dilatar los procedimientos, al denegarlo, el Tribunal podrá imponer a la parte promovente o a su representante legal, o a ambos, además de las costas, los gastos y los honorarios de abogados, la sanción económica que estime apropiada a favor del Estado Libre Asociado de Puerto Rico, de una parte, de su representación legal o de ambos. El Tribunal podrá, además, tomar cualesquiera otras medidas que estime pertinentes y necesarias.

**Regla 50. Poder adicional de reglamentación del Tribunal**

En situaciones no previstas por este Reglamento, el Tribunal encauzará el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes.

---

([27]) La enmienda a esta regla se extrajo de la Regla 72 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B. Su objetivo es hacer viable un mecanismo análogo al del Tribunal de Apelaciones que amplíe el horario de presentación de los escritos.

Queda reservada la facultad del Tribunal para prescindir de términos, escritos o procedimientos específicos para así lograr el más justo y eficiente despacho del caso o del asunto de que se trate.

**Regla 51. Comisionado Especial** ([28])

(a) El Tribunal podrá, a iniciativa propia o a solicitud de parte, ordenar una vista evidenciaria para celebrarse ante sí o ante un Comisionado o una Comisionada Especial. Salvo que el Tribunal otra cosa disponga y en tanto ello no sea incompatible con estas reglas, las Reglas de Procedimiento Civil y de Evidencia aplicarán a toda vista de esta índole y el Secretario o la Secretaria expedirá las citaciones y otros mandamientos que requiera el Comisionado o la Comisionada Especial como si se tratara de una orden del Tribunal.

(b) El Comisionado o la Comisionada Especial resolverá los planteamientos sobre admisibilidad conforme a derecho. Terminada la presentación de la prueba, el Comisionado o la Comisionada rendirá un informe con determinaciones de hechos fundadas exclusivamente en la prueba presentada y admitida. El informe deberá presentarse al Tribunal, con copia a las partes, dentro de los treinta (30) días de terminada la presentación de la prueba. De ser necesario, el Tribunal podrá requerir el informe en un plazo más corto. Junto con el informe se remitirá toda la prueba documental y material que haya sido presentada. Aquella prueba presentada y que no haya sido admitida se identificará claramente como tal y se indicará, además, la razón por la que no fue admitida.

(c) Las partes tendrán un término simultáneo de veinte (20) días, contados desde la notificación del informe, para ofrecer sus comentarios u objeciones. Transcurrido dicho término, el Tribunal resolverá lo que en derecho proceda.

(d) Se hará una grabación de sonido de cualquier vista que se celebre ante el propio Tribunal o ante un Comisionado o Comisionada. El operador u operadora de la grabadora certificará la corrección de cualquier transcripción hecha. La transcripción sólo se hará en los casos siguientes: (1) cuando el Tribunal o el

---

([28]) Se crea esta Regla 51 para reglamentar de forma separada lo concerniente a la figura del Comisionado o Comisionada Especial. Anteriormente esto estaba regulado en la Regla 28 (Auxilios de Jurisdicción). Sin embargo, con esta enmienda se propone regular la figura del Comisionado o Comisionada Especial en una regla independiente para que se pueda utilizar en cualquier caso que el Tribunal lo estime conveniente, no solamente en instancias surgidas según la Regla 28.

Comisionado o la Comisionada así lo ordenen por considerar la transcripción indispensable para formular sus determinaciones de hechos, o (2) cuando cualquiera de las partes objete las determinaciones de hechos del Comisionado o Comisionada, y el Tribunal considere indispensable la transcripción para resolver las objeciones. De no ser posible la grabación, se tomarán notas taquigráficas de la vista, las cuales sólo se transcribirán conforme a las normas antes señaladas. No obstante lo anterior, si por cualquier razón la transcripción de la evidencia oral se tarda indebidamente, el Tribunal podrá requerirle al Comisionado o Comisionada que proceda a formular sus determinaciones de hechos sin la transcripción.

(e) Esta regla no aplica a los procedimientos dispuestos en las Reglas 14 y 15 de este Reglamento, los cuales se regirán por lo establecido allí.

## Regla 52. Informes anuales [29]

Al concluir cada año fiscal, el Secretario o la Secretaria del Tribunal Supremo publicará en la página cibernética oficial de la Rama Judicial un informe en el que se hará constar el total del número de recursos presentados y resueltos por el Tribunal. A su vez, el informe incluirá el número de recursos pendientes ante el Tribunal al inicio y al final del año fiscal correspondiente. Se deberá detallar el número de recursos presentados, resueltos y pendientes según su naturaleza; esto incluye los recursos de apelación, *certiorari*, jurisdicción original (hábeas corpus, *mandamus*, auto inhibitorio, *quo warranto*), recurso gubernativo, *injunction*, conducta profesional y certificación. El informe contendrá también el número de los recursos asignados y resueltos por cada Juez y Jueza, incluyendo las opiniones suscritas, opiniones *per curiam* y sentencias. Además, se hará constar el número de opiniones y votos disidentes, concurrentes y de conformidad, así como los votos particulares de cada Juez y Jueza.

Este informe se pondrá a la disposición de los medios de comunicación y se publicará en el portal cibernético de la Rama Judicial para el conocimiento general.

---

[29] Esta regla procura una mayor apertura del Tribunal hacia el público. En específico, pretende que las estadísticas del Tribunal sean de conocimiento público. Además, compromete a los miembros del Tribunal a rendir cuentas al Pueblo de su desempeño. De esta forma, el Pueblo podrá evaluar mejor el desempeño del Tribunal a base de la información obtenida de los informes anuales.

**Regla 53. Vigencia**

Este Reglamento entrará en vigor el 2 de enero de 2012 y aplicará a todos los procedimientos pendientes a esa fecha. Una vez este Reglamento esté en vigor, quedará derogado el Reglamento del Tribunal Supremo aprobado el 25 de abril de 1996.

Publíquese.

Lo pronunció manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta emitió un Voto Particular. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular de Conformidad y Disidente. El Juez Asociado señor Martínez Torres emitió un Voto Particular de Conformidad al cual se unen la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo, señor Rivera García, señor Feliberti Cintrón y señor Estrella Martínez.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Reglamento del Tribunal          ER-2011-05
Supremo

Voto particular emitido por la Jueza Asociada señora FIOL MATTA

En San Juan, Puerto Rico, a 22 de noviembre de 2011.

Estoy conforme con el Reglamento, según adoptado, a excepción del funcionamiento de salas de despacho establecido en la Regla 4(b).

Esta regla, según ha sido adoptada, establece que una sala de despacho podrá, por acuerdo de al menos la mitad de sus integrantes, recomendar al Pleno del Tribunal la expedición de un recurso discrecional. Sin embargo, no provee un mecanismo similar para que, cuando el recurso sea denegado por el voto mayoritario de una sala particular, el juez o jueza que quede en minoría pueda llevar el asunto a la consideración del Tribunal en su totalidad. En ese caso, la única manera en que

una parte puede lograr que la totalidad de los integrantes del Tribunal Supremo pasen juicio sobre su recurso es presentando hasta dos mociones de reconsideración, con el costo que ello conlleva a las partes y los retrasos que producen en la consideración de la controversia. Si una parte decide no presentar una reconsideración, se estaría denegando su recurso con el voto de solamente dos integrantes del Tribunal. El procedimiento adoptado no contempla la posibilidad de que la mayoría de la totalidad de los miembros del Tribunal puedan ser persuadidos de que los dos jueces que denegaron el recurso en la sala particular tomaron una decisión incorrecta. De esa forma, un recurso podría ser denegado por dos jueces aunque, posiblemente, la mayoría del Tribunal tenga un criterio en contrario. Por esa razón, no puedo avalar la aprobación de las modificaciones introducidas a esta regla.

Me preocupa, además, que el recurso a salas de despacho se convierta en el modo ordinario de trabajo del Tribunal. Entiendo que es un derecho del pueblo, una prerrogativa individual de cada juez o jueza y una obligación institucional del Tribunal en conjunto operar como una sola unidad, y no como tres tribunales pequeños. Si bien el Reglamento vigente hasta hoy reconocía la facultad del Tribunal de funcionar en salas, nunca hemos recurrido a esta práctica, después de la difícil experiencia de las salas constituidas en la década de 1960. Desde entonces, a excepción de las salas de verano que son

motivadas por el receso anual o salas especiales producto de la inhibición de algunos jueces o juezas, tomamos nuestras decisiones, incluso las de "despacho", como un solo Tribunal.

La razón para ello, que me parece evidente, es que el funcionamiento en salas para atender el trabajo corriente del Tribunal y como cuestión ordinaria, es contrario al deber institucional del Tribunal de tomar <u>todas</u> sus decisiones, ya sea expedir un caso o disponer del mismo en los méritos, con la participación de todos los jueces y juezas que lo componen. Como hemos hecho desde que abandonamos el funcionamiento en salas hace varias décadas, éstas únicamente deben emplearse en situaciones extraordinarias, ya sea para la disposición de recursos o, como se dispone en la nueva Regla 4(b), para pasar juicio sobre la expedición de un auto discrecional.


                                        Liana Fiol Matta
                                        Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In Re*:<br><br>Reglamento del Tribunal Supremo | ER-2011-05 |  |

Voto particular de conformidad y disidente de la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 22 de noviembre de 2011

> "En primer lugar, es tradición respetada que cuando un caso llega al Supremo es porque su importancia así lo amerita y porque se cree que la justicia no ha sido satisfecha en el tribunal menor. Se espera del Supremo la consideración más cuidadosa y la atención reflexiva de sus miembros. Todos ellos. Y ahí está el ajo de la cuestión. Cuando un abogado acude al Supremo en busca de justicia para su cliente y es lógico que así sea [espere que] su caso sea estudiado por todo el tribunal y no por tres de sus miembros solamente"[1]

Tras leer y analizar el nuevo Reglamento del Tribunal Supremo (2011) deseo expresar mi conformidad porque a grandes rasgos representa mayor transparencia y celeridad en algunos procesos. No obstante, debo resaltar como un desacierto la propuesta del funcionamiento de salas de despacho. De más está decir que la manera en que se dispone el modo de operar de las salas, aparte de

---

[1] LUIS RAFAEL RIVERA, LA JUSTICIA EN SUS MANOS. HISTORIA DEL TRIBUNAL SUPREMO DE PUERTO RICO 189-90 (2007)(citando a *Avance*, 10 de marzo de 1975, pp. 4-6).

contravenir al espíritu colegiado de este Tribunal, es contradictoria a la alegada necesidad para agilizar el calendario de este Tribunal, según la Resolución suscrita por cuatro jueces de esta Curia el 5 de noviembre de 2010.[2]

Como señalé en mi opinión disidente de la Resolución mencionada, tal proceder es el retorno a un pasado indeseado.[3] Además de aquellas expresiones, debo añadir que el procedimiento propuesto en la Regla 4(b) constituye un fraccionamiento y duplicidad de los trabajos de este Tribunal. Si fuera cierto que hay una intención de agilizar el calendario,[4] la manera que se dispuso para

_____

[2] In re *Solicitud para aumentar el número de jueces en el Tribunal Supremo*, 180 DPR 54 (2010).

[3] *Id.* en las págs. 134-36. *Véase también* Opinión disidente de la Jueza Asociada señora Fiol Matta. *Id.* en las págs. 104-18; Antonio García Padilla & José Julián Álvarez González, *El Tribunal Supremo de Puerto Rico: La Corte Pons*, 59 Rev. Jur. UPR 185 (1990).

[4] Me veo en la obligación de desmentir cualquier argumento que tienda a aseverar la existencia de un gran cúmulo de trabajo en este Foro, máxime cuando al 30 de junio de 2011 se encontraban ante el Tribunal tan sólo 128 casos sometidos para opinión o sentencia para ser atendidos entre los nueve jueces (a razón de aproximadamente 14 casos por juez, la cantidad más baja en los últimos ocho años fiscales). *Véase* Tabla I del Anejo. Esta cantidad (128 casos sometidos), contrasta con los 155 casos sometidos al 30 de junio de 2010 y que justificó para algunos el alza de jueces en esta Curia. En otras palabras, sólo siete jueces logramos reducir de 155 a 128 los casos sometidos. *Véase* Tablas II y III del Anejo.

En adición, es imperativo mencionar que el año fiscal 2010-2011 operó, salvo el mes de junio, con siete jueces y se terminó tan sólo con 544 casos pendientes (esto incluye casos sometidos para opinión o sentencia, casos en trámite de perfeccionamiento y casos pendientes para considerar su expedición en Pleno). Compárese esa cifra de 544 casos, con los 792 casos pendientes al 30 de junio de 2010, según se desprende de la Resolución mencionada. In re *Solicitud para aumentar el número de jueces en el Tribunal Supremo*, 180 DPR en las págs. 63-64. Nuevamente, estos números son evidencia de que en un año fiscal siete jueces logramos

trabajar en salas de despacho de no menos de tres jueces, además de desvirtuar el ordinario funcionamiento colegiado del Tribunal, representaría más trabas burocráticas a nuestra función de impartir justicia a tiempo.

La bifurcación del proceso de expedir un auto, dispuesto en la Regla 4(b), es en esencia un acicate para la demora judicial. Pretender que la decisión de expedir un auto tenga que discutirse en dos ocasiones, claramente no propende a agilizar el calendario de este Tribunal. Más aún, el que un caso, cuya expedición haya sido favorecida en la sala de despacho a principios de mes, tenga que esperar hasta el último viernes del mes para que el Pleno finalmente decida si se valida la decisión de expedir, es el equivalente de presenciar una obra del absurdo.[5]

El Voto Particular de Conformidad del Juez Asociado señor Martínez Torres parece obviar el "acto" de que en adición al procedimiento oficinesco de la Secretaría y del Panel Central antes de asignar los casos al Pleno, 30 días más de dilación resulta evidentemente "bizarro". El Voto Particular de Conformidad sostiene **sin fundamento empírico** que "[l]a experiencia de todos los años nos dice que a medida que avance el año fiscal esa demora [de casos pendientes para considerar su expedición] aumentará y para junio de 2012 será mayor". No obstante, los datos

_____

reducir 248 casos pendientes (cerca de una tercera (1/3) parte), por lo que no se justifica aquel atropellado aumento a nueve jueces. _Véase_ Tablas IV y V del Anejo.

[5] _Véase_ SAMUEL BECKETT, ESPERANDO A GODOT (1952) (los personajes actúan y dialogan repetitivamente, lo que redunda en un absurdo).

estadísticos de este Tribunal contradicen dicho argumento, puesto que durante el año fiscal 2010-2011 logramos reducir de 442 a 262 casos pendientes para considerar su expedición. *Véase* Tabla VI del Anejo. Si finalmente resultara que con el avance del año fiscal aumenta la demora de casos pendientes no considerados, entonces no sería una deficiencia institucional, sino una deficiencia subjetiva que haría vano, y por demás baladí, cualquier intento de reglamentación.

Debo aceptar que me complace que el Juez Asociado señor Martínez Torres haya reconocido en su Voto Particular de Conformidad que este Tribunal pudo reducir considerablemente el número de casos pendientes y con sólo siete jueces. Sin embargo, éste considera que el número de 544 casos "no es una cifra pequeña", por lo que era necesaria "la ampliación de la plantilla de este Tribunal". Si bien es cierto que tanto a mí como a los demás compañeros de esta Curia siempre nos ha preocupado la agilidad con que se atiende el funcionamiento de este Tribunal, ello no significa que deba coincidir con la postura del Juez Asociado Martínez Torres de aumentar la plantilla para lidiar con una carga que bien puede ser asumida con sólo siete jueces. Además, merece especial atención que ni en el voto de conformidad del Juez Asociado Martínez Torres ni en la Resolución para aumentar el número de jueces del Tribunal, 180 DPR 54 (2010), se plantea un criterio objetivo que indique la aspiración de este Tribunal en cuanto al número ideal de casos para considerar

superado el alegado cúmulo de trabajo. Solamente conocemos de expresiones vagas como *superar el atraso*, *descongestionar los calendarios*, *excesiva carga de trabajo*, entre otras. Más allá de palpar la falta de sustancia en estas expresiones, lo que denotan es la circularidad de su excusación. En fin, no podemos dejar la determinación de lo que constituyen números aceptables al arbitrio de criterios subjetivos de los que no tenemos certeza hacia qué operan.

Y suponiendo que sea cierta la necesidad de operar en salas de despacho, resulta contradictorio a la política de acceso a la justicia que sólo la expedición de un auto tenga automáticamente exposición ante el Pleno, mientras que en las denegatorias no haya tal automaticidad.[6] Esto supone que si se deniega la expedición de un auto, aun habiendo oposición de algún juez de esa sala, a la parte afectada se le habrá truncado su petición por tan sólo una tercera parte de la composición de este Tribunal. Si se diera la circunstancia de que esa parte afectada solicita reconsideración, conforme a la Regla 4(b) otra sala distinta tendría que atender esa moción y si se presenta una moción de reconsideración subsiguiente, otra sala distinta a las primeras dos atendería ese asunto. Debido a que en caso de reconsideración cada sala vería el asunto

---

[6] De la Regla 4(b) se desprende que cuando en una sala se deniegue la expedición de un auto, el **único remedio** disponible para la parte perjudicada será la presentación de una moción de reconsideración. Esto, evidentemente, incrementa los costos de litigación de la parte, lo que redunda en otra limitación más al acceso a la justicia.

por primera vez, el tiempo en que se tarde cada sala en conocer el expediente y llegar a una decisión, irónicamente ampliará la supuesta tardanza que con tanta vehemencia se quiere combatir. Como se puede observar, esto abona a nuestra posición de que la división en salas, como está propuesto, bifurca, repite, atrasa, fracciona, duplica y pone más trabas a nuestro quehacer adjudicativo.

Por consiguiente, sería más beneficioso, en aras del acceso a la justicia, proveer a las denegatorias del procedimiento dispuesto para las expediciones; así cualquier denegatoria se discutiría automáticamente en el Pleno. Sin embargo, debido a la facultad discrecional de expedir autos de este Tribunal, es harto sabido que todos los años se deniega más de lo que se expide.[7] Ergo, permitir que se vean en Pleno todas las denegatorias junto con las expediciones, provocaría que el Pleno vuelva a ver el 100% de los casos presentados ante este Tribunal. Al final, habrá sido en vano la primera etapa burocrática de división en salas, cuando el Pleno lo pudo atender todo desde un principio, como lo hace en la actualidad.

La solución a esto es diáfanamente sencilla: descartar el modo de funcionamiento de salas propuesto en la Regla 4(b) para que no sea el propio Tribunal quien en su proceder dilate más los procedimientos con remedios

---

[7] De un total de 1,367 casos presentados ante este Tribunal durante el año fiscal 2010-2011, se expidió el 7.61% (104 casos) y se denegó el 92.39% (1,263 casos). SECRETARÍA DEL TRIBUNAL SUPREMO DE PUERTO RICO, DISPOSICIÓN DE AUTOS EXPEDIDOS Y DENEGADOS, AÑO FISCAL 2010-2011.

burocráticos, salvaguardando así el espíritu colegiado de esta Curia en **todos** los procesos ordinarios.[8]


Anabelle Rodríguez Rodríguez
Juez Asociada

---

[8] Es necesario hacer la distinción que las salas de verano, por constituirse fuera del término ordinario de sesiones de octubre a junio, se exceptúan al procedimiento habitual del Tribunal durante su término de sesiones.

**ANEJO**

**Tabla I**

**CASOS PENDIENTES POR CATEGORÍA:**
**PROMEDIO DE CASOS SOMETIDOS POR JUEZ**
Años fiscales 2003-2004 a 2010-2011 y
comparación con inicio del presente año fiscal

| Año fiscal | Sometidos al cierre del año fiscal | Número de jueces[*] | Promedio de casos sometidos por cada juez |
|---|---|---|---|
| 2003-2004 | 140 | 7[**] | 20 |
| 2004-2005 | 136 | 7[**] | 19 |
| 2005-2006 | 121 | 6 | 20 |
| 2006-2007 | 143 | 6 | 24 |
| 2007-2008 | 161 | 5[***] | 32 |
| 2008-2009 | 135 | 4[****] | 34 |
| 2009-2010 | 155 | 7 | 22 |
| 2010-2011 | 128 | 7[*****] | 18 |

| Año fiscal | Sometidos al comienzo del año fiscal | Número de jueces | Promedio de casos sometidos por cada juez |
|---|---|---|---|
| Presente | 128 | 9 | 14 |

[*] La columna se refiere al número de jueces que constituyeron el Tribunal por la mayor parte del año fiscal.

[**] Durante estos años se retiró el Juez Andreu García y la Jueza Naveira Merly y fueron nombradas la Jueza Fiol Matta y la Juez Rodríguez Rodríguez por lo que por períodos cortos el Tribunal funcionó con 6 jueces. El número se redujo definitivamente a 6 a partir del abril de 2005 con el retiro del Juez Corrada del Río.

[***] El número de jueces se redujo a 5 a partir del 3 de diciembre de 2007 con el deceso del Juez Fuster Berlingeri.

[****] El número de jueces se redujo a 4 con el retiro del Juez Rebollo López el 31 de julio de 2008. El 10 de marzo 2009 tomaron posesión del cargo los Jueces Martínez Torres, Kolthoff Caraballo y Pabón Charneco.

[*****] El Juez Rivera Pérez renunció a su cargo efectivo el 31 de julio de 2010. En septiembre de 2010 el Juez Rivera García tomó posesión de su cargo. Por su parte, el 25 de mayo de 2011 tomaron posesión de sus cargos los Jueces Feliberti Cintrón y Estrella Martínez, por lo que el número de jueces aumentó a 9 a partir de dicha fecha.

**Tabla II**

**Distribución de casos sometidos**

**Años fiscales 2009-2010 y 2010-2011**



**Tabla III**

**Desglose mensual de casos sometidos**

**Año fiscal 2010-2011**



**Tabla IV**



**Casos pendientes**

**Años fiscales 2009-2010 y 2010-2011**

<-- Núm. de casos pendientes que
sirvió para justificar el aumento

<-- Cifra a la cual se redujo
el núm. de casos pendientes
sin necesidad de los nuevos jueces

**Tabla V**




**Desglose mensual de casos pendientes**

**Año fiscal 2010-2011**

`Tabla VI`

**Casos pendientes para considerar su expedición**

**Años fiscales 2009-2010 y 2010-2011**



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Reglamento del Tribunal         ER-2011-05
Supremo

Voto particular de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES, al cual se unen la Jueza Asociada señora PABÓN CHARNECO, el Juez Asociado señor KOLTHOFF CARABALLO, el Juez Asociado señor RIVERA GARCÍA, el Juez Asociado señor FELIBERTI CINTRÓN y el Juez Asociado señor ESTRELLA MARTÍNEZ

En San Juan, Puerto Rico, a 22 de noviembre de 2011.

El Reglamento que aprobamos hoy contiene varios cambios dirigidos a hacer el funcionamiento de este Tribunal más transparente, ágil y accesible. Entre esos cambios se destacan:

- Se revisa y refuerza el mecanismo de dividir el Tribunal en salas, que contempla el Art. V, Sec. 4 de la Constitución de Puerto Rico, 1 L.P.R.A. Nuestro funcionamiento regular es que el pleno del Tribunal considera los recursos ante nuestra consideración. La Constitución establece que este Tribunal puede dividirse en salas para evitar atrasos en la consideración de los casos. Según se regula ahora, las salas

contribuirán a poner nuestro calendario judicial al día en un plazo acelerado y corto. Ahora bien, para no repetir los errores del pasado y proteger la uniformidad del Derecho que nos corresponde pautar por mandato constitucional, será el Tribunal en pleno y no las salas el que decida en cuáles recursos se expedirá un auto discrecional y el que emita nuestras Opiniones.

- Un calendario judicial al día permitirá que el Tribunal le dé una consideración más detenida y concienzuda a cada recurso. Además, permitirá la celebración de más vistas orales, algo que hasta ahora se ha sacrificado por la carga de trabajo que tiene el Tribunal. Las vistas orales son un mecanismo valioso para la deliberación colegiada en todo foro apelativo. Por eso, el nuevo Reglamento enfatiza y revisa el procedimiento para que el Tribunal pueda celebrar más vistas orales en casos meritorios. Ese es un reclamo que la comunidad ha hecho por décadas.

- Se aclaran las reglas referentes a los requisitos de forma de los recursos y sus apéndices. Hasta ahora, este asunto ha sido objeto de confusión entre los litigantes.

- Entre esos cambios se fija en 25 el límite de páginas de los recursos. Ese límite no había cambiado por décadas, a pesar de la clara necesidad de aumentarlo para relatar los procesos adicionales que ocurren en cada caso después

de la creación de un tribunal apelativo intermedio. De hecho, en ese foro el límite reglamentario ya es de 25 páginas. Con este cambio se reducen las instancias en que el Tribunal tiene que autorizar el exceso del límite reglamentario de páginas.

- Además, por primera vez se permite la presentación de copias digitales del apéndice de los recursos. Esto sirve de balance al aumento de páginas de los recursos y, como resultado, abarata los costos que las partes tienen que incurrir para litigar en este Tribunal. También protege el ambiente, al reducir el uso y almacenamiento de papel. Este es un primer paso en la tan necesaria digitalización de los procesos en nuestro sistema judicial.

He dado mi voto de conformidad al nuevo Reglamento de este Tribunal porque este es fruto del trabajo colegiado de **todos** los integrantes de este Foro, dirigido a agilizar nuestra tarea judicial y atender los recursos de una manera eficiente y concienzuda. Me conforta que la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ —quien participó y aportó en el proceso de aprobación del nuevo Reglamento— reconozca que este representa "mayor transparencia y celeridad." Me satisface también que reconozca la laboriosidad de los miembros de este Tribunal, que a pesar de las limitaciones que nuestro funcionamiento actual impone, logró reducir de 792 a 544 el número de recursos pendientes en un año. Esto contrasta con manifestaciones malsanas de personas ajenas a esta Curia que cuestionaron el compromiso de trabajo de

los miembros de este Tribunal. Otro punto que merece destacarse es que la disidencia reconoce que con una plantilla de siete Jueces en lugar de cuatro este Tribunal redujo también a 128 el total de recursos sometidos al Pleno para decidirse en los méritos al 30 de junio de este año. Sin duda, esos números mejorarán aún más con la integración de los dos nuevos miembros del Tribunal durante todo el año. Es anticipable que si se mantiene ese ritmo de trabajo, el Tribunal con nueve integrantes resuelva más casos en los méritos que lo que resolvió con dos Jueces menos. Sin embargo, este progreso cuantificable no descarta la necesidad imperiosa de aprobar un nuevo Reglamento.

En primer lugar, es claro que tenemos que atender en nuestro Reglamento el funcionamiento en salas. El Art. V, Sec. 4 de la Constitución de Puerto Rico, 1 L.P.R.A., según fue enmendado en 1960, dispone que "[e]l Tribunal Supremo funcionará, bajo reglas de su propia adopción, en pleno o dividido en salas compuestas de no menos de tres jueces". Así pues, estamos obligados a atender ese asunto en nuestro Reglamento. Si la disidencia entiende que el funcionamiento en salas "desvirtúa" nuestro funcionamiento como foro colegiado o impone "trabas burocráticas" a nuestra función judicial, o es "contrario al deber institucional del Tribunal," como señala la Jueza Asociada señora FIOL MATTA en su Voto particular, su discrepancia no es con nuestro Reglamento sino con la

enmienda de 1960 a la Constitución de Puerto Rico. Su crítica al respecto llegó 51 años tarde.

En segundo lugar, el argumento de que el funcionamiento de este Tribunal en salas contribuirá a la demora judicial ha sido rechazado por los expertos en el tema. Como señalamos en *In re* Solicitud Aumentar Núm. Jueces TS, 180 D.P.R. 54, 76 (2010):

> La enmienda constitucional de 1960 nos brinda otra herramienta para atender el problema de la demora judicial. Como tal, debe ser empleada para atajar el problema que hoy nos ocupa. Como señaló la Escuela de Administración Pública de la Universidad de Puerto Rico en su informe a la Asamblea Constituyente, el trabajo de este Tribunal
>
>> …es tan complejo que la capacidad para trabajar en secciones ayudaría a acelerar el despacho de los asuntos; y al mismo tiempo a disminuir notablemente la posibilidad de que se dicten decisiones por un solo juez. Una corte sobrecargada tiende a delegar la redacción de opiniones en un solo miembro, y los otros, por lo tanto, concurren pasivamente, a menos que haya una profunda diferencia de criterio. Escuela de Administración Pública de la Universidad de Puerto Rico, *La nueva constitución de Puerto Rico: informes a la Convención Constituyente*, San Juan, Ediciones de la U.P.R., 1954, pág. 467.

Contrario a la impresión expuesta en el Voto particular de conformidad y disidente de la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ,

> " '[e]l funcionamiento del Tribunal en salas, en unión a las otras reformas efectuadas a partir del 1958 [como la composición de nueve jueces], permitió finalmente la descongestión del calendario". Comité para el Estudio y la Evaluación del Sistema Judicial,... [*Informe al Tribunal Supremo de Puerto Rico*, abril de 1965, Parte I] , pág. 4. Eso es un hecho verificable

que no puede ser borrado de nuestra historia por otras consideraciones ajenas a la consecución del bienestar de nuestro sistema judicial". *In re* Solicitud Aumentar Núm. Jueces TS, supra.

Con la aprobación del nuevo Reglamento tendremos las herramientas necesarias para reimplantar aquellas estrategias que dieron resultado en el pasado y poner en vigor estrategias nuevas según lo aconseje la experiencia, con el propósito de agilizar y profundizar en la tarea de impartir justicia.

Es indudable que la existencia de 544 casos pendientes al comenzar este año fiscal es una mejoría en comparación con el pasado pero demuestra que la congestión en el calendario de este Tribunal es real; 544 casos pendientes no es una cifra pequeña. Demuestra que la ampliación de la plantilla de este Tribunal era útil y necesaria.

"La dilación en la emisión de una decisión judicial es... contraria al concepto mismo de justicia". F. Hernández Denton, La administración eficiente de la justicia, 77 Rev. Jur. U.P.R. 915, 917 (2008). El progreso logrado este año no está en duda; la posible división en salas de este Tribunal responde a la necesidad de agilizar el proceso para poner este Tribunal al día en el menor lapso de tiempo posible. **Para quien comparece ante nosotros la congestión en nuestro calendario es un problema apremiante cuya solución no es resignarnos y albergar la esperanza de que al ritmo de**

**trabajo actual la congestión se elimine por inercia algún día.**

En tercer lugar, el nuevo Reglamento garantizará que sea el Tribunal en pleno y no una sala la que decida si se expide un auto discrecional. Las salas dispondrán de los recursos que a su juicio no ameriten la consideración detenida del Tribunal y le recomendarán al pleno expedir el auto en los casos que consideren meritorios. En los demás recursos denegados, se dispone que cada moción de reconsideración se refiera a una sala distinta, de manera que se garantice que al final del proceso todos los integrantes del Tribunal habrán considerado el recurso. Véase, Regla 4 del nuevo Reglamento.

Además, si cualquier Juez considera que el Pleno del Tribunal debe atender un recurso, puede referirlo al Pleno. Si la mayoría lo acepta, puede acoger la recomendación, atender el recurso en una reunión extraordinaria, que convocará la mayoría del Tribunal o el Juez Presidente. Regla 6(b). Así pues, el Reglamento <u>sí</u> "contempla la posibilidad de que la mayoría <u>de la totalidad</u> de los miembros del Tribunal puedan ser persuadidos de que los jueces que denegaron el recurso en la sala particular tomaron una decisión incorrecta", contrario a lo que aduce la Juez Asociada señora FIOL MATTA en su Voto Particular. (Énfasis en el original.)

El mecanismo adoptado en el nuevo Reglamento -que no hemos implantado todavía pero que la disidencia rechaza de antemano- **busca garantizar que sea todo el Tribunal y**

**no una fracción de sus integrantes quienes ejerzan la función de pautar el Derecho en esta jurisdicción. Salvaguarda precisamente el funcionamiento colegiado del Tribunal para el que la disidencia reclama protección.** No hay duda de que decidir cuál caso aceptar y cuál no es parte fundamental de esa tarea.

En fin, atendemos así la crítica al funcionamiento en salas en el pasado que funcionaban como tribunales independientes entre sí. "Aunque indudablemente ayuda[ban] a agilizar el proceso decisorio lo... [hacían] a costas de la uniformidad del Derecho". A. Negrón García, <u>Práctica apelativa: aspectos constitucionales, legales y reglamentarios</u>, 42 Rev. Jur. U.I.P.R. 1, 10 (2007). Como adelantamos en *In re* Solicitud Aumentar Núm. Jueces TS, <u>supra</u>, págs. 77-78 (escolio omitido):

> Para evitar repetir los errores del pasado, debemos evitar que las decisiones de una sala de este Tribunal sienten precedente. El error en la década de los 60 fue ese y no la división del Tribunal en tres salas de tres Jueces. Nuestro Reglamento deberá prescribir las normas que aseguren la uniformidad de nuestras decisiones.

Por eso me parece otro acto más de la "obra del absurdo" quejarse de que bajo el funcionamiento en salas que dispone el nuevo Reglamento ̶haya "que esperar hasta el último viernes del mes para que el Pleno finalmente decida si se valida la decisión de expedir..." que recomendó una sala. Al presente un recurso languidece en nuestra Secretaría por casi cinco meses en espera de que el Tribunal en pleno lo atienda. La experiencia de todos

los años nos dice que a medida que avance el año fiscal esa demora aumentará y para junio de 2012 será mayor. Solamente en un mundo bizarro una espera de 30 días es peor que una demora de cinco meses.

En su disidencia, la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ rechaza la división en salas porque su efectividad no se ha demostrado de forma empírica. Esa opinión demuestra que "[c]on demasiada frecuencia nos aferramos a los clichés de nuestros antepasados. Sometemos todos los datos a un conjunto prefabricado de interpretaciones". Discurso del Presidente John F. Kennedy en la ceremonia de graduación de la Universidad de Yale, pronunciado el 11 de junio de 1962, <u>Public Papers of the Presidents of the United States</u>, 1962, pág. 234 (traducción nuestra).[1] Aunque me parece obvio que es imposible documentar lo que no ha sucedido todavía, debo destacar que el mecanismo que contiene el nuevo Reglamento se fundamenta en la experiencia de las salas en cuanto al manejo más eficiente del calendario judicial sin cometer los errores del pasado que afectaron la uniformidad de la norma al permitir que cada sala expidiera y sentara precedentes judiciales.

Con la retórica a la que nos tiene acostumbrados, la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ rechaza ese fundamento empírico. Tiene todo el derecho a expresarlo

---

[1] "Too often we hold fast to the clichés of our forebears. We subject all facts to a prefabricated set of interpretations."

como le plazca. En cambio, prefiero ejercer el temperamento judicial que se espera de todos los Jueces. Mi Norte es y será colaborar para lograr una administración judicial más eficiente sin menospreciar el prestigio de mis compañeras y compañeros Jueces. Canon 6 de Ética Judicial, 4 L.P.R.A. Ap. IV-B.

El Reglamento que hoy adoptamos y que regirá a partir del año natural 2012 nos provee los mecanismos necesarios para operar de una manera más transparente y eficiente, sin sacrificar la uniformidad de nuestros precedentes. Nos permitirá aprovechar la presencia de nueve Jueces para agilizar la consideración de los recursos y poner nuestro calendario al día a un ritmo de trabajo acelerado pero concienzudo. **A su vez, garantiza que la decisión de atender un recurso sea el producto de la deliberación colegiada entre todos los miembros del Tribunal y no de unos pocos reunidos en una sala.** Esa práctica ineficiente y criticada ocurre hoy durante el receso de verano y debemos desterrarla como rémora del pasado.

Con el Reglamento que aprobamos hoy podremos dedicarle la consideración debida a los recursos que ameriten nuestra intervención, sin que la congestión del calendario sea una consideración al expedir o denegar la expedición de un auto discrecional. **Además, todos los integrantes de este Tribunal tendremos el tiempo necesario para estudiar con detenimiento los planteamientos de las partes y el Derecho aplicable, no solo mediante el estudio de los alegatos sino también**

**mediante la celebración de un número mayor de vistas orales.** Esa es otra práctica que contribuye a hacer justicia pero que se ha sacrificado hasta ahora por consideraciones de eficiencia ante un calendario judicial abultado.

La solución al problema de demora en este Foro es aprovechar al máximo las herramientas que la Constitución nos da. "[N]o hay duda de que el Tribunal en pleno tiene mucho que aportar a la modernización del sistema y al ajuste de sistemas y procedimientos, mediante su extenso poder de reglamentación y de [emitir] decisiones cónsonas con los objetivos mayores del sistema". <u>Juramentación Juez Asoc. Rodríguez Rodríguez</u>, 162 D.P.R. XCIII, CX (2004). Descartarlo todo y colocar una retranca al cambio no es la solución.


                              RAFAEL L. MARTÍNEZ TORRES
                                   Juez Asociado